# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **Droplets, Inc.,** § | |
| § | |
| **Plaintiff,** § | |
| § | Civil Action No. 2:11-cv-392 |
| vs. § | |
| § | |
| **Amazon.com, Inc.,** § | **JURY TRIAL** |
| **Apple, Inc.** § | |
| **Google Inc.,** § | |
| **Facebook, Inc.,** § | |
| **Yahoo! Inc., and** § | |
| **YouTube, LLC** § | |
| § | |
| **Defendants.** § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Droplets, Inc. ("Droplets" or "Plaintiff") files this First Amended Complaint for patent infringement against Defendants Amazon.com, Inc. ("Amazon"), Apple, Inc. ("Apple"), Google Inc. ("Google"), Facebook, Inc. ("Facebook"), Yahoo! Inc. ("Yahoo") and YouTube, LLC ("YouTube") (collectively "Defendants"), and alleges as follows:

1

## I. PARTIES

1. Plaintiff Droplets is a corporation organized and existing under the laws of Delaware, with its principal place of business at 555 Republic Dr., Ste. 311, Plano, TX 75074. Droplets is an innovative software development corporation focused on technology for developing and delivering highly functional and scalable applications over the Internet. As a result of this leading-edge development, Droplets has received patents on its platform, which includes deployment of rich internet applications and related technology. Droplets has sold products based on its technology to Global 1000 enterprises, U.S. armed services, independent software vendors, and application service providers.

2. Upon information and belief, Amazon is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144. Amazon may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

3. Upon information and belief, Apple is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083. Apple may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4. Upon information and belief, Google is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

Google may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

5. Upon information and belief, Facebook, Inc. is a Delaware corporation, with its principal place of business at 156 University Avenue, Palo Alto, California 94301. Facebook may be served with process by serving its registered agent, Corporation Service Company at 211 East Seventh Street, Suite 620, Austin, Texas 78701-3218.

6. Upon information and belief, Yahoo is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 701 1st Avenue, Sunnyvale, California 94089. Yahoo may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017-3407.

7. Upon information and belief, YouTube, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351. YouTube, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive Suite 100, Sacramento, CA 95833.

## II. JURISDICTION AND VENUE

8. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 7 as though fully set forth in their entirety.

9. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

11. On information and belief, Amazon directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.amazon.com website and/or other Amazon owned/controlled websites.

12. On information and belief, Apple directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.apple.com website and/or other Apple owned/controlled websites.

13. On information and belief, Google directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.google.com website and/or other Google owned/controlled websites.

14. On information and belief, Facebook directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.facebook.com website and/or other Facebook owned/controlled websites.

15. On information and belief, Yahoo directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.yahoo.com website and/or other Yahoo owned/controlled websites.

16. On information and belief, YouTube directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the Eastern District of Texas that infringe the patents-in-suit through its www.youtube.com website and/or other YouTube owned/controlled websites.

17. Venue is appropriate in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c), 1400(b), and 1404.

### III. PATENT INFRINGEMENT

18. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 17 as though fully set forth in their entirety.

19. United States Patent No. 6,687,745 ("the '745 Patent") entitled "System and method for delivering a graphical user interface of remote applications over a thin bandwidth connection," was duly and legally issued by the United States Patent and Trademark Office on February 3, 2004 after full and fair examination. An *inter partes* reexamination of the '745 Patent was filed on August 3, 2007. On March 1, 2011, the United States Patent Office duly and

legally issued an *Inter Partes* Reexamination Certificate No. 6,687,745 C1 confirming the patentability of all claims of the '745 Patent and adding claims 27-104 determined to be patentable. Droplets is the assignee of all rights, title, and interest in the '745 Patent, including the right to recover damages for past infringement. A copy of the '745 Patent is attached as Exhibit A to this Complaint.

20. United States Patent No. 7,502,838 ("the '838 Patent") entitled "System and method for delivering remotely stored applications and information," was duly and legally issued by the United States Patent and Trademark Office on March 10, 2009 after full and fair examination. Droplets is the assignee of all rights, title, and interest in the '838 patent, including the right to recover damages for past infringement. A copy of the '838 Patent is attached as Exhibit B to this Complaint.

21. Together the '745 Patent and the '838 Patent comprise the "patents-in-suit."

22. Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Amazon that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.amazon.com and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

23. Amazon indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Amazon has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Amazon indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said applications, software, and computer equipment.

24. Apple has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Apple that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.apple.com, http://trailers.apple.com, iTunes, and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

25. Apple indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Apple has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Apple indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory

infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Apple contributes to the direct infringement of users of said applications, software, and computer equipment.

26. Facebook has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Facebook that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.facebook.com, and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

27. Facebook indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Facebook has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Facebook indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Facebook contributes to the direct infringement of users of said applications, software, and computer equipment.

28. Yahoo has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the

'838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Yahoo that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.yahoo.com, http://mail.yahoo.com, http://maps.yahoo.com, and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

29. Yahoo indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). Yahoo has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. Yahoo indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, Yahoo contributes to the direct infringement of users of said applications, software, and computer equipment.

30. YouTube has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '745 Patent and/or the '838 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of YouTube that transmit

and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.youtube.com and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

31. YouTube indirectly infringes one or more claims of the '745 Patent or the '838 Patent by inducement under 35 U.S.C. § 271(b). YouTube has induced and continues to induce users of the accused web applications, software, and computer equipment identified above to directly infringe one or more claims of the '745 Patent and/or the '838 Patent. YouTube indirectly infringes one or more claims of the '745 Patent and/or the '838 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the accused web applications, software, and computer equipment identified above, YouTube contributes to the direct infringement of users of said applications, software, and computer equipment.

32. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '745 Patent, Droplets has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

33. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '838 Patent, Droplets has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

34. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '745 Patent, Droplets has

suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

35. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '838 Patent, Droplets has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

36. In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Droplets for which there is no adequate remedy at law, and for which Droplets is entitled to injunctive relief under 35 U.S.C. § 283.

## IV. PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '745 Patent;

B. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '838 Patent;

C. A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '745 Patent;

D. A judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '838 Patent;

E. A judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

F. An award of all costs of this action;

G. Pre-judgment and post-judgment interest to the maximum rate allowed by law;

H. A declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Plaintiff's attorneys' fees;

I. In the alternative, in the event injunctive relief is not granted as requested by Droplets, an award of a compulsory future royalty; and

J. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

DATED: September 11, 2011                                    Respectfully submitted,

                                                       **MCKOOL SMITH, P.C.**
/s/  Theodore Stevenson, III
Theodore Stevenson, III
LEAD ATTORNEY
Texas State Bar No. 19196650
tstevensom@mckoolsmith.com
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4974
Fax: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Tel: (903) 923-9000
Fax: (903) 923-9095

Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
MCKOOL SMITH, P.C.
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Tel: (512) 692-8700
Fax: (512) 692-8744

Brandon M. Jordan
Virginia State Bar No. 75054
bjordan@mckoolsmith.com
MCKOOL SMITH, P.C.
1999 K Street, N.W., Suite 600
Washington, DC  20006
Tel: (202) 370-8387
Fax: (202) 370-8344

James A. Holmes
Texas State Bar No.  00784290
The Law Office of James Holmes, P.C.

212 South Marshall
Henderson, TX 75654
903.657.2800
903.657.2855 (facsimile)
jh@jamesholmeslaw.com

**ATTORNEYS FOR PLAINTIFF
DROPLETS, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on Sunday, September 11, 2011. Local Rule CV-5(a)(3)(A).

/s/ Theodore Stevenson, III
Theodore Stevenson, III