JEFFREY G. HOMRIG (Bar No. 215890)
jhomrig@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Tel: (650) 453-5170; Fax: (650) 453-5171

DAVID J. BALL, JR. *(pro hac vice)*
dball@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7352; Fax: (202) 204-7352

ERIN A. WIGGINS *(pro hac vice)*
ewiggins@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000; Fax: (212) 757-3990

JENNIFER HALTOM DOAN *(pro hac vice)*
jdoan@haltomdoan.com
SHAWN LATCHFORD *(pro hac vice)*
slatchford@haltomdoan.com
JOSHUA THANE *(pro hac vice)*
jthane@haltomdoan.com
HALTOM & DOAN
6500 N. Summerhill Road, Suite 100
Texarkana, TX 75503-6227
Tel: (903) 255-1000; Fax: (903) 255-0800

Attorneys for Defendant YAHOO! INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DROPLETS, INC., <br><br> Plaintiff, <br> v. <br> AMAZON.COM, INC., et al., <br><br> Defendants. | Case No. C 12-03733-EJD <br><br> **YAHOO!'S MOTION TO COMPEL AMENDED INFRINGEMENT CONTENTIONS TO COMPLY WITH PATENT RULE 3-1** <br><br> Date: February 15, 2013 <br> Time: 9:00 A.M. <br> Judge: Hon.. Edward J. Davila |

**TABLE OF CONTENTS**

Page(s)

I. ISSUE TO BE DECIDED – CIVIL L.R. 7-4(a)(3) ................................................................. 1

II. INTRODUCTION ................................................................................................................ 1

III. BACKGROUND .................................................................................................................. 2

    A. Droplets' Generic Cut-and-Paste Approach Allows Droplets to Manufacture Massive Charts Without Providing any Notice ....................................... 3

    B. Droplets' Approach Does Not Satisfy Patent L.R. 3-1 ................................................. 5

IV. LEGAL STANDARD ........................................................................................................... 8

V. ARGUMENT ........................................................................................................................ 9

    C. Patent Rule 3-1 Requires Plaintiffs To Identify Specifically Where Each Claim Element of Each Asserted Claim Is Located ............................................. 9

        1. Droplets Did Not Specifically Link the Cited Evidence to the Claim Limitations ................................................................................................ 9

        2. Droplets' Cut-And-Paste Approach Compounds Droplets' Failure to Specifically Identify Claim Limitations ............................................... 11

        3. Droplets' Claim Charts Are Incomplete ............................................................... 12

    D. Droplets' Deficient Infringement Contentions Prejudice Yahoo! .............................. 13

VI. CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bender v. Infineon Techs. N. Am. Corp.*,
    2010 U.S. Dist. LEXIS 24193 (N.D. Cal. March 16, 2010) ................................... 8, 10, 11, 12

*Droplets, Inc. v. Amazon.com, Inc., et al.*,
    Case Number CV12-03733-EJD ............................................................................................. 3

*Droplets v. e\*trade Financial Corp., et al.*,
    No. 1:12-cv-02326-CM (S.D.N.Y. May 25, 2012) ................................................................. 2

*Network Caching Tech., LLC v. Novel, Inc.*,
    No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098 (N.D. Cal. August 12, 2002) ......... 9, 10

*Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*,
    No. C-11-04100, 2012 U.S. Dist. LEXIS 52486 (N.D. Cal. Apr. 13, 2012) ........................ 8, 9

**OTHER AUTHORITIES**

FED. R. CIV. P. 11 ........................................................................................................................... 9

L.R. 3-1 ................................................................................................................................. passim

L.R. 3-1 and 3-2 ............................................................................................................................ 3

**NOTICE OF MOTION AND MOTION – L.R. 7-2(b)(2) and (3)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Yahoo! Inc. ("Yahoo!") will and hereby does move the Court, pursuant to Civil L.R. 7 and Patent L.R. 3-1, for an order granting Yahoo!'s Motion to Compel Amended Infringement Contentions with the issues to be heard by the Court on February 15, 2012 at 9 a.m. or at whatever other time ordered by the Court. Yahoo!'s Motion respectfully requests that the Court compel Droplets, Inc. ("Droplets") to amend its infringement contentions because Droplets fails to comply with the Patent Local Rule ("Patent L.R.") requirements. Further, the Motion requests that the Court order Droplets to provide infringement contentions that do comply with Patent L.R. 3-1, allow Yahoo! to supplement its invalidity contentions, and stay all discovery until Droplets has complied. In the alternative, should Droplets fail to comply with Patent L.R. 3-1, Yahoo! respectfully requests this Court strike Droplets' Infringement Contentions. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey G. Homrig, and the proposed order submitted herewith, all papers and pleadings on file in this action, such other evidence and argument as may be presented at or before any hearing on this motion, and all matters of which the Court may take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  ISSUE TO BE DECIDED – CIVIL L.R. 7-4(A)(3)**

Whether the Court should compel Droplets to amend its infringement contentions to provide the information required by Patent Local Rule 3-1.

**II.  INTRODUCTION**

Droplets' Infringement Contentions against Yahoo! are insufficient under Patent L.R. 3-1 because (1) they fail to identify specifically where in the accused products Droplets contends each of the claim limitations is found, and (2) for each element they set forth a boilerplate recitation of claim language followed by volumes of cut-and-pasted generic images and text. Indeed, the volume and repetition is extreme: the infringement contentions against Yahoo! alone identify 137

asserted claims[1] and total over fifty five thousand (55,000) pages. But, despite their heft, the contentions lack any genuine explanation of Droplets' infringement theories.

Any glimmer of those theories that might be discerned from the cited evidence is obscured by the massive volume of repetitive and seemingly indiscriminate images and text cut-and-pasted from one claim limitation to the next. Specifically, Droplets copied massive quantities of HTML code, JavaScript, and screenshots into claim charts for each of the limitations of the claims, using the same screenshots, HTML code, and JavaScript for many or all of the limitations in each of the 137 asserted claims. This makes it impossible to ascertain the alleged relevance of a piece of evidence to individual claim limitations or the specific theories of infringement that Droplets intends to pursue in this case.

The claim language itself compounds this problem because the claims use, without any clarification, generic terms that are similar to each other. For example, claim 1 of U.S. Patent No. 6,687,745 recites limitations: "first information," "second information," "third information," "fourth information," and "interactive link." Because the claims use such repetitive and indistinct language, Droplets' failure to identify where, specifically, in Yahoo!'s products the limitations are allegedly found is especially prejudicial.

In sum, Droplets fails to provide a genuine and meaningful disclosure of its infringement theories and the specific evidence that it contends support them. This undermines both the spirit and letter of Patent L.R. 3-1 and prejudices Yahoo!'s ability to defend itself against these shrouded claims. Accordingly, Yahoo! respectfully requests that the Court order Droplets to comply with Patent L.R. 3-1; allow Yahoo! to amend its invalidity contentions after Droplets complies with Patent L.R. 3-1; and stay all discovery until Droplets complies with Patent L.R. 3-1; or, alternatively, that the Court strike Droplets' infringement contentions.

### III. BACKGROUND

Droplets filed this lawsuit on September 7, 2011, against Amazon.com, Inc., Apple

---

[1] In a related proceeding, Droplets has already narrowed the claims down to 25 asserted claims. Ex. A., Letter from J. Budwin, *Droplets v. E\*TRADE Financial Corp., et al.*, No. 1:12-cv-02326-CM (S.D.N.Y. May 25, 2012).

Inc., Facebook, Inc., Google Inc., Yahoo! Inc., and YouTube, LLC., alleging infringement of U.S. Patent Nos. 6,687,745 ("'745 Patent") and 7,502,838 ("'838 Patent") (collectively "the Asserted Patents").[2] Eight months later, on April 6, 2012, Droplets served its Infringement Contentions, pursuant to the Eastern District of Texas Local Patent Rule 3-1, ("P.R. 3-1") asserting 137 claims.[3] Droplets' provided 74 different charts labeled as different parts of Yahoo! products.[4] On May 30, 2012, Google Inc. and YouTube, LLC filed an objection to Droplets' Infringement Contentions under P.R. 3-1 in the Eastern District of Texas. (Dkt. No. 117).[5] This case was transferred to the Northern District of California while Google's objection was pending. (Dkt. No. 136). To date, Droplets has not amended the Infringement Contentions it served in the Eastern District of Texas.

### A. Droplets' Generic Cut-and-Paste Approach Allows Droplets to Manufacture Massive Charts Without Providing any Notice

The Asserted Patents relate to systems and methods for a series of connections to transfer information over a network and present the information to the user. Droplets cut-and-pasted pieces of publicly available HTML code, JavaScript, HTTP communications and screenshots into over 55,000 pages of claim charts that make up its infringement contentions against Yahoo!. Droplets repeatedly incorporated this generic information about Yahoo!'s products into its infringement contentions without identifying what evidence corresponds to which claim terms in each claim limitation.

The following examples from claim 1 of Droplets' infringement contentions are

---

[2] *Droplets, Inc. v. Amazon.com, Inc., et al.*, Case Number CV12-03733-EJD, Ex. A and Ex. B to Plaintiff's Complaint for Patent Infringement, Dkt. No. 1.

[3] Ex. B-1, Droplets' Patent L.R. 3-1 and 3-2 Disclosures cover pleading. The requirements in the Eastern District of Texas under the Local Patent Rules are nearly identical to the requirement as Patent L.R. 3-1.

[4] *See* Ex. B-2, list of claim charts provided to Yahoo!. Droplets inexplicably split some Yahoo! products into multiple parts and provided separate charts for those parts. For example, Droplets provided four different claim charts for Yahoo! Maps: "Maps- Find a business", "Maps- Get directions", "Maps- Panning and zooming", "Maps-View map-type selection".

[5] Google and YouTube's have also filed objections to Droplets' infringement contentions. (Dkt. No. 117) That motion is based on Google and YouTube's specific facts and Texas law, but the arguments are conceptually very similar. To the extent Google and YouTube's objections are applicable they are incorporated herein by reference. Google, YouTube, and Yahoo! share the general concern that Droplets' Infringement Contentions do not provide the required specific information, but because all three defendants have distinct products that are individually accused of infringement, each defendant requires distinct relief.

illustrative (these limitations appear in multiple claims). Claim 1 of the '745 Patent recites "first information," "second information," "third information," and "fourth information." *See* claim 1, below. Claim 1 also recites "interactive link." Droplets did not specifically identify what in the accused products corresponds to each of these "information" terms or "interactive link."

Claim 1 also includes multiple "communication" steps. For example, claim 1(a) recites "retrieving … over a first communication connection …." Claim limitation 1(b) recites "retrieving over a second communication connection …." In its infringement contentions, Droplets never identifies the *first communication connection* or how Yahoo!, or anyone else, retrieves over the first communication connection. Similarly, in its contentions with respect to claim 1(b) of the '745 Patent, Droplets never identifies what is the *second communication connection* or how Yahoo!, or anyone else, retrieves over the second communication connection.

In its entirety, claim 1 of the '745 Patent reads:

> 1. In a network configured computer processing system having ***a plurality of client computers*** and a plurality of host computers, a method for delivering interactive links for presenting applications and information from remote sources on the network, the method comprising:
>
> (a) ***retrieving***, in response to a request of a client computer, over a first communication connection ***first information*** having computer program code embedded therein and executing the embedded computer program code for establishing a second communication connection to a second host computer;
>
> (b) sending ***second information*** relating to the operating environment of the client computer, from the client computer to the second host computer;
>
> (c) ***retrieving***, over the second communication connection***, third information*** including presentation information for presenting an application and ***fourth information***, the presentation information being based on the second information;
>
> (d) presenting, at the client computer, the application and the ***fourth information*** based upon the presentational information; and
>
> (e) storing, on the client computer***, an interactive link*** for selectively re-establishing the second communication connection to the second host computer for retrieving the third information and presenting the application and the fourth information.

Claim 1, '745 Patent.

Droplets also fails to identify the "application program code," "operating system program code," and "presentation client program code" of claims 17 and 26 of the '745 Patent. Nor does it identify the "first information" and "second information" of claim 17. The claims of the '838 Patent also include many claim limitations that are not addressed in Droplets' contentions. For example, claim 1 of the '838 Patent recites that the "presentation information" include the limitations of "default parameters," "data values," and "application-specific business logic." Droplets does not include these limitations in its claim charts.

Many of these limitations are repeated over and over throughout the asserted claims. Counting only where the terms are stated explicitly (and not counting where they are incorporated from an independent claim into a dependant claim), "interactive link" is present in 29 claims, "first information" is present in 11 claims, "second information" is present in 10 claims, "third information" is present in 7 claims and "fourth information" is present in 15 claims. "A plurality of client computers" is present in 5 claims.

### B. Droplets' Approach Does Not Satisfy Patent L.R. 3-1

Droplets contends that its claim charts are satisfactory because they identify evidence that allegedly meets these various claim limitations and will champion the vast quantity of evidence the charts disclose, as though *quantity* can somehow rectify a lack of *quality* in this instance. Droplets is wrong for at least two independent reasons.

First, Droplets' generic approach provides no notice to Yahoo! of how some particular limitations are satisfied. Consider element (c) of claim 1, above, which includes the following limitations: (1) "Retrieving", (2) "second communication connection", (3) "third information", (4) "presentation information based on second information" (5) "fourth information". Droplets uses the following image to support its Infringement Contentions for this claim element:



Ex. C, Droplets claim chart for Yahoo! Maps – Panning and zooming, p.1.

Droplets offers no explanation for whether the red boxes show "third information," "presentation information," "second information," "fourth information," or some other limitation in claim 1(c). There is no indication whether the red boxes show the same limitation or different limitations. Without labels, arrows, or color coding to indicate which limitations are being identified, Yahoo! is left to guess what Droplets is highlighting. Indeed, some of Droplets' contentions are not even highlighted. For example, in some of its screenshots Droplets points only to the existence of an image as support for infringement. (*See, e.g.*, Ex. C, p. 60 (providing a .png image as support)). Further, the cited JavaScript and HTML code fragments contain no indication of import or relevance to the asserted limitations.

Second, Droplets reuses, via cut-and-paste, much of the same evidence for different limitations without any indication of how that evidence applies in different circumstances. For example, the red boxes highlighted in the above image of Yahoo! Maps (Ex. C, p. 1) apparently supports infringement for some part of *every* claim of the '745 Patent and the '838 Patent. Droplets provides no explanation or labeling to identify how Droplets contends its red boxes over a picture of Yahoo! Maps provides "first information," "second information," "instructions for rendering," "data values," "continuous open socket communication

1  connection," and so on. Yahoo! is left to guess as to what, if anything, within the red box (or
2  the host of other information pasted into the chart) directly corresponds to any of the particular
3  limitations.

4  Droplets compounds the problem by repeating the same screenshots and other
5  information over and over again for all 137 claims. For example, the contentions contain 20
6  pages directed solely to the *preamble* of claim 1 of the '745 Patent.[6] This is just the preamble
7  of one claim. These 20 pages contain 14 screenshots of Yahoo! Maps. These same 14
8  screenshots are duplicated throughout *every* subpart of claim 1. By virtue of cut-and-paste,
9  Droplets' disclosure for just this single claim, against a single aspect of a single product, runs
10 over 100 pages. And yet they contain no genuine information about what theories Droplets
11 intends to pursue, what specific evidence supports them, and why. Droplets' contentions
12 simply repeat this same process for all 137 asserted claims.

13 Droplets' contentions also contain multiple charts against a single product that
14 essentially identify everything about the product. For example, the four charts against Yahoo!
15 Maps all contain similar images identifying different parts of the product with the same
16 meaningless red boxes as shown below:

 

Ex. D, Yahoo! Maps- Get directions, p.1.    Ex. E, Yahoo! Maps- Find a business, p. 1.

---

[6] *See, e.g.*, Ex. C (claim 1 from the '745 Patent Yahoo! Maps – panning and zooming claim chart, pp. 1-109).

 

Ex. E, p. 1.                    Ex. F, Yahoo! Maps- View map-type selection, p. 1

Taken together, Droplets' four charts for Yahoo! Maps identify nearly every aspect of Yahoo! Maps as allegedly practicing this limitation. Yet, again, despite the sweeping approach, none of these charts properly identifies what in Yahoo!'s product allegedly corresponds to which specific claim limitation. The result of this massive cut-and-paste effort is over 55,000 pages of unanalyzed, repetitive information, leaving Yahoo! completely in the dark with respect to Droplets' infringement theories.

## IV.   LEGAL STANDARD

The Patent Local Rules are designed "[to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, No. C-11-04100, 2012 U.S. Dist. LEXIS 52486, at \*4 (N.D. Cal. Apr. 13, 2012). Patent L.R. 3-1 "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Id.* (citing *Bender v. Maxim Integrated Prods., Inc.*, No. 09-CV-01152, 2010 U.S. Dist. LEXIS 32115, at \*2 (N.D. Cal. Mar. 22, 2010)). "The Rules are designed to require parties to crystalize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Bender v. Infineon Techs. N. Am. Corp.*, 2010 U.S. Dist. LEXIS 24193, at \*3 (N.D. Cal. March 16, 2010) (citing *Alberta Telecommunications Research Centre v. Rambus, Inc.*, No. C-06-0259-RMW, 2007 U.S. Dist. LEXIS 26098, at \*4 (M.D. GA. April 9, 2007)).

Patent L.R. 3-1 requires "[a] chart ***identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality***…" Patent L.R. 3-1; *see*


*also Tessenderlo*, 2012 U.S. Dist. LEXIS 52486, at *4 (same). Broad inferences cannot stand in place of the required factual information in the plaintiff's infringement contentions. *Tessenderlo*, 2012 U.S. Dist. LEXIS 52486, at *7. Instead, the plaintiff must fairly disclose the data used in forming the basis of the plaintiff's claims. *Id.* at *9.

The plaintiff's factual inquiry required under FED. R. CIV. P. 11 requires the plaintiff to make a reasonable inquiry into the factual basis for the complaint. Further the plaintiff's factual inquiry under Rule 11 also comes within the bounds of Patent L.R. 3-1. *Network Caching Tech., LLC v. Novel, Inc.*, No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098, at *12 (N.D. Cal. August 12, 2002). In other words, "[the plaintiff] must provide in its PICS the relevant facts it obtained in its prefiling inquiry." *Id.*

## V. ARGUMENT

### C. Patent Rule 3-1 Requires Plaintiffs To Identify Specifically Where Each Claim Element of Each Asserted Claim Is Located

The two overriding issues with Droplets' infringement contentions are that (1) they fail to identify specifically where in the accused products Droplets contends each of the claim limitations is found, and (2) for each element they set forth a boilerplate recitation of claim language followed by volumes of cut-and-pasted generic images and text. Consequently, they do not comply with Patent L.R. 3-1, as discussed below.

#### 1. Droplets Did Not Specifically Link the Cited Evidence to the Claim Limitations

In *Novel*, this Court rejected contentions which failed to provide a specific link between the asserted factual data and the limitations of the asserted claims in the plaintiff's infringement contentions. 2002 U.S. Dist. LEXIS 26098, at *18. The defendant in *Novel* argued that the plaintiff did not provide sufficient detail in its infringement contentions. *Id.* at *6. The plaintiff argued that its disclosure was sufficient because it provided evidence by citing to marketing literature for the accused product. *Id.* at *17-18. The Court rejected the plaintiff's disclosure as insufficient stating, "[the plaintiff] provides no link between the quoted

passages [of Marketing Materials] and the infringement contentions… The court sees no specific link." *Id.* at *18; *see also Infineon*, 2010 U.S. Dist. LEXIS 24193, at *6 ("[Plaintiff] (not defendant) bears the burden of identifying specifically where each and every claim element is found within the accused products."). Because the plaintiff failed to provide a link between evidence and the infringement contentions, the Court ordered the plaintiff to provide revised preliminary contentions that conform to the requirements of Patent L.R. 3-1. *Novel,* 2002 U.S. Dist. LEXIS 26098, at *20-21.

Droplets' contentions against Yahoo! lack the same link between the specific facts about Yahoo!'s products and Droplets' contentions. For example, steps 1(a), 1(b) and 1(c) of claim 1 of the '745 Patent introduce the claim terms "first information," "second information," "third information," and "fourth information," respectively. As discussed above, the claim chart for claim 1 consists of more than 100 pages of the same set of generic screenshots but with no specific identification of any claim limitations, and many terms within the asserted claims are generic and indistinctive. Consequently, it is impossible for Yahoo! to determine what Droplets contends corresponds to "third information", for example, unless Droplets correlates the term to specific portions of the cited evidence. As another example, claim 17(a) recites three different types of program codes: "application program code," "operating system program code," and "presentation client program code." Droplets cites to three pages of JavaScript.[7] The excerpted JavaScript is un-annotated and Droplets again fails to identify which portion, if any, corresponds to any of the three program code limitations.

The examples illustrate the core problem that suffuses Droplets' disclosure with respect to all 137 asserted claims: Droplets fails to provide any link between its asserted evidence and the limitations of the claims and therefore fails to provide a genuine disclosure of how and why Yahoo!'s products supposedly match the asserted claims. Droplets' infringement contentions do not comply with Patent L.R. 3-1.

---

[7] Ex. C, pp. 308-310.

2. **Droplets' Cut-And-Paste Approach Compounds Droplets' Failure to Specifically Identify Claim Limitations**

In *Infineon* this Court specifically rejected the generic cut-and-paste approach to infringement contentions; an approach Droplets has taken here. *See* 2010 U.S. Dist. LEXIS 24193, at *5. The plaintiff in *Infineon* provided generic allegations without specifying the circuitry or components that reportedly corresponded to the claim limitations. *Id.* The Court noted plaintiff's claim chart "simply repeats the same generic descriptions and *cuts-and-pastes* them beside each element of every claim." *Id.* (Emphasis added). The Court found the plaintiff's contentions insufficient. The Court ordered the plaintiff to amend his infringement contentions to provide "specific locations within defendant's product where the alleged infringement occurs." *Id.* at *6. The Court further stated, "[Plaintiff] (not defendant) bears the burden of identifying specifically where each and every claim element is found within the accused products." *Id.* at *5.

As discussed above, Droplets' contentions suffer the same flaw as the contentions rejected in *Infineon*. For example, Droplets included the following generic image in *every claim* for *both* the '745 Patent and the '838 Patent in its chart labeled "Yahoo! Maps- Panning and Zooming":



*See, e.g.*, Ex. C, p. 396. Droplets simply "cuts-and-pastes" "generic descriptions" exactly as

1  the plaintiff in *Infineon* tried to do. Droplets' approach to infringement contentions should
2  likewise be rejected.

3  Droplets also cuts-and-pastes the same unlabeled red boxes for every limitation of all
4  137 asserted claims. Droplets' use of the same color boxes, sometimes in the same positions
5  for different claims, deprives them of any meaning, and provides no identification at all. For
6  example, Droplets uses the red boxes in repeat images similar to the one depicted above for
7  claims 1, 17 and 26 of the '745 Patent and claim 2 of the '838 Patent, presumably to identify
8  the "interactive link limitation."[8] Confusingly, Droplets cites to the same image for claim 1(b)
9  of the '745 Patent which states "sending second information relating to the operating
10 environment of the client computer…" and does not contain any reference to "interactive link."
11 It is unclear how Droplets is linking the exact same generic picture of Yahoo! Maps with
12 "second information" and "interactive link" by using the same red boxes. Yahoo! is left to
13 guess what in its accused product Droplets contends is the "interactive link," "first
14 information," "second information," and so on. As this Court has recognized, Droplets'
15 generic cut-and-paste approach unfairly shifts "the burden of identifying specifically where
16 each and every claim element is found within the accused products." *Infineon*, 2010 U.S. Dist.
17 Lexis 24193, at *5. Droplets fails to satisfy Patent L.R. 3-1 and this Court should order
18 Droplets to correct its infringement contentions to identify specifically where the alleged
19 infringement occurs and provide a genuine disclosure of its infringement theories.

### 3. Droplets' Claim Charts Are Incomplete

As noted above, Droplets' claim charts do not even attempt to match Yahoo!'s products to each claim limitation. For example, Droplets failed to identify at least the following claim limitations in its infringement contentions:

- Claim 1 of the '745 Patent – "a plurality of client computers," "retrieving, in response to a request of a client computer," "retrieving, over the second communication connection," "embedded computer program code," "first information," "second information," "third information," "fourth information" and "interactive link."

---

[8] Ex. C, Yahoo! Maps – Panning and Zooming, pp. 96 (claim 1a), 356 (claim 17e), and 561 (claim 26d).

- Claim 17 of the '745 Patent – "a plurality of client computers," "embedded computer program code," "application program code," "operating system program code," "presentation client program code," "first information," "second information," and "interactive link."

- Claim 26 of the '745 Patent – "a plurality of client computers," " a plurality of computer program code segments embedded with informational content," "operating system program code," "presentation client program code," "first information," and "interactive link."

- Claim 1 of the '838 Patent – "a plurality of client computers," "retrieving, in response to a request of a client computer," "retrieving presentation information," "operating environment information," "presentation information," "default parameters," "data values," and "application-specific business logic."

- Claim 2 of the '838 Patent – "a link for re-establishing the communication connection."

- Claim 15 of the '838 Patent – "a plurality of client computers," "computer program code," "operating environment information," "default parameters," "data values," and "application-specific business logic."

- Claim 29 of the '838 Patent – "a plurality of client computers," "operating environment information," "content items," and "application specific business logic."

- Claim 33 of the '838 Patent – "a plurality of client computers," "operating environment information," and "application specific business logic."

As a result, Yahoo! is left to guess where each of the above-referenced claim limitation is found in the Accused Products. This is contrary to the express requirements of Patent L.R. 3-1.

### D. Droplets' Deficient Infringement Contentions Prejudice Yahoo!

Yahoo! is substantially prejudiced by Droplets' voluminous, yet non-specific and uninformative contentions. With 137 asserted claims and no genuine disclosure of Droplets' infringement theories and the evidence that supposedly supports them, Yahoo!'s ability to defend itself is unfairly compromised. Indeed, the whole purpose of requiring patentees to serve infringement contentions at the outset of the case, and before defendants serve invalidity contentions, is that the patentee's infringement theories set the framework for the remainder of

the case. This is true of the substantive aspects of the case, such as the defendant's invalidity contentions, because those contentions and related defenses are responsive to the way in which the patentee seeks to apply its claims. As a result, Yahoo! must rely on Droplets' contentions throughout the case, for example to identify and prepare witnesses, select, analyze, and apply prior art, identify differences between Yahoo!'s products and the asserted claims as Droplets seeks to apply them, and identify documents to meet discovery obligations. Likewise, both the Court and Yahoo! need to know and understand Droplets' infringement theories to identify and resolve differences in how the parties' interpret claim terms. Sufficiently informative infringement contentions are also important for case management. For example, the contentions set the permissible boundaries for fact discovery, permitting both the parties and the Court to police discovery abuses. Thus, both Yahoo! and the Court are entitled to rely on adequate infringement contentions for a reasonable number of claims to develop an understanding of how Droplets construes, analyzes, and applies each of the limitations in the asserted claims with respect to the accused products in the case. Droplets has deprived both Yahoo! and the Court of the information they need to develop this understanding and thereby unfairly hindered Yahoo!'s ability to defend itself.

## VI.  CONCLUSION

Droplets' non-specific infringement contentions cannot stand. In order to allow for reasonable case management and to reduce the prejudice caused by Droplets' failure to comply with Patent L.R. 3-1. Yahoo! respectfully requests the Court to:

- Order Droplets to provide infringement contentions that comply with Patent L.R. 3-1 by specifically identifying what in the accused instrumentalities corresponds to the language of the claim limitations;

- Allow Yahoo! leave to serve supplemental invalidity contentions 45 days after Droplets serves compliant infringement contentions; and

- Stay any further discovery until Droplets complies with Patent L.R. 3-1.

In the alternative, should Droplets fail to supplement, amend, or otherwise comply with Patent L.R. 3-1, Yahoo! respectfully requests that the Court strike the Infringement Contentions.

Dated: November 9, 2012                    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: */s/Jeffrey G. Homrig*
  Jeffrey G. Homrig
  David J. Ball, Jr. *(pro hac vice)*
  Erin A. Wiggins *(pro hac vice)*
  Jennifer Haltom Doan *(pro hac vice)*
  Shawn Latchford *(pro hac vice)*
  Joshua Thane *(pro hac vice)*

  Attorneys for Defendant YAHOO! INC.

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Kasowitz Benson Torres & Friedman LLP, whose address is 333 Twin Dolphin Drive, Suite 200, Redwood Shores, CA 94065 (hereinafter "Kasowitz"). I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on November 9, 2012, I served a copy of:

**YAHOO!'S MOTION TO COMPEL AMENDED INFRINGEMENT CONTENTIONS TO COMPLY WITH PATENT RULE 3-1**

☒ **BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through Kasowitz's electronic mail system to the email address(es) set forth in the service list below.

Courtland L. Reichman
McKool Smith
303 Twin Dolphin Drive, 6th Floor
Redwood Shores, CA 94065
creichman@mckoolsmith.com

Brandon M. Jordan
1999 K Street, NW, Suite 600
McKool Smith, PC
Washington, DC 20006
bjordan@mckoolsmith.com

James E. Quigley
Joshua Wright Budwin
McKool Smith, PC
300 W 6th Street, Suite 1700
Austin, TX 78701
jquigley@mckoolsmith.com
jbudwin@mckoolsmith.com

Samuel Franklin Baxter
McKool Smith, PC
P. O. Box O
104 East Houston Street, Suite 300
Marshall, TX 75670
sbaxter@mckoolsmith.com

Theodore Stevenson, III
McKool Smith, PC
300 Crescent Court, Suite 1500
Dallas, TX 75201
tstevenson@mckoolsmith.com

*Attorneys for Plaintiff Droplets, Inc.*

Executed on November 9, 2012, in Redwood Shores, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/Jeffrey G. Homrig*
Jeffrey G. Homrig