*E-FILED: February 28, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Droplets, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Amazon.com, Inc. et al., <br><br> Defendants. | Case No. 5:12-cv-03733-EJD <br><br> [PROPOSED] ESI ORDER |

The parties, by and through their respective counsel of record, stipulate that the following ESI Order shall apply in the above-captioned action, subject to approval and entry by the Court:

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created, received, and maintained in the ordinary course of business between September 2005 and September 2011 will be preserved[1]; however, if a party is aware of sources of ESI which pre-date September 2005 that may be relevant to this case (*e.g.* Yahoo!'s reliance upon internally-developed prior art, or information related to Droplets' conception and reduction to practice of the patents-in-suit), the parties shall first identify such sources of ESI, and thereafter discuss a plan to ensure that such ESI is also preserved;

b) The parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, *e.g.*, "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c) After exchanging the lists called for in (b), the parties will agree on the number of custodians per party for whom ESI will be preserved, but in no event will the number of custodians exceed 20 per party without agreement by the parties or a showing of good cause;

---

[1] In no event does the agreement to preserve documents from this time period obligate a party to search or produce such documents without a reasonable request for such ESI.

    d) Notwithstanding the limitation of 20 ESI custodians per party set forth in section 4(c), the parties also agree that the following persons, to the extent not already identified as an ESI custodian, will be ESI custodians: (i) any current or former employee of a party, who appears on the trial witness list for that party (excepting trial witnesses offered purely for document authentication purposes); and (ii) any person designed by a party to provide Rule 30(b)(6) deposition testimony.[2]

    e) Absent agreement of the parties or a showing of good cause, these data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will not be preserved (unless maintained in the ordinary course of business), searched, reviewed, or produced absent agreement or cost-shifting: (1) backup media created before September 2005, (2) systems no longer in use that cannot be accessed, (3) voicemails, text messages, and (4) portable devices (*e.g.*, Blackberries, iPhones, etc.).

5. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. Specifically, the parties have discussed and agreed to an ESI search plan whereby the parties will:

    (1) Generate a proposed list of search terms that the producing party proposes to use to search its ESI for relevant documents;

    (2) Share the proposed list of search terms with the opposing party, to allow the parties to discuss modifications or additions to the list of proposed search terms;

    (3) After the parties agree upon a list of proposed search terms, the list of terms will be run by the producing party against the producing party's ESI to generate a list of "hit counts" by term (*i.e.* the number of documents that correspond to each search term):

    (4) The parties will share the list of "hit counts" with each other, in order to allow the parties to work together to identify search terms that may be overbroad (identified an unreasonably large number of documents) or underbroad (identified an unreasonably low number of documents); and

---

[2] The parties further agree that for any third-party trial fact witness not identified in a party's initial disclosures at least 60 days prior to the close of fact discovery, the parties may serve Rule 45 subpoenas on such third-parties after the close of fact discovery and before trial. This agreement is to ensure that any such third-party trial witness has their ESI searched and produced prior to trial.

(5)  After the exchange of hit counts, the parties will refine their list of search terms, and will work iteratively to exchange refined lists of search terms and hit counts, no more than five times, to identify the documents that the producing party will ultimately produce to the requesting party.

Further, the parties agree to limit their ESI requests to a total of 50 search terms per custodian per party; however, additional search terms may be added by agreement by the parties or upon a showing of good cause. For avoidance of doubt, closely related terms grouped by logical operators (*e.g.* "Mike Smith" or "M. Smith" but not "Michael Smith") will be considered as one search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word or closely related terms.

**6.  PRODUCTION FORMATS**

The parties agree to produce documents in (1) PDF, (2) TIFF, (3) native and/or (4) paper (or a combination thereof), at the election of the producing party. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7.  PHASING**

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI in a reasonable and appropriate manner as agreed on by the parties. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8.  DOCUMENTS PROTECTED FROM DISCOVERY**

 a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

 b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: February 25, 2013          /s/ *Courtland L. Reichman (w/ permission)*
                                  Courtland L. Reichman
                                  MCKOOL SMITH HENNIGAN, P.C.
                                  255 Shoreline Drive, Suite 510
                                  Redwood Shores, CA 94065
                                  Tel: (650) 394-1401
                                  Fax: (650) 551-9901

                                  Josh W. Budwin
                                  Texas State Bar No. 24050347
                                  jbudwin@mckoolsmith.com
                                  James E. Quigley
                                  Texas State Bar No. 24075810
                                  jquigley@mckoolsmith.com
                                  MCKOOL SMITH, P.C.
                                  300 West Sixth Street, Suite 1700
                                  Austin, Texas 78701
                                  Tel: (512) 692-8700
                                  Fax: (512) 692-8744

                                  **ATTORNEYS FOR PLAINTIFF DROPLETS, INC.**

DATED: February 25, 2013          /s/ *Jeffrey G. Homrig*
                                  Jennifer Haltom Doan
                                  (admitted *pro hac vice*)
                                  Texas Bar No. 08809050
                                  Joshua R. Thane
                                  (admitted *pro hac vice*)
                                  Texas Bar No. 24060713
                                  Shawn Alexander Latchford
                                  (admitted *pro hac vice*)
                                  Texas Bar No. 24066603
                                  HALTOM & DOAN
                                  6500 Summerhill Road, Suite 100

```
                    Texarkana, TX 75503
                    Telephone: (903) 255-1000
                    Facsimile: (903) 255-0800
                    Email: jdoan@haltomdoan.com
                    Email: jthane@haltomdoan.com
                    Email: slatchford@haltomdoan.com

                    David J. Ball, Jr.
                    (admitted pro hac vice)
                    PAUL, WEISS, RIFKIND, WHARTON
                    & GARRISON LLP
                    2001 K Street, NW
                    Washington, DC 20006-1047
                    Telephone: (202) 223-7300
                    Email: dball@paulweiss.com

                    Jennifer H. Wu
                    (admitted pro hac vice)
                    Erin Wiggins
                    (admitted pro hac vice)
                    PAUL, WEISS, RIFKIND, WHARTON
                    & GARRISON LLP
                    1285 Avenue of the Americas
                    New York, NY 10019-6064
                    Telephone: (212) 373-3000
                    Facsimile: (212) 757-3990
                    Email: jwu@paulweiss.com
                    Email: erwiggins@paulweiss.com

                    Jeffrey G. Homrig
                    KASOWITZ BENSON TORRES
                    & FRIEDMAN LLP
                    333 Twin Dolphin Dr., Suite 200
                    Redwood shores, CA 94065
                    Telephone: (650) 453-5170
                    Facsimile: (650) 453-5171
                    Email: jhomrig@kasowitz.com
```

**ATTORNEYS FOR DEFENDANT YAHOO! INC.**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 28, 2013

~~THE HONORABLE EDWARD J. DAVILA~~
~~United States District Judge~~

**Hon. Howard R. Lloyd, United States Magistrate Judge**