United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YAHOO! INC.,<br><br>　　　　Defendant.<br><br>DROPLETS, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORDSTROM, INC.<br><br>　　　　Defendant. | Case Nos.  12-cv-03733-JST,<br><br>　　　　　　　12-cv-04049-JST<br><br><br>**ORDER GRANTING MOTION TO STAY**<br><br>ECF No. 51 (Case No. 12-cv-04049) |

These related actions concern U.S. Patent Nos. 7,502,838 ("the '838 Patent") and U.S. Patent No. 6,687,745 ("the '745 Patent"). Defendant in Case No. 12-cv-40409, Nordstrom, Inc. have moved to stay this action pending *inter partes* reexamination of the '838 patent. Case No. 12-cv-4049, ECF No. 51.[1] The USPTO issued an Action Closing Prosecution on May 15, 2013, rejecting all of the claims of the '838 patent. Yahoo! Inc., the defendant in case number 12-cv-3733, has filed a notice of non-opposition and joins in the relief requested. ECF No. 269, Case No. 12-cv-3733-JST. This matter came for hearing on September 12, 2013.

"Courts have inherent power to manage their dockets and stay proceedings, including the

---

[1] Williams-Sonoma, Inc., the defendant in Case No. 12-cv-4047, also joined in the motion, but that case has been subsequently dismissed. See Case No. 12-cv-4047, ECF Nos. 55, 66 & 69.

authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). In determining whether to stay a case pending reexamination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).

**I.     Stage of Proceedings**

An earlier stage of litigation weighs in favor of a stay pending reexamination. See Wireless Recognition Technologies v. A9.com Inc., Case No. 5:12-cv-01217-EJD, 2012 WL 4005459, at *2 (N.D. Cal. Sep. 11, 2012). The case has been pending for two years, in part because it has been transferred between districts and between judges. While the parties have engaged in some minimal discovery and procedural motion practice in that time, the case remains at an early stage. The case schedule is not finally set, claim construction has not begun, and no trial dates are set. This factor weighs in favor of a stay.

**II.    Simplification of Issues**

The "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983). One way or another, the final determination of the USPTO is quite likely to simplify issues with respect to the '838 Patent.

Moreover, the USPTO has recognized that the '838 patent has many similar claims as the '745 patent. Defendant argues that this case is on all fours with Wireless Recognition, in which the court stayed an entire action even though only one of two patents was in reexamination because the two patents had overlapping claim terms. Reply in Support of Motion, ECF No.66 at 7. Plaintiff argues that the case is inapposite because that case considered a final resolution rather than an Action Closing Prosecution ("ACP"). Opposition to Motion ("Opp."), ECF No. 61, at 10.

Because an ACP is a USPTO action on the merits of a patent, this Court agrees with

2

1    Defendant that Wireless Recognition is instructive. 37 C.F.R. § 1.953. "The criteria for issuing
2    an ACP is analogous to . . . making a rejection final in an application." Manual of Patent
3    Examining Procedure § 2671.02. The ACP sets out the USPTO's reexamination decision and
4    provides the parties with an opportunity to comment on that decision. 37 C.F.R. § 1.953. "Upon
5    considering the comments of the patent owner and the third party requester subsequent to the
6    [ACP] in an *inter partes* reexamination . . . the examiner shall issue a Right of Appeal Notice." 37
7    C.F.R. § 1.953. The Right of Appeal Notice is the final action "which comprises a final rejection
8    setting forth each ground of rejection and/or final decision favorable to patentability." Id.
9         Given the parallel claims between the '838 patent and the '745 patent and the undisputed
10   fact that the court issued two ACPs for the '838 patent, it is likely that the USPTO's final decision
11   will alter or simplify the litigation with respect to both asserted patents. This factor weighs in
12   favor of a stay.

13   **III.    Undue Prejudice**

14        The final factor is "whether the non-moving party will suffer undue prejudice as a result of
15   a stay." Wireless Recognition Technologies, 2012 WL 4005459 at *3 (N.D. Cal. 2012). Plaintiff
16   argues that Defendants are using dilatory tactics, and cites Affinity Labs of Texas v. Apple Inc.,
17   Case No. 09-cv-04436-CW, 2010 WL 1753206, at *2 (N.D. Cal. 2010) as support for its argument
18   that issuing a stay at this stage of litigation would create prejudice sufficient to weigh against a
19   stay. Opp., at 8.

20        In Affinity Labs, Apple waited eight months from the initiation of the lawsuit, and three
21   months after the case was transferred to the Northern District of California, to file its request for
22   reexamination. 2010 WL 1753206, at *2. After the request was granted, Apple waited another
23   seven weeks to file a motion to stay, which the court found to be a dilatory tactic. Id. In this case,
24   it was not the moving party, but rather other subsequently dismissed defendants, who filed the
25   *inter partes* reexamination request. Defendants requested a stay three weeks after the PTO issued
26   its second ACP of the '838 patent claims. Unlike in Affinity Labs, defendants made this motion in
27   response to two ACPs rather than merely the granting of a reexamination.

28        Given the nature of the ACP and the relative promptness of Defendant's motion, this factor

also weighs in favor of a stay.

## IV. CONCLUSION

Accordingly, all deadlines in these cases are STAYED pending a decision by the USPTO. Defendants shall file a status report within two days of the date on which the decision is rendered and shall file a copy of the decision as an attachment to the report.  At that time, the Court will consider the extent to which the case schedule will need to be modified.

**IT IS SO ORDERED**.

Dated:  September 13, 2013



JON S. TIGAR
United States District Judge