1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7

8    DROPLETS, INC.,

              Plaintiff,

9                                              Case Nos.  12-cv-03733-JST,

10        v.                                              12-cv-04049-JST

11   YAHOO! INC.,

12            Defendant.

                                               **ORDER GRANTING MOTION TO**
13   DROPLETS, INC.                            **STAY**

14            Plaintiff,                       ECF No. 51 (Case No. 12-cv-04049)

15        v.

16   NORDSTROM, INC.

17            Defendant.

18

19          These related actions concern U.S. Patent Nos. 7,502,838 ("the '838 Patent") and U.S.

20   Patent No. 6,687,745 ("the '745 Patent").  Defendant in Case No. 12-cv-40409, Nordstrom, Inc.

21   have moved to stay this action pending *inter partes* reexamination of the '838 patent.  Case No.

22   12-cv-4049, ECF No. 51.[1]  The USPTO issued an Action Closing Prosecution on May 15, 2013,

23   rejecting all of the claims of the '838 patent.  Yahoo! Inc., the defendant in case number 12-cv-

24   3733, has filed a notice of non-opposition and joins in the relief requested.  ECF No. 269, Case

25   No. 12-cv-3733-JST.  This matter came for hearing on September 12, 2013.

26          "Courts have inherent power to manage their dockets and stay proceedings, including the

27

28   [1] Williams-Sonoma, Inc., the defendant in Case No. 12-cv-4047, also joined in the motion, but that
     case has been subsequently dismissed.  See Case No. 12-cv-4047, ECF Nos. 55, 66 & 69.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    authority to order a stay pending conclusion of a PTO reexamination." <u>Ethicon, Inc. v. Quigg</u>, 849

2    F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted).  In determining whether to stay a

3    case pending reexamination, a court may consider the following factors: (1) whether discovery is

4    complete and whether a trial date has been set; (2) whether a stay would simplify the issues in

5    question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear

6    tactical disadvantage to the non-moving party.  <u>In re Cygnus Telecomm. Tech., LLC Patent Litig.</u>,

7    385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005).

8    **I.      Stage of Proceedings**

9          An earlier stage of litigation weighs in favor of a stay pending reexamination.  <u>See</u>

10   <u>Wireless Recognition Technologies v. A9.com Inc.</u>, Case No. 5:12-cv-01217-EJD, 2012 WL

11   4005459, at *2 (N.D. Cal. Sep. 11, 2012).  The case has been pending for two years, in part

12   because it has been transferred between districts and between judges.  While the parties have

13   engaged in some minimal discovery and procedural motion practice in that time, the case remains

14   at an early stage.  The case schedule is not finally set, claim construction has not begun, and no

15   trial dates are set.  This factor weighs in favor of a stay.

16   **II.     Simplification of Issues**

17         The "purpose of the reexamination procedure is to eliminate trial of that issue (when the

18   claim is canceled) or to facilitate trial of that issue by providing the district court with the expert

19   view of the PTO (when a claim survives the reexamination proceeding)."  <u>Gould v. Control Laser</u>

20   <u>Corp.</u>, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  One way or another, the final determination of the

21   USPTO is quite likely to simplify issues with respect to the '838 Patent.

22         Moreover, the USPTO has recognized that the '838 patent has many similar claims as the

23   '745 patent.  Defendant argues that this case is on all fours with <u>Wireless Recognition</u>, in which

24   the court stayed an entire action even though only one of two patents was in reexamination

25   because the two patents had overlapping claim terms.  Reply in Support of Motion, ECF No.66 at

26   7.  Plaintiff argues that the case is inapposite because that case considered a final resolution rather

27   than an Action Closing Prosecution ("ACP").  Opposition to Motion ("Opp."), ECF No. 61, at 10.

28         Because an ACP is a USPTO action on the merits of a patent, this Court agrees with

2

Defendant that <u>Wireless Recognition</u> is instructive.  37 C.F.R. § 1.953.  "The criteria for issuing an ACP is analogous to . . . making a rejection final in an application."  Manual of Patent Examining Procedure § 2671.02.  The ACP sets out the USPTO's reexamination decision and provides the parties with an opportunity to comment on that decision.  37 C.F.R. § 1.953.  "Upon considering the comments of the patent owner and the third party requester subsequent to the [ACP] in an *inter partes* reexamination . . . the examiner shall issue a Right of Appeal Notice."  37 C.F.R. § 1.953.  The Right of Appeal Notice is the final action "which comprises a final rejection setting forth each ground of rejection and/or final decision favorable to patentability."  <u>Id.</u>

Given the parallel claims between the '838 patent and the '745 patent and the undisputed fact that the court issued two ACPs for the '838 patent, it is likely that the USPTO's final decision will alter or simplify the litigation with respect to both asserted patents.  This factor weighs in favor of a stay.

## III.    Undue Prejudice

The final factor is "whether the non-moving party will suffer undue prejudice as a result of a stay."  <u>Wireless Recognition Technologies</u>, 2012 WL 4005459 at *3 (N.D. Cal. 2012).  Plaintiff argues that Defendants are using dilatory tactics, and cites <u>Affinity Labs of Texas v. Apple Inc.</u>, Case No. 09-cv-04436-CW, 2010 WL 1753206, at *2 (N.D. Cal. 2010) as support for its argument that issuing a stay at this stage of litigation would create prejudice sufficient to weigh against a stay.  Opp., at 8.

In <u>Affinity Labs</u>, Apple waited eight months from the initiation of the lawsuit, and three months after the case was transferred to the Northern District of California, to file its request for reexamination.  2010 WL 1753206, at *2.  After the request was granted, Apple waited another seven weeks to file a motion to stay, which the court found to be a dilatory tactic.  <u>Id.</u>  In this case, it was not the moving party, but rather other subsequently dismissed defendants, who filed the *inter partes* reexamination request.  Defendants requested a stay three weeks after the PTO issued its second ACP of the '838 patent claims.  Unlike in <u>Affinity Labs</u>, defendants made this motion in response to two ACPs rather than merely the granting of a reexamination.

Given the nature of the ACP and the relative promptness of Defendant's motion, this factor

3

1   also weighs in favor of a stay.

2   **IV.     CONCLUSION**

3           Accordingly, all deadlines in these cases are STAYED pending a decision by the USPTO.

4   Defendants shall file a status report within two days of the date on which the decision is rendered

5   and shall file a copy of the decision as an attachment to the report.  At that time, the Court will

6   consider the extent to which the case schedule will need to be modified.

7           **IT IS SO ORDERED**.

8   Dated:  September 13, 2013

9

10  
    _____

11                          JON S. TIGAR
                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California