1  Jennifer Haltom Doan
   (admitted *pro hac vice*)
2  Joshua R. Thane
   (admitted *pro hac vice*)
3  HALTOM & DOAN
4  6500 Summerhill Road, Suite 100
   Texarkana, TX 75503
5  Telephone: (903) 255-1000
   Facsimile: (903) 255-0800
6  Email: jdoan@haltomdoan.com
7  Email: jthane@haltomdoan.com

8  William A. Hector (SBN 298490)
   WAHector@Venable.com
9  VENABLE LLP
10 101 California Street, Suite 3800
   San Francisco, CA 94111
11 Telephone: (415) 653-3750
   Facsimile: (415) 653-3755
12

13 **ATTORNEYS FOR DEFENDANT
   YAHOO!, INC.**

14

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPLETS, INC., | Case No. C 12-03733-JST |
| Plaintiff, | **DEFENDANT'S ADMINISTRATIVE MOTION TO FILE MATERIALS UNDER SEAL** |
| v. | |
| YAHOO!, INC., | |
| Defendant. | |

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5 and this Court's Standing Order Governing Administrative Motions to File Materials Under Seal (the "Standing Order"), Defendant Yahoo!, Inc. (now known as Altaba, Inc.) ("Yahoo" or "Altaba") submits this administrative request for an Order authorizing the sealing of certain materials filed in connection with the concurrently-filed Motion to Substitute Parties and Amend Caption ("Motion to Substitute").

Altaba submits this Motion and the Declaration of Mr. Joshua R. Thane in Support of Defendant's Administrative Motion to Seal ("Thane Declaration"), which together establish compelling reasons to protect the confidentiality of the information contained in portions of the Motion to Substitute, and certain exhibits submitted in connection with the Motion to Substitute.

Pursuant to this Court's Standing Order, Altaba presents the following information:

1. Altaba has reviewed and complied with this Court's Standing Order.

2. Altaba has reviewed and complied with Civil L.R. 79-5.

3. & 4. Each portion of each document proposed to be sealed or redacted are identified in the chart below.

| Document | Identification of Portions to be Redacted | Party Proposing Sealing or Redaction and Basis Therefor |
|---|---|---|
| Defendant's Motion to Substitute Parties and Amend Caption | Passages citing the Confidential Assignment and Transfer Agreement, and Confidential Corporate Structure Chart | Proposed to be sealed by Oath, Inc. and Oath Holdings Inc.: Information in this document has been designated confidential by the producing party and notice is given under Civil L.R. 79-5(e)(1). Thane Decl., ¶ 3. |
| Confidential Assignment and Transfer Agreement | Entire document | Proposed to be sealed by Oath, Inc. and Oath Holdings Inc.: The information in this document has been designated confidential by the producing party and notice is given under Civil L.R. 79-5(e)(1). Thane Decl., ¶ 3. |

| | | |
|---|---|---|
| Confidential Corporate Structure Charts | Entire document | Proposed to be sealed by Oath, Inc. and Oath Holdings Inc.: The information in this document has been designated confidential by the producing party and notice is given under Civil L.R. 79-5(e)(1). Thane Decl., ¶ 3. |

Under Civil Local Rule 79-5(a), an order to seal may issue "upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law." A trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The party designating confidential materials should provide compelling reasons to support sealing documents associated with a motion. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations omitted). Disclosure of confidential and proprietary business information poses a real risk of injury. *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) ("Even a seemingly insignificant risk of disclosure cannot be ignored due to the threat of significant potential injury.") Disclosure of such information could allow competitors to "duplicate [] products, compete for [] customers, or interfere with [the] business plan and thereby gain a competitive advantage in the marketplace." *Id*.

Altaba submits the Thane Declaration, which establishes compelling reasons to file the above identified materials under seal.

The documents to be sealed contain highly sensitive non-public information concerning business transactions and corporate structure.

5.   Altaba this day is serving on counsel for Droplets, Inc. copies of the specified documents, a copy of the Standing Order and Civil L.R. 79-5, and is filing a certificate of service of the same.

For the foregoing reasons, pursuant to L.R. 79-5(e) and the Standing Order, Altaba requests that the above mentioned documents be filed under seal.

DATED: May 2, 2019                                    Respectfully submitted,

/s/ *William A. Hector*
William A. Hector

*Attorneys for Defendant Yahoo!, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, May 2, 2019, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case.

/s/ *William A. Hector*
William A. Hector