1  Jennifer Haltom Doan
   (admitted *pro hac vice*)
2  Joshua R. Thane
   (admitted *pro hac vice*)
3  HALTOM & DOAN
4  6500 Summerhill Road, Suite 100
   Texarkana, TX 75503
5  Telephone: (903) 255-1000
   Facsimile: (903) 255-0800
6  Email: jdoan@haltomdoan.com
7  Email: jthane@haltomdoan.com

8  William A. Hector (SBN 298490)
   WAHector@venable.com
9  VENABLE LLP
10 101 California Street, Suite 3800
   San Francisco, CA  94111
11 Telephone: (415) 653-3750
   Facsimile:  (415) 653-3755
12
13 **ATTORNEYS FOR DEFENDANT YAHOO!, INC.**

14

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DROPLETS, INC., | Case No. 12-cv-03733-JST |
| Plaintiff, | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| v. | |
| YAHOO!, INC., | **DEFENDANT'S MOTION TO SUBSTITUTE PARTIES AND AMEND CAPTION** |
| Defendant. | **HEARING:** |
| | Date:   June 20, 2019<br>Time:   2:00 p.m.<br>Place:  Courtroom 9 – 19th Floor<br>Judge:  Hon. Jon S. Tigar |

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on June 20, 2019, at 2:00 p.m., or on another date
4    determined by the Court, in Courtroom 9 – 19th Floor, located in the United States Courthouse,
5    450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Yahoo!, Inc. (now known as
6    Altaba, Inc.) ("Yahoo" or "Altaba") will and does move the Court for an order granting substitution
7    of Oath, Inc. and Oath Holdings Inc. for Yahoo!, Inc. as Defendants in this Action.

8    The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and
9    Authorities, the pleadings, papers, and entire record, oral argument in this matter, and upon such
10   other matters as may be presented to the Court at or before the hearing on this Motion.

12   DATED: May 2, 2019                                   Respectfully submitted,

13                                                       /s/ *William A. Hector*
14                                                       William A. Hector

15                                                       *Attorneys for Defendant Yahoo!, Inc.; Oath*
                                                         *Holdings Inc.; and Oath, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 25(c), Defendant Yahoo!, Inc. (now known as Altaba, Inc.)("Yahoo" or "Altaba"), Oath, Inc. and Oath Holdings Inc. (together the "Oath Entities") respectfully request to substitute the Oath Entities for Altaba as the defendant in this case and to amend the case style to reflect the same.

This case was originally filed on September 7, 2011, and included Yahoo!, Inc. as a defendant. Dkt. No. 1. On October 14, 2011, Droplets filed a Second Amended Complaint [Dkt. No. 23], which is the live Complaint. In the Second Amended Complaint, Droplets specifically accused Yahoo!, Inc. of infringing the patent-in-suit by

> making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under the control of Yahoo that transmit and display information and that are made available to users through web pages, including, without limitation, web applications and software (such as www.yahoo.com, http://mail.yahoo.com, http://maps.yahoo.com, and/or other web applications and software); and/or (ii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Dkt. No. 23 at ¶30. Droplets' infringement contentions with respect to the '745 Patent (the only remaining valid, asserted patent) assert allegations against mail.yahoo.com; my.yahoo.com; www.yahoo.com; calendar.yahoo.com; finance.yahoo.com; and maps.yahoo.com (collectively "Accused Products").

On June 13, 2017, Yahoo!, Inc. sold its entire operating business to Verizon Communications, Inc. ("Verizon Communications"). *See* Decl. of C. Parry ¶5. All Yahoo products and services (including the Accused Products), including all past, present, and future liabilities for patent infringement related to such products and services, were transferred from Yahoo to Verizon. *See* Decl. of C. Parry ¶6. Following completion of the sale, Yahoo!, Inc. renamed itself to Atlaba, Inc. and reorganized itself as an investment fund. *Id.* at ¶7. At the time of the Altaba/Verizon transaction, Altaba transferred its operating assets, as well as all liabilities

1   relevant to the subject matter of this case, to a subsidiary named Yahoo Holdings, Inc. and
2   transferred Yahoo Holdings, Inc. to Verizon. *See* Decl. of J. Thane ¶2, Ex. 1 [Reorganization
3   Agreement by and between Yahoo!, Inc. and Yahoo Holdings, Inc.] at Sections 1.1 & 1.3. On
4   December 31, 2017, Yahoo Holdings transferred its intellectual property and certain contracts to
5   Oath, Inc. *See* Decl. of J. Thane ¶3, Ex. 2 [Confidential Assignment and Transfer Agreement].
6   On January 1, 2018, Yahoo Holdings became Oath Holdings, Inc. *See* Decl. of J. Thane ¶4, Ex. 3
7   [State of Delaware Certificate of Amendment of Certificate of Incorporation of Yahoo Holdings,
8   Inc.]. ██████████████████████████████████████████████████ *See*
9   Decl. of J. Thane ¶5, Ex. 4 [Confidential Corporate Structure Chart].

10  Altaba no longer owns any interest in the past, present, or future assets or liabilities relevant
11  to the Accused Products. *See* Decl. of C. Parry ¶6 and 9. All rights and defenses with respect to
12  any and all claims asserted by or against defendant Altaba are reserved and shall apply equally as
13  to the Oath Entities.

14  Courts in the Ninth Circuit have found that although Rule 25(c) allows an action to
15  "continue unabated when an interest in the lawsuit changes hands," *In re Bernal*, 207 F.3d 595,
16  598 (9th Cir. 2000), the better practice is to seek formal addition of a successor-in-interest via
17  substitution. *Zest IP Holdings, LLC v. Implant Direct Mfg, LLC*, No. 10CV541-GPC WVG, 2014
18  WL 5606099, at *6 (S.D. Cal. Nov. 4, 2014). Moreover, substitution of the party defendant will
19  not prejudice the parties and numerous other courts have ordered the substitution sought here. *See,*
20  *e.g.*, *AlmondNet, Inc. v. Oath Holdings, Inc.*, Case No. 1:19-cv-00247-LSP, Dkt. No. 133 (D. Del.
21  Feb. 25, 2019); *Hypermedia Navigations LLC v. Yahoo!, Inc.*, Case No. 4:17-cv-03188-HSG, Dkt.
22  No. 62 (N.D. Cal. July 12, 2017); *MyMail, LTD., v. Yahoo! Inc.*, Civil Action No. 2:16-cv-01000-
23  JRG-RSP, Dkt. No. 101 (E.D. Tex. July 12, 2017); *Product Association Technologies, LLC v.*
24  *Yahoo! Inc.*, Civil Action No. 2:17-cv-00272-JRG, Dkt. No. 40 (E.D. Tex. July 19, 2017). The
25  Oath Entities and Altaba agree not to seek additional time in the schedule based on the substitution
26  of the Oath Entities as defendants; however, they do reserve all rights to defend this case.
27
28

For all these reasons, Altaba and the Oath Entities respectfully request that 1) the Oath Entities be substituted for Altaba as defendants in this case, and 2) the case caption be amended to reflect the new defendants.

DATED: May 2, 2019                                  Respectfully submitted,

*/s/ William A. Hector*
William A. Hector

*Attorneys for Defendant Yahoo!, Inc.; Oath Holdings Inc.; and Oath, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, May 2, 2019, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case.

*/s/ William A. Hector*
William A. Hector

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on multiple occasions the parties have conferred regarding the relief requested above. The parties have reached an impasse leaving an issue ripe for the Court's resolution.

*/s/ William A. Hector*
William A. Hector