Jennifer Haltom Doan
(admitted *pro hac vice*)
Joshua R. Thane
(admitted *pro hac vice*)
J. Randy Roeser
(admitted *pro hac vice*)
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: rroeser@haltomdoan.com

William A. Hector (SBN 298490)
WAHector@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

**ATTORNEYS FOR OATH HOLDINGS INC. AND OATH, INC. (d/b/a VERIZON MEDIA)**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

DROPLETS, INC.,

Plaintiff,

v.

YAHOO!, INC.,

Defendant.

Case No. 12-cv-03733-JST

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**OATH HOLDINGS INC. AND OATH, INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE**

**<u>HEARING:</u>**

Date: September 25, 2019
Time: 2:00 p.m.
Place: 2, 4th Floor
Judge: Hon. Jon S. Tigar

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 25, 2019, at 2:00 p.m., or on another date determined by the Court, in Courtroom 2, 4th Floor, located in the United States Courthouse, 1301 Clay Street, Oakland, CA 94612, Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon Media) will and do move to intervene under Federal Rule of Civil Procedure 24.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the pleadings, papers, and entire record, oral argument in this matter, and upon such other matters as may be presented to the Court at or before the hearing on this Motion.

DATED: August 13, 2019

Respectfully submitted,

/s/ *William A. Hector*
William A. Hector

*Attorneys for Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon Media)*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 24, Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon Media) (together "Oath") seek an order permitting them to intervene in this action for the purpose of defending their technology against Droplets, Inc.'s ("Droplets") infringement allegations. Pursuant to Rule 24(c), a copy of Oath's Complaint in Intervention is attached.

## I. INTRODUCTION

This case was originally filed on September 7, 2011, and included Yahoo!, Inc.[1] ("Yahoo" or "Altaba") as a defendant. Dkt. No. 1. On May 24, 2019, Droplets served its Third Amended Infringement Contentions against Altaba with respect to U.S. Patent No. 6,687,745 (the "'745 Patent") (the only remaining valid, asserted patent), which continue to assert allegations against mail.yahoo.com; my.yahoo.com; www.yahoo.com; calendar.yahoo.com; finance.yahoo.com; and maps.yahoo.com (collectively "Accused Products"). The Accused Products are no longer owned or operated by Altaba.

On June 13, 2017, Yahoo sold its entire operating business to Verizon Communications, Inc. ("Verizon Communications"). Declaration of Joshua R. Thane in Support of Oath Holdings Inc. and Oath, Inc.'s Motion to Intervene ("Thane Decl."), Ex. 1 [Reorganization Agreement by and between Yahoo! Inc. and Yahoo Holdings, Inc.]; Thane Decl., Ex. 2 [Stock Purchase Agreement by and among Yahoo! Inc. and Verizon Communications, Inc.]. The graphic below depicts the general flow of the sale:

[1] Following completion of the sale, Yahoo!, Inc. renamed itself to Altaba, Inc. and reorganized itself as an investment fund. *See* Thane Decl. ¶6, Ex. 5 (https://www.altaba.com/investor-relations).



All Yahoo products and services (including the Accused Products), including all past, present, and future liabilities for patent infringement related to such products and services, were transferred from Yahoo to Yahoo Holdings, Inc. ("Yahoo Holdings"). *See* Thane Decl. ¶2, Ex. 1 [Reorganization Agreement by and between Yahoo!, Inc. and Yahoo Holdings, Inc.] at Sections 1.1 & 1.3. Verizon Communications then purchased 100% of the common stock of Yahoo Holdings, and assumed all liabilities of the Accused Products.[2] Thane Decl. ¶3, Ex. 2 at p. 1, 2, and 84 [Stock Purchase Agreement by and among Yahoo! Inc. and Verizon Communications, Inc.]. *See* Thane Decl. ¶4, Ex. 3 [Confidential Assignment and Transfer Agreement]. Finally, Yahoo Holdings was renamed to Oath Holdings, Inc. *See* Thane Decl. ¶5, Ex. 4 [State of Delaware Certificate of Amendment of Certificate of Incorporation of Yahoo Holdings, Inc.].

[2] *See* Section 1.1 of the Reorganization Agreement.

Because Altaba's assets after the sale "consist primarily of equity investments [e.g., primarily stock in Alibaba], short-term debt investments, and cash, the Company was required to register as an investment company under the Investment Company Act of 1940." *See* Thane Decl. ¶6, Ex. 5 (https://www.altaba.com). As an investment company, Altaba no longer owns any interest in the past, present, or future assets or patent infringement liabilities relevant to the Accused Products. *See* Dkt. No. 327 [Defendant's Motion to Substitute Parties and Amend Caption].

## II. ARGUMENT

### A. Oath's Intervention is Warranted in this Action.

Oath is the true defendant in this case. Accordingly, it moves to intervene to defend its interests in protecting the Accused Products against Droplets' infringement allegations. The Federal Rules of Civil Procedure provide two mechanisms for a non-party to intervene and participate in an ongoing action. *See* Fed. R. Civ. P. 24(a)(2) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."); Fed. R. Civ. P. 24(b)(1) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."). Here, Oath should be allowed to participate under both mechanisms.

#### 1. Oath is Entitled to Intervene as a Matter of Right.

Oath is entitled to intervene in this action as a matter of right pursuant to Rule 24(a)(2). Rule 24(a)(2) permits intervention on timely motion to anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A party seeking intervention as of right pursuant to Rule 24(a)(2) must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *United Farm Workers v. Admin.*, U.S. E.P.A., No. C 07-3950, 2008 WL 3929140, at *1 (N.D. Cal. Aug. 26, 2008). The four-part test is construed "liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Each of these factors support Oath's requests to intervene as a matter of right.

**a. Oath Has a Compelling Interest Related to the Accused Products.**

Oath owns and operates the Accused Products and has a direct interest in their continued operation free from Droplets' infringement allegations. Declaration of D. Tepstein in Support of Oath Holdings Inc. and Oath, Inc.'s Motion to Intervene ("Tepstein Decl.") at ¶¶ 6 and 9. As a party to this action, Oath will be able to protect its property and demonstrate how the Accused Products do not infringe the '745 Patent. Altaba, on the other hand, has little to no interest in the Accused Products and no knowledge about the technical design or operation of the Accused Products. *See* Dkt. No. 327 [Defendant's Motion to Substitute Parties and Amend Caption]; Tepstein Decl. at ¶¶ 6–9. Nor does Altaba have ready access to the proprietary technical documentation or highly confidential source code and engineering documents relating to the Accused Products. *Id.* at ¶ 7. [REDACTED] *See* Thane Decl. ¶2, Ex. 1 [Reorganization Agreement by and between Yahoo!, Inc. and Yahoo Holdings, Inc. at Section 7.2], Thane Decl. ¶4, Ex. 3 [Confidential Assignment and Transfer Agreement [REDACTED]];

*Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 07-2363 CW, 2008 WL 3266647, at *3 (N.D. Cal. Aug. 6, 2008) (finding a legal interest where the manufacturer could be required "to indemnify its customers for any losses they incur in an infringement suit brought against them."). And, as part of the sale of Yahoo's operating business, Altaba transferred the assets and liabilities relating to the operating business—including the contingent liabilities associated with all of Droplets' claims—to Oath. Tepstein Decl. at ¶ 8; *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG, 2017 WL 6610081, at *2 (N.D. Cal. Sep. 29, 2017) ("significantly protectable interest . . . is apparent from [intervenor's] status as host of the platform, its provision of the service to end users, and its agreement to indemnify").

For an intervenor's asserted interest to qualify as "significantly protectable" under Rule 24(a)(2), "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *See Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993); *Alisal Water*, 370 F.3d at 919 ("a non-speculative, economic interest may be sufficient to support a right of intervention."). The Ninth Circuit found that a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *See Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir.2006)).

Oath's interest in protecting the Accused Products is unquestionably substantial.

**b. The Disposition of this Action Will Impair Oath's Ability to Protect Its Interests.**

"[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should . . . be entitled to intervene." Fed. R. Civ. P. 24, Advisory Committee Notes, 1966 Amendments; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (noting that the Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes. . . .").

As discussed, Oath owns and operates the Accused Products. Tepstein Decl. at ¶¶ 6–7. An adverse finding against Altaba that the Accused Products infringe the '745 Patent will severely impair Oath's interest and ability to protect its products and brand. Tepstein Decl. at ¶ 9; *Xiaohua Huang v. Open-Silicon, Inc.*, No. 18-cv-00707-JSW (LB), 2018 WL 5099275, at *3 (N.D. Cal. Aug. 27, 2018) (granting intervention where "[a] judicial finding . . . against . . . [the defendant] 'has the potential to frustrate [the intervenor]'s customer relationships, [the intervenor]'s foothold in the marketplace, and the integrity of [intervenor]'s designs."). For example, if the outcome in this case prohibits the Accused Products from using their current method, it would effectively forbid Oath from operating websites that it purchased from Altaba. In addition, on August 2, 2019, Droplets absurdly demanded that Altaba reserve approximately $1.5 billion as security to satisfy Droplets' claim against it. Thane Decl. at ¶ 10, Ex. 7.

Moreover, the facts of this case draw similarities to a seller/manufacturer relationship. Oath owns the operating business that manufactured the products accused of infringement, Oath owns the liabilities for any infringement, and Altaba sold the accused products. In addition, in a seller/manufacturer relationship the manufacturer, like Oath in this case, typically has the vast majority of the relevant knowledge and information regarding the accused instrumentalities and the motivation to protect its products. Oath is akin to a manufacturer and Altaba a seller. When a manufacturer seeks to intervene in a suit brought against a customer, courts give an intervenor's interest greater weight. *See, e.g., Honeywell Int'l Inc. v. Audiovox Comm. Corp.*, No. Civ. A. 04-1337-KAJ et al., 2005 WL 2465898, at *4 (D. Del. May 18, 2005) (finding that a manufacturer's interest "will be impaired or affected, as a practical matter, by the disposition of the action, unless it is involved in the case directly and able to make its positions [on validity and infringement] known."); *Indus. Tech. Res. Inst. v. LG Elecs., Inc.*, No. 3:13-cv2016-GPC-WVG, 2014 WL 5325709, at *4 (S.D. Cal. Oct. 17, 2014) ("a manufacturer is uniquely situated to understand and

defend its own product, its interest are not adequately represented by existing parties to the litigation.") (internal quotes and citations omitted); *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2013 WL 6139713, at *2 (N.D. Cal. Nov. 21, 2013) (granting manufacturer and indemnifiers motion to intervene finding that "disposition of this matter may impair or impede [the manufacturer/indemnifier]'s ability to protect" its interests).

Oath's ability to absolve the Accused Products, and defend them against future litigation would be severely impaired absent Oath's intervention in this action.

**c. Oath Should be Permitted to Protect the Products It Owns.**

The Ninth Circuit has described the burden of showing whether a potential intervenor's interest is adequately represented as "minimal," noting that it is satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. *Arakaki*, 324 F.3d at 1086. In evaluating adequacy of representation, the Court examines three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* This factor also weighs in favor of intervention when the intervenor may make a more fulsome presentation of its interests. *See N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975).

Oath cannot rely on Altaba to fully protect its interest. Although Altaba has an interest in defending against Droplets' claims, it does not have the same knowledge or information as Oath regarding the Accused Products. Tepstein Decl. at ¶¶ 6–9. Thus, it is not capable of making all of the same arguments as Oath. For example, Droplets alleges induced infringement and willful infringement, which both require evidence of knowledge by the defendant. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009) (to prove inducement "plaintiff has the

burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016) (culpability for willfulness "generally measured against the knowledge of the actor at the time of the challenged conduct."). Persons who can demonstrate no knowledge by Yahoo at the time of the alleged induced infringement or willfulness, are employees of Oath, not Altaba. Further, engineers with knowledge of, and technical documentation and source code related to, the development and functionality of the Accused Products all reside with Oath. Tepstein Decl. at ¶ 7. Indeed, Oath recently received a subpoena from Altaba requesting documents relevant to Droplets' requests for production to Altaba because Oath, not Altaba, is in direct possession of the vast majority of documents Droplets seeks. *See* Thane Decl. ¶7, Ex. 6 [Subpoena from Altaba, Inc. to Oath, Inc. and Oath Holdings Inc.]. Thus, Altaba also does not have the means to develop all of the same defenses that apply to the Accused Products.

Oath is uniquely situated to defend the Accused Products and should be added to this case so that is can do just that.

**d. Oath's Motion is Timely.**

The Ninth Circuit has identified a three factor test for determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002); *Finjan*, 2017 WL 6610081, at *2.

This patent infringement case, while pending for over eight years (over five of which it was stayed), is in the very early stages. Formal discovery is just beginning, claim construction briefing has not started, expert discovery has not begun, and there is no discovery deadline or a

trial date.[3] *See* Dkt. No. 320. Further, on May 2, 2019, Altaba moved this Court to substitute Oath as the defendant in this action. Dkt. No. 327. The Court heard argument on June 20, 2019, and during the hearing counsel requested that if the Court does not substitute Oath for Altaba, then it should add Oath as a defendant. Thane Decl. at ¶ 9. To date, the Court has not ruled on the pending motion to substitute. And Oath has diligently sought to be a party to this lawsuit upon becoming aware that its interests in responding to Droplets' discovery, arguing claim construction, and otherwise defending the accused products would not be adequately protected by Altaba. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 858 (9th Cir. 2016) ("The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties"). Oath's motion to intervene is thus timely. *Sage Electrochromics*, 2013 WL 6139713, at *3 (granting intervention in spite of an "unexplained, the seven-month delay" that was deemed to be "not extraordinary.").

Oath will not use intervention as a basis for seeking an extension of any of the current deadlines set by the Court. As such, Oath's request to intervene will not prejudice any of the existing parties. If anything, Oath's intervention will simplify the case given that it possesses the proprietary source code, design and technical documentation, and internal specification and engineering documents relating to all of the Accused Products. *See* Tepstein Decl. at ¶ 7. Droplets is requesting these documents in discovery. *See* Thane Decl. ¶7, Ex. 6 [Subpoena from Altaba, Inc. to Oath, Inc. and Oath Holdings Inc.]. Moreover, persons with knowledge of how the accused products function are employees of Oath; none are employees of Altaba.

**2. Alternatively, The Court Should Grant Permissive Intervention**

If the Court determines that intervention as of right is not warranted, Oath should still be

[3] "Intervention should be allowed even after a final judgment where it is necessary to preserve some right which cannot otherwise be protected." *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir. 1953).

allowed to intervene under the permissive intervention standard. Permissive intervention is permitted on timely motion "(2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . ." Fed. R. Civ. P. 24(b)(2). This Court has a three factor test for granting permissive intervention: "(1) the [applicant] shows independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense and the main action have a question of law or fact in common." *Riverport Ins. Co. v. Oakland Cmty. Hous., Inc.*, C-08-3883 VRW, 2008 WL 11408448, at *3 (N.D. Cal. Dec. 16, 2008) (internal citations omitted); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). Court's in this District construe the 'common question' requirement liberally. *Riverport Ins.*, 2008 WL 11408448, at *3.

All permissive intervention factors are present here. First, the Court has jurisdiction—this is a patent infringement matter giving this court exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a). Second, as discussed above, Oath's motion is timely. Finally, Droplets' claims against Altaba share common questions of law and fact with the issues for which Oath seeks to intervene. For example, Droplets alleges that Altaba infringes the '745 Patent by virtue of the Accused Products. *See* Thane Decl. ¶8. The Accused Products are owned and operated by Oath. Tepstein Decl. at ¶¶ 4–6. Droplets' claims against Altaba therefore involve the same questions of validity and infringement that Oath seeks to defend by intervening. *See Xiaohua Huang*, 2018 WL 5099275, at *4 (intervenor's "claims and defenses have questions of fact and law in common with [plaintiff's] claims against [defendant and defendant's] defenses and counterclaims, including whether [intervenor's] technology . . . infringes [plaintiff's] patents and whether [plaintiff's] patents are valid."); *Sortex Co. of N. Am. v. Mandrel Indus., Inc.*, 225 F. Supp. 877, 880 (W.D. Mich. 1964) (holding that having these issues in common is sufficient to grant a motion to intervene); *HBB Ltd. P'ship v. Ford Motor Co.*, No. 92-cv-3287, 1992 WL 348870, at

*3 (N.D. Ill. Nov. 10, 1992) (allowing permissive intervention by car manufacturers in a suit against their suppliers where the identical questions of patent validity and non-infringement were raised in both cases). At minimum, Oath should be permitted to permissively intervene. *Sage Electrochromics*, 2013 WL 6139713, at *2 (finding that the manufacturer-indemnifier "has a 'claim . . . that shares with the main action a common question of law or fact,' which would ordinarily justify permissive intervention."); *Xiaohua Huang*, 2018 WL 5099275, at *4 (should the intervenor's "motion to intervene as a matter of right be denied, . . . [intervenor's] motion to permissively intervene be granted.")

Accordingly, because Oath meets the requirements for intervention as of right and permissive intervention, the Court should grant Oath's motion to intervene in this matter.

## III. CONCLUSION

Oath, not Altaba, is the real-party with an interest in the Accused Products, and it should be permitted to intervene to defend the Accused Products against Droplets' infringement allegations. Moreover, Oath's intervention will simplify these proceeding because it possesses the technical knowledge and information related to the Accused Products. As such, Oath respectfully requests that the Court grant its motion to intervene.

DATED: August 13, 2019

Respectfully submitted,

/s/ *William A. Hector*
William A. Hector

*Attorneys for Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon Media)*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, August 13, 2019, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case.

*/s/ William A. Hector*
William A. Hector

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that on multiple occasions the parties have conferred regarding the relief requested above. The parties have reached an impasse leaving an issue ripe for the Court's resolution.

*/s/ William A. Hector*
William A. Hector