SEALED BY ORDER
OF THE COURT

FILED
OCT 10 2019
SUSAN Y. SOONG
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YAHOO! INC., <br><br> Defendant. | Case No. 12-cv-03733-JST <br><br> **REDACTED** <br> **ORDER DENYING MOTION TO SUBSTITUTE PARTY AND MOTION FOR SUMMARY JUDGMENT** <br><br> Re: ECF Nos. 327, 329 <br><br> **FILED UNDER SEAL**[1] |

Before the Court is Defendant Yahoo! Inc. ("Yahoo")'s motion to substitute Oath, Inc. and Oath Holdings, Inc. (collectively, "Oath") in as defendants pursuant to Federal Rule of Civil Procedure 25(c). ECF No. 326-4. Plaintiff Droplets, Inc. opposes the motion, ECF No. 334-4, and Yahoo has filed a reply, ECF No. 348-4. Also before the Court is Yahoo's motion for summary judgment. ECF No. 328-4. Droplets opposes the motion also, ECF No. 339-4, and Yahoo has replied, ECF No. 350-4. The Court will deny both motions.

I. **BACKGROUND**

Droplets originally filed this patent infringement case against Yahoo on September 7, 2011. ECF No. 1. In its Second Amended Complaint, Droplets asserted that several of Yahoo's products were infringing its '745 Patent, including www.yahoo.com; mail.yahoo.com; and maps.yahoo.com (collectively, the "Accused Products"). ECF No. 23 at 9. The case has been stayed since September 13, 2013. ECF No. 275. The period between Droplets's original filing

---

[1] The Court has filed this order under seal because it contains material subject to sealing orders. Within seven days of the filing date of this order, the parties shall provide the Court a stipulated redacted version of this order, redacting only those portions of the order containing or referring to material for which the Court has granted a motion to seal and for which the parties still request the material be sealed. The Court will then issue a redacted version of the order.

and the resumption of litigation gave rise to several events that drive Yahoo's current motions.

First, Yahoo engaged in significant corporate restructuring. On July 23, 2016, Yahoo! Inc entered into an agreement to transfer its operating assets and liabilities to a wholly-owned subsidiary named Yahoo Holdings, Inc.[2] ECF No. 327-2 §§ 1.1, 1.3. On June 13, 2017, Yahoo sold its entire operating business, including the Accused Products, to Verizon Communications, Inc. ECF No. 327-6 ¶¶ 5-6. As part of this transaction, Yahoo transferred "all past, present and future assets or liabilities for patent infringement related to such products" to Verizon. *Id.* ¶ 6. Yahoo, Yahoo Holdings, and Verizon subsequently engaged in a complex series of transactions, as follows: First, Yahoo transferred Yahoo Holdings to Verizon. ECF No. 337-3. Second,  ECF No. 328-6. Finally, on January 1, 2018, Yahoo Holdings changed its name to Oath Holdings, Inc. ECF No. 329-5. In summary, Yahoo transferred the Accused Products to its own wholly-owned subsidiary, Yahoo Holdings, and then transferred that subsidiary to Verizon. Today, the Accused Products are owned by two wholly owned subsidiaries (collectively, "Oath") of Verizon. Following the Verizon transfer, Yahoo reorganized itself as an investment company and renamed itself Altaba, Inc. ECF No. 327-6 ¶ 7.

Second, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ECF No. 328-5. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ECF No. 328-4 at 5 n.1. ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ECF No. 328-5 at 34. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ECF No. 328-4 at 5-7. ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ECF No. 350-9. ▬▬▬▬

---

[2] The Court notes—echoing frustrations expressed by Droplets—that Yahoo's proffered timeline of its transactions with Yahoo Holdings and Verizon is not completely clear. For example, Yahoo states that it transferred its operating assets to Yahoo Holdings "at the time of" the Verizon transaction. ECF No. 326-4 at 3. Yet the "Reorganization Agreement" that Yahoo cites is dated July 23, 2016—nearly a year prior to the Verizon transfer. ECF No. 327-2.

1   ███████████████████████████████     ███████████████████████████████████
2   ██████████ ECF No. 328-4 at 5. In its opposition, █████████████████████
3   ████████████████████████████████████████████ ECF No. 334-4 at 13-14.
4   This is an issue of contract interpretation, and one that the Court will not resolve at this time. ██
5   ███████████████████████████████████████████████████████████████████████
6   ██████████████████████████ ECF No. 328-4 at 4.

7       Yahoo now argues that substitution is proper under Rule 25(c) because the interest in this case has changed hands and substitution will not prejudice the parties. ECF No. 326-4 at 4. It reasons that Oath is the successor-in-interest because Yahoo "no longer owns any interest in the past, present, or future assets or liabilities relevant to the Accused Products." *Id.* In opposition, Droplets argues that substitution is improper because substitution would alter the substantive rights of the parties. ECF No. 334-4 at 5. Droplets argues that Yahoo is seeking a "backdoor path to dismissal" by attempting to replace itself with a party (Oath) that is allegedly "judgment-proof." *Id.* Droplets points out that it is suing Yahoo, *not* Oath or Verizon, and that it is "only claiming damages for infringement during the time in which Yahoo committed acts of infringement." *Id.* at 10. Droplets argues that Verizon's agreement to assume liability for Yahoo's past infringement cannot relieve Yahoo of its liability to a third party (Droplets) without the consent of that third party. *Id.* at 11. Yahoo replies that substitution will not alter Droplets's substantive rights because Oath and Verizon have agreed to and can satisfy a judgment in this action. ECF No. 348-4 at 2. It argues that there is no controlling authority that "precludes a corporation from transferring potential future liabilities via an assignment." *Id.* at 5-6.

    Yahoo's motion for summary judgment depends on the Court substituting Oath as defendant. Yahoo argues that, ████████████████████████████████████████████████████████████████████████ ECF No. 328-4 at 5. ████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████ *Id.* at 6. Thus, Yahoo ██████████████████████████████████████████████████████████████

3

1 ████████████████████████████████████████ In other words, Yahoo asks
2 the court to substitute Oath as defendant and then to grant summary judgment because ████
3 ████████████

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Substitution is "not mandatory . . . in every case of a transfer of interest." *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir. 1949) (internal citations omitted). Rather, Rule 25(c) "leaves the substitution decision to [the trial] court's sound discretion." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). A judgment is "binding" on a successor-in-interest regardless of whether the transferee becomes the named party. *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263-64 (Fed. Cir. 1985) (internal citations omitted). Substitution is "not designed to create new relationships among parties to a suit but is designed to allow the [original] action to continue unabated when an interest in the lawsuit changes hands." *Minn. Min.*, 757 F.2d at 1263 (internal citations omitted). Thus, Rule 25(c) is primarily a "procedural" mechanism. *Hilbrands v. Far E. Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975).

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the outcome of the case. *Fresno Motors, LLC v. Mercedes Benz USA*, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). The court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1018 (9th Cir. 2010).

## III.   ANALYSIS

In the patent context, Rule 25(c) issues typically concern the substitution of a plaintiff after a patent owner transfers the patent at issue to a non-party. *See, e.g., Uniloc USA Inc. v. LG Elecs.*

1  *U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 690290, at *2 (N.D. Cal. Feb. 19, 2019). Here,
2  neither party has provided the Court with a single case addressing the substitution of a defendant,
3  without the consent of the plaintiff, based on the transfer of the infringing property at issue to a
4  non-party. For the following reasons, this will not be the first case to approve such a substitution.

5  Although Rule 25(c) "leaves the substitution decision to that court's sound discretion," *In
6  re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000), successorship status is a prerequisite for substitution,
7  *see Reibman v. Renesas Elecs. Am., Inc.*, No. 11-CV-03847-JCS, 2014 WL 251955, at *7 (N.D.
8  Cal. Jan. 7, 2014) ("[s]uccessorship status is required" for substitution); *see also In re Chalasani*,
9  92 F.3d 1300, 1312 (2d Cir. 1996) ("discretion may not be abused by allowing substitution in the
10 absence of a transfer of interest"). Generally, courts have found that an entity is the successor in
11 interest if it has been assigned all the rights to the property at issue. *See, e.g., Virgo v. Riviera
12 Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994) (finding that a corporation was a
13 successor-in-interest where it had purchased all the assets of the defendant corporation).
14 However, courts have declined to find successorship status where it was "unclear" whether a
15 transferee had assumed "all of [defendant's] potential liabilities in connection with [the] case."
16 *See Roxane Labs., Inc. v. Abbott Labs.*, No. 2:12-CV-312, 2012 WL 5511138, at *2 (S.D. Ohio
17 Nov. 14, 2012).

18 Yahoo presents strong evidence that it transferred all its interests and rights to the property
19 at issue in this case (the Accused Products) to Oath. *See* ECF No. 348-4 at 2-5. Furthermore,
20 Defendant provides four cases in which Oath was substituted for Defendant as the successor-in-
21 interest under Rule 25(c). *See AlmondNet, Inc. v. Oath Holdings, Inc.*, Case No. 1:19-cv-00247-
22 LSP, ECF No. 133 (D. Del. Feb. 25, 2019); *Hypermedia Navigations LLC v. Yahoo!, Inc.*, Case
23 No. 4:17-cv-03128-HSG, ECF No. 62 (N.D. Cal. July 12, 2017); *MyMail, LTD., v. Yahoo! Inc.*,
24 Civil Action No. 2:16-cv-01000-JRG-RSP, ECF No. 101 (E.D. Tex. July 12, 2017); *Prod. Ass'n
25 Techs., LLC v. Yahoo! Inc.*, Civil Action No. 2:17-cv-00272-JRG, ECF No. 40 (E.D. Tex. July 19,
26 2017). These cases are not helpful to the Court, because in each of them the plaintiff consented to
27 the substitution of Oath. Here, Droplets adamantly opposes such a substitution, which requires the
28 Court to examine Oath's successorship status more closely.

United States District Court
Northern District of California

Rule 25(c) is designed as a "procedural mechanism." *Reibman*, 2014 WL 251955, at *6. The purpose of substitution is not to "create new relationships among parties to a suit" but rather to "allow the [original] action to continue unabated." *In re Bernal*, 207 F.3d at 598 (internal citations omitted). Other courts have found that substitution is proper "where doing so would not affect the substantive rights of the parties." *Fashion G5 LLC v. Anstalt*, No. 1:14-CV-5719-GHW, 2016 WL 7009043, at *3 (S.D.N.Y. Nov. 29, 2016). In deciding Rule 25(c) motions, courts have considered whether substitution would leave plaintiff "without recourse," whether the transferee was "judgment-proof," and whether the transferee had assumed "any and all liabilities that might flow from the plaintiff's suit." *Id.*; *Potvin v. Speedway LLC*, 891 F.3d 410, 416 (1st Cir. 2018).

Here, allowing substitution would significantly impact Droplets' substantive rights.

First, substitution would deny Droplets its right to choose the party it sues. Because the plaintiff is the master of its complaint, courts will not override a plaintiff's choice of defendant without a compelling reason. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 387 (1987). In another patent infringement case, a defendant sought to substitute plaintiff after ownership of the patent at issue transferred to a non-party. *Reibman*, 2014 WL 251955, at *8. Despite finding that the transferee was the successor-in-interest, the court denied substitution because the transferee did not want to sue the defendant for infringement. *Id.* ("[Transferee] has never, on its own behalf, accused [Defendant] of infringement, nor has it threatened to sue."). Similarly, Droplets has stated that it does not want to sue Oath. ECF No. 339-4 at 8. As noted above, while Yahoo has cited four cases where Oath was substituted for Yahoo, the substitutions in those cases were consented to, or even initiated, by the plaintiffs. *See AlmondNet*, Case No. 1:19-cv-00247-LSP, ECF No. 133; *Hypermedia Navigations*, Case No. 4:17-cv-03188-HSG, ECF No. 62; *MyMail*, Civil Action No. 2:16-cv-01000-JRG-RSP, ECF No. 101; *Prod. Ass'n Techs.*, Civil Action No. 2:17-cv-00272-JRG, ECF No. 40. That is not the case here.

Second, substitution would alter the relationships between the parties and might even support summary judgment against Droplets. In *Fashion G5*, the court denied substitution because "the practical effect of the Defendants' request would be the dismissal of Plaintiff's claims against" the defendant. 2016 WL 7009043, at *3. In that case, the court reasoned that

6

substitution would "substantively prejudice[] the Plaintiff" in a manner inconsistent with the purpose of Rule 25(c). *Id.* Similarly, here Yahoo has filed a motion for summary judgment alongside its motion for substitution. ECF No. 328-4. In that motion, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 328-4 at 11. Thus, despite Yahoo's assertions that Oath is willing and capable of satisfying any judgment in this case, the "practical effect" of substitution—according to Yahoo's own motion—would be a dismissal of Droplets' claims. *See* ECF No. 348-4 at 6; *Fashion G5*, 2016 WL 7009043, at *3. The Court does not need to evaluate every issue identified by parties in their summary judgment briefs to find that substitution is likely to alter the substantive issues and relationships between parties in a manner that is prejudicial to Droplets and incompatible with the procedural purpose of Rule 25(c).

Finally, Yahoo's contention that it "no longer possesses the information or employees that would allow it to prove non-infringement" is beside the point. ECF No. 348-4 at 6. The Court will not usurp Droplets's rights to sue a party it may have a valid claim against because discovery is inconvenient.

Yahoo bases its motion for summary judgment on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 328-4 at 9. The Court having denied the motion to substitute, Oath is not a party in this case, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Thus, summary judgment is denied.[3]

## CONCLUSION

For the foregoing reasons, the Court hereby denies Yahoo's motion for substitution and motion for summary judgment.

**IT IS SO ORDERED.**

Dated: October 10, 2019

*/s/ Jon S. Tigar*
JON S. TIGAR
United States District Judge

---

[3] Droplets objects to new evidence submitted by Yahoo in support of its reply to its summary judgment motion. ECF No. 358. Because the Court has considered neither the evidence nor the summary judgment motion in support of which it was submitted, the objection is overruled as moot.

7