UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>YAHOO! INC.,<br><br>   Defendant. | Case No. 12-cv-03733-JST<br><br>**ORDER GRANTING OATH HOLDINGS INC. AND OATH, INC.'S MOTION TO INTERVENE**<br><br>Re: ECF No. 376 |

Before the Court is Oath Holdings Inc.'s and Oath, Inc.'s motion to intervene as defendants. ECF No. 375-4. For the foregoing reasons, the Court will grant the motion.

## I. BACKGROUND

Plaintiff Droplets, Inc. ("Droplets") is a software development corporation that focuses on the creation and delivery of "highly functional and scalable applications over the Internet." ECF No. 23 ¶ 1. On September 7, 2011, Droplets filed this patent infringement action against Amazon.com, Inc., Apple, Inc., Google Inc., Facebook, Inc., Yahoo! Inc., and YouTube, LLC. ECF No. 1. The operative second amended complaint alleges that Yahoo! Inc. ("Yahoo") infringed Droplets's '745 patent by making, using, selling, offering to sell, and/or importing particular web applications and software ("Accused Products"). ECF No. 23 ¶ 30. On September 13, 2013, this Court granted a motion to stay the case pending a decision by the U.S. Patent and Trademark Office. ECF No. 275. The litigation resumed on October 31, 2018. ECF No. 309.

During the stay, Yahoo underwent significant corporate restructuring. First, Yahoo sold its entire operating business to Verizon Communications, Inc. ECF No. 375-4 at 3; *see* ECF Nos. 376-2, 376-3. Second, Verizon Communications, Inc. purchased 100% of the common stock of Yahoo Holdings. ECF No. 375-4 at 4; *see* ECF No. 376-2 at 8-9. Third, "Yahoo holdings

transferred its intellectual property and certain contracts, including those related to the Accused Products, to Oath, Inc." ECF No. 375-4 at 4; *see* ECF No. 376-1 ¶ 4; ECF No. 375-5. Fourth, Yahoo Holdings was renamed Oath Holdings Inc. ECF No. 375-4; *see* ECF No. 376-1 ¶ 5; ECF 376-5.

As a result of these sales and acquisitions, Yahoo[1] "no longer owns any interest in the past, present, or future assets or patent infringement liabilities relevant to the Accused Products." ECF No. 375-4 at 5; ECF No. 327-6 ¶ 6. Instead, Oath, Inc. and Oath Holdings Inc. possess the source code, design and technical documentation, and internal specification and engineering documents relating to the Accused Products. ECF No. 376-9 ¶ 7.

On May 2, 2019, Yahoo filed a motion to substitute Oath, Inc. and Oath Holdings Inc. (collectively "Oath") as defendants in this action. ECF No. 327. Yahoo also filed a motion for summary judgment. ECF No. 329. On June 20, 2019, the Court heard oral argument on Yahoo's motion to substitute and motion for summary judgment. ECF No. 367. The Court denied both motions on October 10, 2019. ECF No. 411.

On August 13, 2019, Oath filed a motion to intervene as a defendant in this action "for the purpose of defending their technology against [Droplets's] infringement allegations." ECF No. 375-4 at 3. Droplets opposes the motion, ECF No. 386-4, and Oath has filed a reply, ECF No. 395-4.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. INTERVENTION AS OF RIGHT

### A. Legal Standard

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

---

[1] Following its corporate restructuring, Yahoo! Inc. renamed itself Altaba, Inc. and reorganized itself as an investment fund. *See* 376-1 ¶ 6; ECF No. 376-6. The Court refers to this company as "Yahoo" because Yahoo! Inc. remains the defendant named in this action.

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria, and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

**B. Discussion**

Oath argues that it satisfies all four criteria to intervene as of right. ECF No. 375-4 at 5-6. The Court focuses first on whether Oath's interest is "inadequately represented by the [existing] parties to the action." *Freedom from Religion*, 644 F.3d at 841. "The most important factor to determine whether a proposed intervenor is adequately represented by a present party to the action is how the intervenor's interest compares with the interests of existing parties." *Perry*, 587 F.3d at 950-51 (internal quotation marks and alteration omitted). "Where the party and the proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a compelling showing to the contrary." *Id.* (internal quotation marks omitted).

Courts assess a proposed intervenor's rebuttal arguments based on the following three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* at 952 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). An applicant for intervention has the burden to demonstrate that its interests may not be adequately represented by the existing parties to the suit. *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Oath and Yahoo share the same objective: to prove that Yahoo's products do not infringe Droplets's patent. ECF No. 386-4 at 14; ECF No. 375-4 at 3. Therefore, Oath must make a "compelling showing" that Yahoo will not mount an adequate defense against Droplets's claims. *Perry*, 587 F.3d at 952. Oath has failed in that task. First, Oath does not identify any particular arguments that it would raise but Yahoo will not.[2] *See* ECF No. 375-4 at 9-10; ECF No. 395-4 at 3-9. Second, the record before the court demonstrates that Yahoo is capable and willing to defend against Droplets's patent infringement claims. *See, e.g.,* ECF No. 329 (Yahoo's Motion for Summary Judgment); *Arakaki*, 324 F.3d at 1086-87 (finding that a proposed intervenor's interests were adequately represented when, based on the record before the court, the parties demonstrated they were capable and willing to make the intervenor's arguments). Oath argues that Yahoo cannot affectively represent its interests because Yahoo has no "ready access to the proprietary technical documentation or highly confidential source code and engineering documents relating to the Accused Products." ECF No. 375-4 at 6, 9-10. However, Yahoo can easily obtain such information. In fact, Oath has already received a subpoena from Yahoo requesting relevant documents in Oath's possession. ECF No. 376-1 ¶ 7, ECF No. 376-7. Moreover, Yahoo's "obligation to preserve evidence and provide access to relevant witnesses and documents persists

---

[2] Oath alleges that, due to its lack of access to pertinent evidence, Yahoo is "not capable of making all of the same arguments as Oath." ECF No. 375-4 at 9. The Court interprets this as an allegation regarding Yahoo's capabilities of defending against Droplets's claims. *See* ECF No. 395-4 at 7. Therefore, the Court considers this argument in its discussion of factor two.

regardless of [its] voluntary actions unrelated to this litigation." *See Lew v. Countrywide Fin. Corp.*, No. C-08-1993 SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) ("The notion that Defendants' recent merger could cause a loss of evidence is absurd."). The Court, therefore, is not persuaded by Yahoo's alleged loss of pertinent evidence due to corporate restructuring. ECF No. 375-4 at 6, 9-10.

Oath suggests that, because Yahoo is in the process of liquidating and dissolving, it lacks an ongoing incentive to protect the Accused Products. However, "ongoing" dissolution proceedings are insufficient to rebut the presumption of adequate representation. *See United States v. Ballantyne*, No. 13cv53 BTM(BLM), 2013 WL 4716234 (S.D. Cal. Sept. 3, 2013) (rejecting argument that a party's ongoing dissolution proceedings prevent it from adequately representing a proposed intervenor's interests). Moreover, even if Yahoo were to be dissolved, this action would "not abate by reason of the dissolution of the corporation." *See* Del. Code. Ann. Tit. 8, § 278.

The Court finds that Oath has not made a "compelling showing" to rebut the presumption that Yahoo will adequately represent its interests in this action. Thus, even assuming that it meets other Rule 24(a) requirements, Oath is not entitled to intervene as a matter of right. *See Perry*, 587 F.3d at 950.

## IV. PERMISSIVE INTERVENTION

### A. Legal Standard

"Permissive intervention is committed to the broad discretion of the district court." *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). Federal Rule of Civil Procedure 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (citations omitted). "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion." *Perry*, 587 F.3d at 955. Additionally, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**B.     Discussion**

Oath contends that it satisfies all permissive intervention factors. ECF No. 375-4 at 12. Droplets argues that Oath's motion is untimely and that the Court lacks an independent ground for jurisdiction. ECF No. 386-4 at 16-19.

### 1.     Independent Jurisdictional Grounds

"[T]he independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed in intervenor" brings no new state-law claims. *See Freedom from Religion Found.*, 644 F.3d at 844; 7C Charles Alan Wright et al., *Federal Practice & Procedure* § 1917 (3d ed. 2010) ("In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff."). The Court has federal question jurisdiction over this action because it arises under the patent laws of the United States. 28 U.S.C. §§ 1331, 1338(a). Oath's complaint in intervention seeks only a declaration of non-infringement. ECF No. 376-10 at 3-4. It does not bring new state-law claims. Therefore, the jurisdictional requirement does not apply in this case.

### 2.     Timeliness

"Timeliness is a flexible concept; its determination is left to the district court's discretion." *Alisal Water Corp.*, 370 F.3d at 921. Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984). In determining whether a motion for intervention is timely, courts consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange*, 799 F.2d at 537). For two reasons, the Court finds that Oath's motion is timely.

#### a.     Stage of the Proceeding

First, the case is "still in its relatively early stages." *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2013 WL 6139713, at *2 (N.D. Cal. 2013). The Court has not construed any claim terms, addressed the merits of any party's substantive claims or defenses, set

6

a discovery or expert report deadline, or set a trial date. *See id.* at *2-3 (finding an intervention motion to be timely where the Court had "not yet addressed the merits of any party's substantive contentions" or "set a final case schedule").

### b.     Prejudice to Other Parties

Second, the Court finds that intervention would not result in prejudice. In assessing prejudice to the parties, courts consider factors such as "loss of evidence, settlements made in expectation of no further claims, and the need to reopen matters previously resolved." *Northern California River Watch v. Fluor Corp.*, No. 10-cv-05105, 2014 WL 3385287, at *15 (N.D. Cal. July 9, 2014); *see Calif. Dep't of Toxic Substances Control v. World Cleaners, Inc.*, No. CV 16-6896 DSF (RAOx), 2017 WL 4769439, at *1 (N.D. Cal. Sept. 19, 2017) (finding that a motion to intervene was not timely after discovery had closed and it was "clear" that the potential intervenor "want[ed] the litigation to be essentially redone."); *United States v. Oregon*, 913 F.2d at 588-89 (finding that intervention would prejudice all parties because it would challenge a complex and delicately balanced plan achieved after four years of negotiation). Oath's intervention will not create any loss of evidence or disruption of settlement proceedings.

Droplets argues that Oath seeks to use its intervention as a tool to "relitigate an unsuccessful motion" for summary judgement. ECF No. 386-4 at 10. Oath, in contrast, asserts that it is "not going to file a second summary judgment motion" and "will not use intervention as a basis for seeking an extension of any of the current deadlines set by the Court." Neither Droplets's speculation nor Oath's reassurance are dispositive. *See League of United Latin Am. Citizens*, 131 F.3d at 1304 (1997) (finding that the parties' conflicting views as to whether the proposed intervenor intended to reopen discovery or reargue resolved issues "obviously move[d] us no closer to deciding the issue of prejudice.").

As Droplets notes in its opposition, some courts have denied motions to intervene as untimely after summary judgment proceedings. ECF No. 386-4 at 10. Unlike here, however, these cases involved motions to intervene that occurred very late in the overall litigation process. *See, e.g., Calif. Dep't of Toxic Substances Control*, 2017 WL 4769439, at *1 (finding that a motion to intervene was untimely "after discovery had closed and non-oppositions to the State's

7

motion for summary judgement were filed"); *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 676-77 (N.D. Cal. 1980) (finding prejudice where an extensively briefed and documented motion for summary judge had been argued and intervention would necessitate the reopening of discovery and delay of trial); *League of United Latin Am. Citizens*, 131 F.3d at 1303-08 (finding prejudice where the proposed intervenor sought to interject "at a time when the litigation was, by all accounts, beginning to wind itself down"). Because this Court has not yet set a discovery deadline, an expert report deadline, or a trial date in this case, Oath's intervention would not enable it "to sit on its rights for the entire litigation to see how things turn out and then move at the later stages of the case for a 'do-over.'" *Calif. Dep't of Toxic Substances Control*, 2017 WL 4769439 at *1; ECF No. 386-4 at 10. The Court, therefore, concludes that Oath's intervention would not prejudice other parties.

### c.   Reason and Length of Delay

As to the third factor, Droplets notes that this action has been pending for more than eight years and argues that Oath "could have intervened at any time." ECF No. 386-4 at 9-10. However, this case was stayed for over five years, and Oath did not own the Accused Products prior to the stay. ECF Nos. 275, 376-4, 309; ECF No. 375-4 at 3; ECF No. 376-1 ¶ 4. Six months after the stay was lifted, Yahoo filed a motion to substitute Oath, Inc. and Oath Holdings Inc. as defendants. ECF No. 327. After Droplets opposed the motion for substitution, Oath filed this motion to intervene. ECF No. 395-4. These successive motions demonstrate Oath's consistent efforts to join the litigation after the stay was lifted.

The Court agrees with Droplets that Oath has provided "no justification" for the six-month delay between the lifting of the stay and the beginning of Oath's efforts to join this litigation. ECF No. 386-4 at 11; ECF Nos. 375-4, 395-4. "Unjustified delay should not be encouraged, since the Ninth Circuit has emphasized that '[a] party seeking to intervene must act as soon as he knows or has reason to know that his interest might be adversely affected by the outcome of the litigation." *Sage Electrochromics*, 2013 WL 6139713, at *3 (quoting *Calif. Dep't. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002). At the same time, the Court must also consider the length of the delay. *Id.* While unexplained, the six-month

delay at issue here is not extraordinary. *Id.* (finding that, while unexplained, a seven-month delay was not extraordinary.). Moreover, even if the Court were to conclude that the six-month delay weighed against intervention, this finding alone would not compel the Court to deny Oath's motion as untimely. *See id.*

### 3. Common Question of Law and Fact

Oath asserts that "Droplets' claims against [Yahoo] share common questions of law and fact with the issues for which Oath seeks to intervene." ECF No. 375-4 at 12. In support, Oath highlights the common issues of validity and infringement. *Id.* Droplets's failure to respond to this argument constitutes a concession. ECF No. 386-4 at 16-18; *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013) ("The failure to respond amounts to a concession.").

### 4. Additional Considerations

Because the proposed intervenor has met the baseline requirements for permissive intervention under Rule 24(b), "the court may also consider other factors in the exercise of its discretion." *Perry*, 587 F.3d at 955. Oath contends that its "intervention will simplify the case given that it possesses the proprietary source code, design and technical documentation, and internal specification and engineering documents relating to all the Accused Products." ECF No. 375-4 at 11; ECF No. 376-9 ¶ 7. The Court agrees and finds that intervention will promote judicial efficiency because Droplets seeks discovery regarding these documents. ECF No. 376-1 ¶ 7; ECF No. 376-7; *see Jenkins v. Zweber*, No. LA CV 11-10398 JAK (VBKx), 2012 WL 13012585, at *5 (C.D. Cal. Aug. 3, 2012) ("Intervention will also promote judicial efficiency, because [the plaintiff] will likely seek discovery from [the proposed intervenor]."). Additionally, Oath's intervention does not inject any extraneous issues into the case. Intervention, therefore, is unlikely to cause undue delay or prejudice to the parties. *See* Fed. R. Civ. P. 24(b)(3); *Boardman v. Inslee*, No. C17-5255 BHS, 2017 WL 1957131, at *3 (W.D. Wash. May 11, 2017) (Because "intervention does not appear to threaten to inject any extraneous issues into the case, the Court finds that intervention is not likely to result in undue delay or prejudice to the parties.").

Droplets also contends the Court lacks jurisdiction over Oath's declaratory judgment claim

because there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ECF No. 386-4 at 17-18 (quoting *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (quotation omitted in original). It argues that "this lawsuit does not make claims against Oath" and "there is no reason to believe Droplets would sue Oath, because Oath apparently has a license to Droplets' patent." *Id.* at 18. Oath responds that "[t]here is undeniably an immediate controversy that needs resolution" because "Oath owns the past, present, and future liabilities for products that Droplets accuses of patent infringement." ECF No. 396 at 11. Although the question of the Court's subject matter jurisdiction would seem to be central to the parties' dispute, they brief the issue only sparingly.

The Federal Circuit has "developed a two-part test to determine if an 'actual controversy' exists in a general declaratory judgment action for patent non-infringement or invalidity." *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007). The test requires "both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such an activity." *Id.* (citation omitted). "[I]n determining whether a justiciable controversy is present, the analysis must be calibrated to the particular facts of each case, with the fundamental inquiry being 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1328 (Fed. Cir. 2012) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "A party may not obtain a declaratory judgment merely because it would like an advisory opinion on whether it would be liable for patent infringement if it were to initiate some merely contemplated activity." *Id.*

Here, although Droplets has not sued Oath, it does not state that it will never do so. Nor does it dispute Oath's economic interest in the assets that Droplets has claimed are infringing. The Court concludes that Oath's economic interest is sufficient to satisfy the actual controversy

requirement.  *See Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1288 (Fed. Cir. 2008) (finding requirement met where, even though patentee did not sue defendant for infringement, defendant still "has an economic interest in determining whether the '941 patent is invalid or not infringed by the drug described in its ANDA").

In sum, the Court finds that, on balance, a consideration of all pertinent factors favors permitting Oath to intervene.

## CONCLUSION

For the foregoing reasons, the Court grants Oath Holdings Inc.'s and Oath, Inc.'s motion to intervene in this action.  Oath Holdings Inc. and Oath, Inc. may file their proposed complaint within seven days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 19, 2019



_____
JON S. TIGAR
United States District Judge