1    (SEE SIGNATURE PAGE FOR ATTORNEY LIST)

2

3

4                    **IN THE UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
5                              **OAKLAND DIVISION**

6    Droplets, Inc.,                          Case No. 12-cv-03733-JST

7
              Plaintiff,                      **JOINT CASE MANAGEMENT**
8                                             **STATEMENT**

9
     v.
10

11   YAHOO!, INC.

12
              Defendant.
13

14   OATH INC. AND OATH HOLDINGS, INC.

15
              Intervenor-Plaintiffs,
16
     v.
17

18   DROPLETS, INC.,

19
              Intervenor-Defendant.
20

21   DROPLETS, INC.                           Case No. 12-cv-04049-JST (KAW)

22
              Plaintiff,                      **JOINT CASE MANAGEMENT**
23                                            **STATEMENT**

24
     v.
25

26   NORDSTROM, INC.,

27
              Defendant.
28

Counsel for Plaintiff Droplets, Inc. ("Droplets") and Defendants Yahoo! Inc. (n/k/a Altaba, Inc.) ("Altaba" or "Yahoo"), Nordstrom, Inc. ("Nordstrom"), and Intervenor-Plaintiffs Oath Inc. and Oath Holdings, Inc. (together d/b/a "Verizon Media") (collectively, "Defendants"), submit this Second Joint Case Management Statement.  Docket citations are to the *Yahoo!* Case (Case No. 3:12-cv-03733-JST) and *Nordstrom* Case (Case No. 3:12-cv-04049-JST).   On February 20, 2019, the parties submitted the first Joint Case Management Statement following a nearly 5-year stay (*Yahoo!* Dkt. No. 318, *Nordstrom* Dkt. No. 119) and the Court issued a Scheduling Order on February 28, 2019 (*Yahoo!* Dkt. No. 320, *Nordstrom* Dkt. No. 121).

## I.  Jurisdiction and Service

This Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  Venue is proper in this Court pursuant to 28 USC §§ 1391 and 1400.  All parties have been served, there are no issues relating to service of process.

## II.  Facts

### *Droplets' Statement*

#### A.  Background

Droplets is an innovative software company that was founded in March 2000 by veteran software entrepreneurs with over 15 years of experience working and innovating together.  Droplets has sold products based on its technology to Global 1000 enterprises, the U.S. armed services, independent software vendors, and application service providers.  Its patents have been licensed to Fortune 500 companies, and they have survived invalidity challenges in high-stakes litigation.  Here, Droplets asserts infringement of U.S. Patent Nos. 6,687,745 ("the '745 patent") against Yahoo and Nordstrom.   The '745 patent is directed to technology for delivering functional and scalable applications over the internet.

#### B.  Procedural Posture

In May through September 2011, through prior counsel, Droplets asserted the '745 patent and other patents, including U.S. Patent Nos. 7,502,838 ("the '838 patent") and 8,402,115 ("the '115 patent"), in three cases filed in the Eastern District of Texas ("EDTX") against several defendants.

After several severance and transfer orders, six actions existed in front of five courts.  Relevant here, the cases against Yahoo and Nordstrom, where the asserted patents included the '745 and '838 patents, were transferred to this Court in July 2012, and the two cases were related on April 30, 2013.[1]

On September 14, 2012, Google Inc. and Facebook Inc., defendants in related cases, filed a request for an *inter partes* reexamination of the '838 patent, and the Patent Office granted the request on November 15, 2012.  On September 13, 2013, this Court stayed the *Yahoo!* and *Nordstrom* cases pending the *inter partes* reexamination of the '838 patent.

In yet another related case that remained in EDTX, on January 16, 2015, a jury found Sears and Overstock infringed the '745, '838, and '115 patents.  The jury also determined that Droplets' patents were not obvious in light of the prior art presented at trial.  The jury awarded $11 million against Sears and $4 million against Overstock.  While post-trial motions were pending, the parties respectively reached a settlement, and the cases were dismissed.

The '838 patent was determined to be invalid in the *inter partes* reexamination, and this decision was affirmed by the Federal Circuit on October 17, 2017.  On October 1, 2018, the Supreme Court denied Droplets' petition for a writ of certiorari to review the Federal Circuit's decision.[2]

The '745 patent is the remaining asserted patent in this case. The principal factual issues in dispute relate to whether the Defendants' products infringe, directly or indirectly, the '745 patent, the validity of the '745 patent, and damages.  Importantly, the '745 patent has undergone *inter partes* reexamination, which was requested by Adobe Systems Inc. on August 3, 2007.  The Patent Office did not invalidate any of the claims in that process – none of the original 26 claims of the '745 patent were amended or rejected and additional claims were added (claims 27 – 104).

---

[1] A third case against Williams Sonoma, Inc. also was transferred to this Court from the EDTX.  *See* Case No. 3:12-cv-04047-JST.  In that case, the parties filed a stipulation for dismissal on June 21, 2013, and the case was dismissed on June 27, 2013.

[2] Defendants in a related case in the Southern District of New York pursued *inter partes* review of the '115 patent.  On April 19, 2018, the Federal Circuit affirmed the determination of the Patent Trial and Appeal Board that all claims of the '115 patent are invalid.  In addition, on March 9, 2015, the SDNY court granted defendants' motion for summary judgment of noninfringement of the '745 patent.  The parties filed a stipulation for dismissal on December 6, 2018, and the case was dismissed on December 10, 2018.

1

***Defendants' Joint Statement***

2        Plaintiff omits relevant procedural history from its recitation.  On March 9, 2015, with full

3 knowledge of the January 2015 jury verdict in Eastern District of Texas, summary judgment of non-

4 infringement of the '745 patent was granted in favor of six defendants in a related case that was

5 transferred to the Southern District of New York.  *See Droplets Inc. v. E\*Trade Financial Corp.*, et al.,

6 No. 1:12-cv-02326, Dkt. No. 276 (S.D.N.Y. Mar 9, 2015).  Summary judgment of non-infringement was

7 granted after the court construed certain claim terms.   In particular, the SDNY court construed

8 "interactive link" to mean: "computer code that (1) retrieves and presents applications and/or information

9 stored at remote locations across the network when selected by an end user, and (2) includes facilities for

10 restoring previous operating states of the application as the application is re-presented at a user's computer.

11 An interactive link cannot be a bookmark, cookie, shortcut, hyperlink or Internet address (URL)"—the

12 same construction adopted by this Court.  Droplets declined to appeal, and on December 10, 2018, it

13 dismissed with prejudice the action in the Southern District of New York.

14        Defendants dispute Plaintiff's allegation that it has innovated any type of technology.  They

15 also deny infringement, under any theory, of any valid and enforceable claim of the '745 patent.

16 Additionally, Defendants contend that the patent is invalid for failure to comply with one or more of

17 the requisite statutory or decisional requirements and conditions for patentability under Title 35 of the

18 United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules,

19 regulations, and laws pertaining thereto.  On November 26, 2019, Verizon Media intervened in the

20 *Yahoo* matter because it contends that it owns all the past, present, or future patent infringement

21 liabilities related to the Yahoo accused products.  Yahoo/Verizon Media also contend that Plaintiff is

22 barred from asserting its claims by, among other things, a license to practice the claims of the '745

23 patent (*see ,e.g., Yahoo!* Dkt. Nos. 326 (Motion to Substitute) and 328 (Motion for Summary

24 Judgment)).  Further, Defendants contend that Plaintiff is barred from asserting its claims by, among

25 other things, prosecution history estoppel and prosecution history disclaimer, and that waiver and other

26 affirmative defenses apply.  Finally, based on their investigation to date, Defendants contend that they

27 were not on notice of the patent until service of the Plaintiff's Complaint in this action.  Defendants

28

also reserve the right to allege that the patent is unenforceable due to inequitable conduct by the patentee.

## III.   Legal Issues

### *Droplets' Statement:*

The legal issues in dispute are:  whether the '745 patent is valid under 35 U.S.C. §§ 101-103, 112; whether the patent is enforceable under those statutes and relevant rules; whether the accused instrumentalities infringe the '745 patent under 35 U.S.C. § 271; the extent to which damages are appropriate under 35 U.S.C. § 284, including past damages and supplemental damages for any post-verdict infringement; and whether this is an exceptional case pursuant to 35 U.S.C. § 285 and the extent to which an award of fees and costs is appropriate.

### *Defendants' Joint Statement:*

The legal issues in dispute include: whether the accused instrumentalities are licensed to practice the '745 patent; whether the '745 patent is valid under 35 U.S.C. §§ 101-103, 112; whether the patent is enforceable under those statutes and relevant rules; whether Defendants infringe the '745 patent under 35 U.S.C. § 271; the extent to which damages are appropriate under 35 U.S.C. § 284, including past damages and supplemental damages for any post-verdict infringement; and whether this is an exceptional case pursuant to 35 U.S.C. § 285 and the extent to which an award of fees and costs is appropriate.

## IV.   Motions

### A.   Prior Motions

1.   MOTION to Dismiss for Lack of Venue or, Alternatively, to Certify Under 28 USC § 1292(b) and Supporting Brief by Yahoo! Inc. (*Yahoo!* Dkt. No. 32), which was later withdrawn (*Yahoo!* Dkt. No. 73)

2.   MOTION to Change Venue Pursuant to 28 U.S.C. §1404(a) by Amazon.com, Inc., Apple, Inc., Facebook, Inc., Google Inc., Yahoo! Inc., YouTube, LLC. (Dkt. No. 84), which was granted (*Yahoo!* Dkt. No. 136)

3.     MOTION to Compel / Yahoo!'s Motion to Compel Amended Infringement Contentions to Comply with Patent Rule 3-1 filed by Yahoo! Inc. (*Yahoo!* Dkt. No. 203), which was granted (*Yahoo!* Dkt. No. 258)

4.     MOTION to Substitute Party and Amend Caption filed by Yahoo! Inc. (*Yahoo!* Dkt. No. 327), which was denied (*Yahoo!* Dkt. No. 411)

5.     MOTION for Summary Judgment Based On License Agreement filed by Yahoo! Inc. (*Yahoo!* Dkt. No. 329), which was denied as moot (*Yahoo!* Dkt. No. 411)

6.     MOTION for Preclusion re Claim Construction filed by Defendants (*Yahoo!* Dkt. No. 371, *Nordstrom* Dkt. No. 132) which was granted (*Yahoo!* Dkt. No. 412, *Nordstrom* Dkt. No. 154)

7.     MOTION to Intervene filed by Oath Holdings Inc., Oath, Inc. (*Yahoo!* Dkt. No. 376), which was granted (*Yahoo!* Dkt. No. 419)

In addition, numerous procedural and administrative motions have been filed and resolved in the *Yahoo* case. Those motions include motions to file items under seal (*Yahoo!* Dkt. Nos. 326, 328, 334, 339, 348, 350, 357, 375, 386, 395), motions for extensions of time (*Yahoo!* Dkt. Nos. 17, 35, 37, 39, 78, 90, 98, 104, 107, 109, 310, 313, 315, 394, 398, 428), and motions to add or withdraw counsel (*Yahoo!* Dkt. Nos. 142, 144, 146, 147, 148, 152, 153, 154, 155, 156, 157, 162, 163, 165, 167, 168, 170, 174, 194, 195, 198, 209, 212, 282, 324, 364), various procedural motions in the Texas court (*Yahoo!* Dkt. Nos. 22, 72, 110, 112, 118), and a motion to stay (*Yahoo!* Dkt. No. 204).

Procedural and administrative motions were also filed and resolved in the *Nordstrom* case.

**B.     Pending Motions**

On November 6, 2019, Droplets and Nordstrom filed a joint discovery letter brief in which Droplets requested that the Court compel Nordstrom to produce source code and documents to comply with Patent Local Rule 3-4(a). *Nordstrom* Dkt. No. 155. Discovery disputes were referred to Magistrate Judge Kendra Westmore. *Nordstrom* Dkt. No. 156.

On December 10, 2019, Defendants filed a Motion to Strike Droplets, Inc.'s Third Amended Infringement Contentions. *See Yahoo!* Dkt. No. 424, *Nordstrom* Dkt. No. 159. Droplets has opposed

1   and Defendants have replied.  Briefing is complete and the motion is set for hearing on March 18,

2   2020.

3       **C.    Anticipated Motions**

4       ***Droplets' Statement:***

5           Droplets is continuing to investigate what documents and information Yahoo failed to maintain

6   and/or has lost, and anticipates bringing a motion for the appropriate sanctions once its investigation

7   is complete.  Droplets also may file discovery-related motions and motions for summary judgment of

8   infringement or of no invalidity.[3]  In addition, Droplets expects to file pretrial motions, such as motions

9   *in limine* and *Daubert* motions.

10      ***Defendants' Statement:***

11          Defendants anticipate filing dispositive motions, including a summary judgment motion of

12  non-infringement.  In addition, Defendants expect the parties will file pretrial motions, such as motions

13  *in limine* and *Daubert* motions, and discovery motions.  Defendants hope to avoid burdening the court

14  with discovery-related motions, however, very little discovery has taken place in this matter so the

15  necessity of such motions is unknown at this time.  Moreover, Droplets' continued request for relevant

16  documents from Yahoo when it knows the relevant documents and information now reside with

17  Verizon Media could possibly lead to motion practice.

18  **V.    Amendment of Pleadings**

19      ***Droplets' Statement:***

20          Droplets is awaiting discovery that fully shows that Verizon Media has a license to the '745

21  patent.  Should Droplets discover facts during discovery that necessitate amending any pleadings,

22  Droplets will promptly seek leave of Court to do so.

23      ***Defendants' Statement:***

24          At this time, Defendants do not believe that the parties should be permitted to amend their

25  pleadings, including as to the named parties, claims, and defenses.  As such, Defendants do not propose

26

27  [3] Yahoo has already filed a motion for summary judgment (*Yahoo!* Dkt. No. 411), and so must request
    leave of the Court and show good cause to file an additional motion for summary judgment.  Judge
28  Tigar Standing Order, Section F.  Verizon Media must also request leave of the Court and show good
    cause to file a motion for summary judgment.  2019-10-09 Hearing Tr. at 56:25-57:8.

a deadline or doing so.  Should Defendants discover facts during discovery that necessitate amending any pleadings, Defendants will promptly seek leave of Court to do so.  Further, to date, Droplets has not served any discovery on Verizon Media.

## VI.    Evidence Preservation

### *Droplets' Statement:*

Counsel for Droplets has conferred with its client and has taken reasonable steps to preserve readily-accessible evidence in its possession and control relevant to the claims or defenses in this action, including ESI.  An agreed-upon ESI order based on the ESI guidelines has been entered in the *Yahoo!* action, *Yahoo!* Dkt. 250, and the parties in the *Nordstrom* action have begun working towards the same.

Droplets is also continuing to investigate what documents and information Yahoo failed to maintain and/or lost and anticipates bringing a motion for the appropriate sanctions once its investigation is complete.

### *Defendants' Statement:*

Counsel for the parties have conferred with their clients and have taken reasonable steps to preserve readily-accessible evidence in their possession and control relevant to the claims or defenses in this action, including ESI.  An agreed-upon ESI order based on the ESI guidelines has been entered in the *Yahoo!* action, *Yahoo!* Dkt. 250, and the parties in the *Nordstrom* action have begun working towards the same.

Droplets' continued request for relevant documents from Yahoo when it knows the relevant documents and information now reside with Verizon Media is unwarranted.  Tellingly, Droplets has not served a single discovery request on Verizon Media.

## VII.   Disclosures

The parties have served initial disclosures and exchanged infringement and invalidity contentions.

## VIII.  Discovery

### A.    Discovery Taken to Date

The parties served initial disclosures (and supplements thereto) and exchanged infringement and invalidity contentions, along with accompanying document productions related to their contentions.

Droplets has previously served Defendants with three common "ESI interrogatories" and three other common interrogatories.  Defendants had replied to all six interrogatories.  Droplets has also produced hundreds of thousands of pages of documents and made source code available for inspection.

On April 19, 2019, Droplets served Defendants with its second set of common interrogatories, denominated as 4-8.  On May 20, 2019, Yahoo and Nordstrom served their initial objections and responses.

On May 10, 2019, Droplets served Altaba with Droplets' first set of 132 document requests. On June 10, 2019, Altaba served its initial responses and objections.  Prior to Droplets serving these requests, Yahoo had produced hundreds of thousands of pages of technical documents.  In addition, Verizon Media has now produced thousands of pages of additional technical documents in response to a subpoena from Altaba.

On May 10, 2019, Droplets served Nordstrom with Droplets' first set of 127 document requests.  On June 10, 2019, Nordstrom served its initial responses and objections.  Since then, Nordstrom has produced thousands of pages of responsive documents.

On June 7, 2019, Nordstrom supplemented its response to common interrogatories 1-3.

On June 18, 2019, Nordstrom served Droplets with Nordstrom's first set of 13 interrogatories and with Nordstrom's first set of 27 document requests. Droplets served its initial responses and objections on August 1, 2019.

On June 21, 2019, Droplets served its damages contentions.  On July 26, 2019, Defendants served their responsive damages contentions.

In July of 2019, Nordstrom made source code available for inspection.  Droplets inspected it that month, and then again after Nordstrom supplemented its production later that month.

On January 30, 2020, Verizon Media made source code related to the Yahoo Accused Products available for inspection.  Droplets is scheduled to inspect the source code from February 24, 2020 through February 28, 2020.

There has been only one deposition taken in this case, which related to Altaba's preservation of relevant information.

Droplets contests that either Yahoo or Droplets has satisfied their document production obligations under Patent Local Rule 3-4(a).

The parties recognize their continuing obligations under Federal Rule of Civil Procedure 26(e) to supplement their disclosures as necessary.

**B.    Limitations on Discovery**

The parties previously agreed to the following limitations on discovery (*see* February 20, 2019 Joint Case Management Statement (*Yahoo!* Dkt. No. 318, *Nordstrom* Dkt. No. 119)), disagreeing only as to the two party-specific statements set forth below:[4],[5]

1.    <u>Interrogatories</u>

Plaintiff may serve up to ten (10) Interrogatories stated identically to all Defendants and fifteen (15) interrogatories stated individually to each individual Defendant.

Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and may each individually serve up to fifteen (15) additional interrogatories on Plaintiff.

2.    <u>Requests for Admission</u>

Except for authentication, admissibility, and/or whether a document qualifies as a prior art under 35 U.S.C. § 102, Plaintiff may serve up to thirty (30) common requests for admission on Defendants in this action, which each Defendant shall answer individually, and Plaintiff may serve an additional ten (10) individual requests for admission on each Defendant in this action.

Similarly, except for authentication, admissibility, and/or whether a document qualifies as prior art under 35 U.S.C. § 102, Defendants in this action, jointly, may serve up to thirty (30) common

---

[4] **Droplets' Statement:** For the limitations on discovery set forth in this Section, for purposes of discovery of Droplets, Defendant Altaba and Intervenor-Plaintiff Verizon Media shall be treated together as a single party (a defendant). Droplets, however, will be entitled to discovery of Defendant Altaba and Intervenor-Plaintiff Verizon Media as distinct parties.

[5] **Altaba/Verizon Media's Statement:** For the limitations on discovery set forth in this Section, Defendant Altaba and Intervenor-Plaintiff Verizon Media shall be treated together as a single party (a defendant). Droplets should not be permitted to double the amount of discovery it can request related to the Yahoo accused products simply because they were sold from Yahoo to Verizon Media.

requests for admission on Plaintiff, and each Defendant in this action may serve an additional ten (10) individual requests for admission on Plaintiff.

In addition, the parties may serve an unlimited number of requests for admission to establish the authenticity of documents, admissibility of documents, and/or requests for admission as to whether a document qualifies as prior art under 35 U.S.C. § 102.

Requests for admission directed to document authentication, admissibility, and/or whether a document qualifies as prior art under 35 U.S.C. § 102 shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

3.   Fact Witness Depositions

The total number of non-expert deposition hours taken by each side, including Rule 30(b)(6) depositions, third-party depositions, inventor depositions, and other individual depositions, shall not exceed 250 hours.

As applied to Plaintiff, no more than 70 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of a single Defendant in this action, including 30(b)(6) and 30(b)(1) depositions.

As applied to Defendants, no more than 70 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of Plaintiff in this action, including 30(b)(6) and 30(b)(1) depositions.

***Droplets' Statement:***

The parties will deem the depositions of the following four named inventors to be included in this 70 hour/10 deposition limit of depositions of Plaintiff: Frank Leon Rose (Droplets Board member, employee, and shareholder); Louis M. Franco (Droplets Board member, consultant, and shareholder); Greg Blonder (Droplets Advisory Board member and shareholder); and Philip Brittan (former Droplets Board member and current shareholder).  The following three named inventors will not be deemed to be included in this 70 hour/10 deposition limit of depositions of Plaintiff in this action: Mark Cunningham; Alex Bulkin; and Matt Baskin.

***Defendants' Statement:***

There are seven named inventors of the '745 patent, and even if those witnesses are also 30(b)(1) or 30(b)(6) witnesses for Droplets, depositions of those inventors do not count against the limits in this paragraph, except (1) if those inventors are being deposed on topics unrelated to their role as inventors, the time on the record devoted to such topics shall count against the 70 hour total or (2) the deposition of any inventor as a Droplet's 30(b)(6) designee (on any topic) will count against the 10 deposition total.  In no event will these limitations operate to deprive Defendants of the opportunity to depose a named inventor on inventor-related topics.

4.    Expert Witness Depositions:

To the extent an expert report or disclosure of any expert witness testifying on behalf of Plaintiff is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant in this action, such expert may be deposed for an additional four (4) hours per additional Defendant in this action addressed, not to exceed thirty-five (35) hours regardless of the number of Defendants in this action addressed, and in no event shall any one Defendant in this action depose such expert concerning such report or disclosure for more than seven (7) hours.

To the extent an expert report or disclosure of any expert witness testifying on behalf of multiple Defendants in this action is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant in this action, such expert may be deposed for up to four (4) additional hours per additional Defendant in this action addressed not to exceed thirty-five (35) hours regardless of the number of Defendants in this action addressed, and in no event shall Plaintiff depose such expert concerning the alleged activities of any one particular Defendant in this action addressed in such report or disclosure for more than seven (7) hours.

**C.    Cooperation in Discovery**

The parties agree to cooperate in good faith to minimize redundancy in discovery, such as with depositions of party witnesses.

**D.    Protective Order and Discovery of ESI**

Droplets and Yahoo have agreed to ESI and protective orders.  *See Yahoo!* Dkt. Nos. 250, 251. Verizon Media agrees to abide by these orders.  Droplets and Nordstrom have agreed to a protective order, *Nordstrom* Dkt. 48, and have begun working towards an ESI order.

### E.      Privilege and Privilege Logs

By the time set out in the Proposed Schedule included in Section 17, the parties must exchange privilege logs indicating any material information otherwise discoverable that is being withheld as privileged. Fed. R. Civ. P. 26(b)(5).  The parties have agreed by stipulation to Appendix A.

### F.      Service by Email

The parties agree that all documents will be served electronically by email, except that documents too large for email service shall be timely made available on an FTP or similar file-sharing service and accompanied by an email describing the documents served.

## IX.   Class Actions

This is not a class action.

## X.   Related Cases

There are currently no related cases pending before any court.

## XI.   Relief

Droplets seeks a judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '745 patent; a judgment and order enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '745 Patent; a judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed; a declaration that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award of Plaintiff's attorneys' fees; in the event injunctive relief is not granted as requested by Droplets, an award of a compulsory future royalty; and an award of all costs of this action.

Defendants/Intervenor-Plaintiff seek a declaration that Defendants have not infringed, either directly or indirectly, the '745 patent; a declaration that the '745 patent is invalid or unenforceable; a declaration that this is an exceptional case under 35. U.S.C. § 285 and an award of reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and that the Court aware any other further relief the Court may deem just and proper.

## XII.   Settlement and ADR

*Droplets' Statement:*

Droplets believes that settlement discussions may be beneficial for the parties.  Droplets and Nordstrom are set to mediate the matter before Retired Judge Vaughn Walker on March 25, 2020. Droplets is willing to work with Yahoo to schedule a private mediation, and proposes the Court require the parties to seek private mediation thirty 30 days following the Case Management Conference (subject to mediator's availability).

*Altaba/Verizon Media's Statement:*

Altaba and Verizon Media believe settlement discussions may be beneficial to the parties. In that vein, they are willing to work with Droplets to schedule a private mediation.

**XIII.   Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV.   Other References**: None

**XV.   Narrowing of Issues**

*Droplets' Statement:*

Droplets proposes the following process for limiting the number of asserted claims and asserted prior art references:

- 60 days before the end of fact discovery, Droplets limits the number of asserted claims against each Defendant to no more than ten (10) claims; and

- 30 days before the end of fact discovery, Defendants are required to reduce the number of asserted prior art references to no more than twenty (20) total between them (where a combination of references is counted as a reference for purposes here).

Droplets' proposal is predicated on the parties making good faith efforts to provide the relevant discovery sufficiently in advance of the proposed deadlines.

*Defendants' Statement:*

In response to Droplets' statement, Defendants are amenable to Droplets' limiting the number of asserted claims, and agrees that it should do so promptly.   Plaintiff's request to limit the number of prior art references that Defendants may cite is premature and unwarranted.  As this Court has stated,

"[w]hile a reduction in the number of claims provides obvious efficiencies to decide infringement and invalidity issues, similar efficiencies are not created by reducing the number of prior art references. In fact, it has little impact beyond the number of references considered in an expert report." *DCG Systems,* C.A. No. 11-cv-03792 PSG, Dkt. No. 108 (N.D. Cal. Aug. 20, 2012) (Grewal, M.J.).

If Defendants are to limit the number of prior art references, the following schedule should apply. For purposes of this narrowing of prior art references, each obviousness combination counts as a separate prior art reference but each piece of evidence that comprises the combination, unless used as its own anticipatory reference, does not.

- No later than 30 days after the February 25, 2020, Scheduling Conference, Droplets shall limit the number of asserted claims to no more than 10 claims. No later than 30 days after receiving the list of narrowed claims, Defendants shall limit their prior art references to no more than 20 references.

- No later than 28 days before the service of expert reports by the party with the burden of proof, Droplets shall limit the number of asserted claims to no more than 5 claims from among the 10 asserted claims previously identified. By the date set for service of expert reports by the party with the burden of proof, Defendants shall limit their prior art reference to no more than 10 references from among the 20 prior art references previously identified.

## XVI.   Expedited Trial Procedure

The parties agree that it is not appropriate to expedite this case under the Expedited Trial Procedure of General Order No. 64.

## XVII.  Scheduling

### Droplets' Proposed Schedule:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to exchange privilege logs | TBD (the parties to confer on the appropriate date for the exchange) |
| Deadline for completion of all fact discovery | Thursday, July 16, 2020 |

| | |
|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | Thursday, August 20, 2020 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | Thursday, September 17, 2020 |
| Deadline for completion of all expert discovery | Thursday, October 15, 2020 |
| Deadline for dispositive and *Daubert* motions | Wednesday, November 11, 2020 |
| Deadline for oppositions to dispositive and *Daubert* motions | Wednesday, November 25, 2020 |
| Deadline for replies to dispositive and *Daubert* motions | Wednesday, December 2, 2020 |
| Hearing on dispositive and *Daubert* motions | Wednesday, December 16, 2020 or subject to Court's availability |
| Pretrial Conference | Wednesday, January 27, 2021 or subject to Court's availability |
| First Trial | Monday, February 8, 2021 or subject to Court's availability |
| Second Trial | At least 3 weeks after the first trial, subject to Court's availability |

***Defendants' Proposed Schedule:***

| **PRETRIAL EVENTS** | **DEADLINES** |
|---|---|
| Deadline to exchange privilege logs | TBD (the parties to confer on the appropriate date for the exchange) |
| Deadline for completion of all fact discovery | Friday, December 4, 2020 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | Thursday, January 21, 2021 |

| | |
|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | Thursday, February 18, 2021 |
| Deadline for completion of all expert discovery | Friday, March 17, 2021 |
| Deadline for dispositive and *Daubert* motions | Thursday, April 15, 2021 |
| Deadline for oppositions to dispositive and *Daubert* motions | Thursday, May 6, 2021 |
| Deadline for replies to dispositive and *Daubert* motions | Tuesday, May 20, 2021 |
| Hearing on dispositive and *Daubert* motions | June 2, 2021or subject to Court's availability |
| Pretrial Conference | Subject to Court's availability |
| Trials | Subject to Court's availability, with the second trial occurring at least 3 weeks after the first trial |

## XVIII. Trial

The parties have demanded jury trials.  Droplets' believes a 5-day trial (assuming approximately 7 hours of Court time per day) for each Defendant is sufficient.  Defendants believe a 10-day trial is necessary in light of, *inter alia*, the disparate accused instrumentalities and the number of inventors.

## XIX.   Disclosure of Non-party Interested Entities or Person

Certificates of Interested Persons or Entities, Civil Local Rule 3-16, have been filed.

## XX.   Professional Conduct:

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.   Other Matters

None.

1

2

Dated: February 19, 2020

3

*/s/ Khue V. Hoang*_____

Courtland L. Reichman (CA Bar No. 268873)

4

creichman@reichmanjorgensen.com

Shawna L. Ballard (CA Bar No. 155188)

5

sballard@reichmanjorgensen.com

Michael G. Flanigan (CA Bar No. 316152)

6

mflanigan@reichmanjorgensen.com

Kate M. Falkenstien (CA Bar No. 313753)

7

kfalkenstien@reichmanjorgensen.com

REICHMAN JORGENSEN LLP

8

100 Marine Parkway, Suite 300

Redwood Shores, CA 94065

9

Telephone: (650) 623-1401

Facsimile: (650) 623-1449

10

11

Khue V. Hoang (CA Bar No. 205917)

khoang@reichmanjorgensen.com

Jaime F. Cardenas-Navia

12

(admitted *pro hac vice*)

jcardenas-navia@reichmanjorgensen.com

13

REICHMAN JORGENSEN LLP

750 Third Avenue, Suite 2402

14

New York, NY 10017

Telephone: (212) 381-1965

15

Telecopier: (650) 623-1449

16

ATTORNEYS FOR PLAINTIFF

DROPLETS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Jennifer H. Doan (w/ permission)*

Jennifer H. Doan

(admitted *pro hac vice*)

Texas Bar No. 08809050

Joshua R. Thane

(admitted *pro hac vice*)

Texas Bar No. 24060713

HALTOM & DOAN

6500 Summerhill Road, Suite 100

Texarkana, TX  75503

Telephone: (903) 255-1000

Facsimile: (903) 255-0800

Email:  jdoan@haltomdoan.com

Email:  jthane@haltomdoan.com

William A. Hector (SBN 298490)

WAHector@Venable.com

VENABLE LLP

101 California Street, Suite 3800

San Francisco, CA  94111

Telephone: (415) 653-3750

Facsimile: (415) 653-3755

ATTORNEYS FOR DEFENDANT

YAHOO! INC. and INTERVENOR

PLAINTIFFS OATH INC. and OATH

HOLDINGS, INC.

*/s/ Benjamin M. Kleinman (w/ permission)*

KILPATRICK TOWNSEND &

STOCKTON LLP

Jordan Trent Jones

(State Bar No. 166600)

jtjones@kilpatricktownsend.com

1080 Marsh Road

Menlo Park, CA 94025

Telephone: (650) 752 2433

Facsimile: (650) 326 2422

Benjamin M. Kleinman

(State Bar No. 261846)

bkleinman@kilpatricktownsend.com

Two Embarcadero Center Suite 1900

San Francisco, CA 94111

Telephone: (415) 273-7122

Facsimile: (415) 723-7122

ATTORNEYS FOR DEFENDANT

NORDSTROM, INC.

1

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2       Pursuant to N.D. Cal. Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3   document has been obtained from each of the other signatories.

4

5       Dated: February 19, 2020                    _____*/s/ Khue V. Hoang*_____

                                                         Khue V. Hoang

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Appendix A

**Privilege and Privilege Logs**

(a) Privileged materials created after the date of filing of this lawsuit need not be identified on a privilege log, unless a Defendant intends to rely on opinion of counsel as a defense to willfulness; Any documents or information not produced to the other side on the basis of privilege or discovery exemption will not be used as an exhibit at trial;

(b) Nothing in this Joint Report shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, during which the contested privileged materials may be submitted to the Court under seal/in camera for the Court by the party claiming privilege to determine whether any privilege applies. Such written challenge may include sufficient information regarding the content of the allegedly privileged materials in question to allow the challenging party to explain the basis for the challenge, provided that such information is submitted to the Court under seal/in camera. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

**Discovery from Experts**

(a) **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — by the time set out in the Proposed Schedule included in Section 17. Each party is limited to three testifying experts.

**(b) <u>Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:</u>** Each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — by the time set out in the Proposed Schedule included in Section 17**.**

**(c) <u>Rebuttal Expert(s):</u>** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

**(d) <u>Challenges to Experts:</u>** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than by the time set out in the Proposed Schedule included in Section 17**.**

**(e) <u>Production Requirements for Experts:</u>** A testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this litigation.