UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>YAHOO! INC.,<br><br>      Defendant. | Case No. 12-cv-03733-JST<br><br>**SCHEDULING ORDER AND ORDER OF CONSOLIDATION** |
| OATH, INC., et al.,<br><br>      Intervenor-Plaintiffs,<br><br>    v.<br><br>DROPLETS, INC.,<br><br>      Intervenor-Defendant | |
| DROPLETS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>NORDSTROM, INC.,<br><br>      Defendant. | Case No. 12-cv-04049-JST |

For the administrative convenience of the parties and the Court, and on the Court's own motion, these cases are now consolidated for all purposes. Fed. R. Civ. P. 42(a). Case No. 12-cv-03733-JST shall be the lead case and referenced in the caption of all pleadings. All documents

shall be filed in the lead case.  Pursuant to Federal Rule 42(b), the Court will conduct separate trials of the '3733 and '4049 cases.

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
| --- | --- |
| Fact discovery cut-off | October 2, 2020 |
| Expert disclosures | October 30, 2020 |
| Expert rebuttal | November 24, 2020 |
| Expert discovery cut-off | December 22, 2020 |
| Deadline to file dispositive and *Daubert* motions | January 20, 2021 |
| Dispositive and *Daubert* motion oppositions due | February 10, 2021 |
| Dispositive and *Daubert* motion replies due | February 24, 2021 |
| Hearing on dispositive and *Daubert* motions | March 17, 2021 |
| Pretrial conference statement due | May 14, 2021 |
| First pretrial conference | May 21, 2021 at 2:00 p.m. |
| First trial | June 21, 2021 at 8:00 a.m. |
| Estimate of trial length (in days) | 12 |
| Pretrial conference statement due | August 6, 2021 |
| Second pretrial conference | August 13, 2021 |
| Second trial | September 13, 2021 |
| Estimate of trial length (in days) | 12 |

These cases will be tried to a jury.  The Court will determine later which case proceeds first to trial.

In addition to the foregoing deadlines, either a jointly proposed ESI order or competing proposed orders are due in the *Nordstrom* action by March 13, 2020. If the parties submit competing orders, the Court will endeavor to choose, in all respects, the single proposal it concludes is most reasonable. *See* Michael Carrell & Richard Bales, *Considering Final Offer Arbitration to Resolve Public Sector Impasses in Times of Concession Bargaining,* 28 Ohio St. J. on Disp. Resol. 1, 20 (2013) ("In baseball arbitration . . . the parties . . . have every incentive to make a reasonable proposal to the arbitrator because the arbitrator will choose the more reasonable offer.").

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

The Court has set dispositive and *Daubert* motion deadlines which allow enough time for the Court to consider any such motions well in advance of trial. The parties should assume that any subsequent continuance of the dispositive or *Daubert* motion deadlines, or any enlargement of the dispositive or *Daubert* motion briefing schedule, will result in a continuance of the pretrial conference and trial dates of equal or greater length.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates. All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm. Requests for continuance are disfavored. The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance. The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

**IT IS SO ORDERED.**

Dated: February 27, 2020



_____
JON S. TIGAR
United States District Judge