UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>YAHOO! INC.,<br><br>    Defendant. | Case No. 4:12-cv-03733-JST  (KAW)<br><br>**ORDER REGARDING 4/7/2020 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 461 |

On April 7, 2020, Plaintiff Droplets, Inc. and Defendant Nordstrom, Inc. filed a joint discovery letter pertaining to alleged deficits in Nordstrom's document production made in connection with its first amended invalidity contentions, served on April 26, 2019. (Joint Letter, Dkt. No. 461 at 1.) Therein, Droplets identified five areas of the production that it believed was deficient:

> • From June 14, 2012 through May 9, 2019 (when Droplets served its Second Amended Infringement Contentions), Nordstrom produced only 8 documents.
>
> • Over the ensuing six months, during which Droplets was actively pressing Nordstrom to comply with Patent L.R. 3-4(a), Nordstrom produced just 174 more documents.
>
> • In December of 2019, after a prior version of this Joint Letter was filed with Judge Tigar, Nordstrom made a supplemental production that contained technical documents only for the 2004-2010 timeframe, *i.e.*, it is missing documents for the past decade. When asked to explain this extensive gap in its technical document production, counsel for Nordstrom stated that they were not presently aware that Nordstrom had any additional technical documents to produce, and suggested that various "system changes" may have resulted in the loss of documents, but could not provide specifics.
>
> • No marketing, advertising, or supporting documents for the accused instrumentalities (which relate to Droplets' induced infringement claims) have been produced to date.

> • Nordstrom's source code production (which first became available in July 2019) still lacks critical aspects. Droplets has promptly notified Nordstrom of the deficiencies, but Nordstrom has refused to cure them.

(Joint Letter at 1-2.) The crux of Droplets's infringement claim is that various interactive features on Nordstrom's website infringe on its '745 patent, including the "Search Suggest" functionality, which provides search suggestions when the user types in the search bar. (Joint Letter at 2.) With Search Suggest, each time a user enters text in the search bar, a "GET" request is sent from the client computer to a Nordstrom server. *Id.* After the GET request is processed, a responsive message is sent back to the client that contains the information for the client to display search suggestions and thumbnail pictures of products. *Id.* Droplets argues that the search suggestions are based on the client's operating environment, because the suggestions are different for mobile devices as compared to computers. *Id.* Droplets does not know, however, which operating environment information is used by Nordstrom's servers or how and when it is used. *Id.* When Droplets consultants and attorneys reviewed the source code that Nordstrom made available, it became apparent that necessary code was not produced. *Id.* at 3. The parties held a meet and confer on March 31, 2020, where Nordstrom claimed that the code may not exist. *Id.* On April 3, 2020, Nordstrom informed Plaintiff that it had just discovered data repositories that may contain responsive code. *Id.*

In response, Nordstrom contends that it has not withheld any source code on the basis that it was once used but is no longer used, or that it is part of the Accused Instrumentalities but is not relevant. (Joint Letter at 4.) Nordstrom acknowledges that it has recently "realized that certain repositories that may have relevant server side code had not been searched." (Joint Letter at 5.) Nordstrom provides that the collection is in process and that the responsive code will be made available for inspection, but does not provide a date by which the production will be made. *See id.* As for the technical and other documents, Nordstrom has "redoubled its document collection efforts," which includes revisiting its collection of current and historical technical documents. *Id.*

In light of the foregoing, Nordstrom is ordered to conduct an exhaustive search and produce the missing documents and source code within 30 days of this order. If relevant documents or source code have not been retained, Nordstrom must explain why. If the COVID-19

1  pandemic and resulting shelter-in-place orders continue, the parties shall meet and confer
2  regarding whether a secure means exists to produce the source code remotely or if precautions
3  may be taken to enable Droplets to safely review the source code on a secure computer.
4      IT IS SO ORDERED.
5  Dated: April 27, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge