1   Jennifer Haltom Doan
    (admitted *pro hac vice*)
2   Joshua R. Thane
    (admitted *pro hac vice*)
3   J. Randy Roeser
    (admitted *pro hac vice*)
4   HALTOM & DOAN
5   6500 Summerhill Road, Suite 100
    Texarkana, TX 75503
6   Telephone: (903) 255-1000
7   Facsimile: (903) 255-0800
    Email: jdoan@haltomdoan.com
8   Email: jthane@haltomdoan.com
    Email: rroeser@haltomdoan.com
9
10  William A. Hector (SBN 298490)
    WAHector@venable.com
11  VENABLE LLP
    101 California Street, Suite 3800
12  San Francisco, CA  94111
    Telephone: (415) 653-3750
13  Facsimile:  (415) 653-3755

14  **ATTORNEYS FOR INTERVENOR-PLAINTIFFS**
15  **OATH HOLDINGS INC. AND OATH, INC.**
    **(d/b/a VERIZON MEDIA)**
16
                    **UNITED STATES DISTRICT COURT**
17                **NORTHERN DISTRICT OF CALIFORNIA**
                         **OAKLAND DIVISION**
18

19  DROPLETS, INC.,

20                  Plaintiff,                    Case No. C 12-03733-JST (KAW)

21          v.                                    **REDACTED VERSION OF DOCUMENT**
                                                  **SOUGHT TO BE SEALED**
22  YAHOO!, INC.,
                                                  **VERIZON MEDIA'S MOTION FOR**
23                  Defendant.                    **SUMMARY JUDGMENT BASED ON**
                                                  **LICENSE AGREEMENT**
24  OATH, INC. AND OATH HOLDINGS INC.
    (d/b/a VERIZON MEDIA)                         **ORAL ARGUMENT REQUESTED**
25
                 Intervenor-Plaintiffs,          **HEARING:**
26      v.
                                                  Date:     June 24, 2020
27  DROPLETS, INC.,                               Time:     2 p.m.
                                                  Place:    Courtroom 6 – 2nd Floor
28               Intervenor-Defendant.            Judge:    Hon. Jon S. Tigar

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on June 24, 2020, at 2 p.m., or on another date determined

4

5

by the Court, in Courtroom 6 – 2nd Floor, located in the United States Courthouse, 1301 Clay

6

Street, Oakland, CA 94612, Intervenor-Plaintiffs Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon

7

Media) (together, "Verizon Media") will and do move the Court for an order granting summary

8

judgment of non-infringement.

9

As set forth in the attached Memorandum and Points of Authorities, summary judgment in

10

favor of Verizon Media is appropriate because the Patent License Agreement between RPX

11

Corporation and Plaintiff Droplets, Inc. provides Verizon Media, an Affiliate of Verizon Patent

12

and Licensing Inc., the Accused Products and Covered Third Parties a license to practice U.S.

13

Patent No. 6,687,745, the only patent-in-suit.  Because Verizon Media, the Accused Products and

14

15

Covered Third Parties are licensed under the Agreement, this action should be dismissed.

16

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

17

Authorities, the pleadings, papers, and entire record, oral argument in this matter, and upon such

18

other matters as may be presented to the Court at or before the hearing on this Motion.

19

20

DATED: May 13, 2020                                        Respectfully submitted,

21

                                                           */s/ William A. Hector*
22                                                         William A. Hector

23                                                         *Attorneys for Intervenor-Plaintiffs Oath*
                                                           *Holdings Inc. and Oath, Inc. (d/b/a Verizon*
24                                                         *Media)*

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

Page

3    MEMORANDUM OF POINTS AND AUTHORITIES.................................................. 1

4    I.    STATEMENT OF ISSUES TO BE DECIDED ...................................... 2

5    II.   STATEMENT OF RELEVANT FACTS............................................... 2

6          A.    Verizon Patent and Licensing Inc. is an RPX Member.................... 2

7          B.    Verizon Communications Inc. is a Verizon Affiliate ..................... 3

8          C.    Verizon Media is a Verizon Affiliate ................................... 4

9          D.    The Accused Products' "Licensed Products and Services"
                 Status....................................................................... 7

10

11         E.    The Accused Products are Owned and Operated by Verizon
                 Media......................................................................... 9

12         F.    Yahoo n/k/a Altaba's "Covered Third Part[y]" Status.................. 11

13         G.    Droplets' Agreement Not to Sue..................................... 12

14   III.  ARGUMENT ...................................................................... 13

15         A.    Verizon Media is Licensed under the Agreement .................... 14

16         B.    The Accused Products are Licensed under the Agreement .......... 16

17         C.    Yahoo n/k/a Altaba is a Covered Third Party under the
                 Agreement.................................................................. 18

18

19         D.    Droplets is Required to Dismiss the Case ........................... 19

20         E.    Droplets' Attempt to Create a Factual Dispute Through
                 Discovery.................................................................... 21

21   IV.   CONCLUSION ................................................................... 22

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

**Page(s)**

2

**CASES**

3

*Cerritos Valley Bank v. Stirling,*
  81 Cal. App. 4th 1108, 97 Cal. Rptr. 2d 432 (2000)............................................. 22

4

5

*Digitech Image Techs. LLC v. LG Elecs., Inc.,*
  CV 15-34-SLR, 2015 WL 6697263 (D. Del. Nov. 3, 2015)................................... 21

6

*Fortec Constructors v. U.S.,*
  760 F.2d 1288 (Fed. Cir. 1985)............................................................................. 17

7

8

*Funai Elec. Co. v. Daewoo Elecs. Corp.,*
  No. C-04-01830 JCS, 2008 WL 8969091 (N.D. Cal. July 22, 2008) ..................... 9

9

*FutureVision.com, LLC v. Cequel Communications, LLC,*
  CV 13-855-GMS-MPT, 2016 WL 373790 (D. Del. Feb. 1, 2016)........... 15, 18, 19

10

11

*Integrated Global Concepts, Inc. v. j2 Global, Inc.,*
  Civ. No. C-12-03434-RMW, 2014 WL 1230910
  (N.D. Cal. Mar. 21, 2014)..................................................................................... 14

12

*McCoy v. Mitsuboshi Cutlery, Inc.,*
  67 F.3d 917 (Fed. Cir. 1995)................................................................................. 13

13

14

*Powerine Oil Co., Inc. v. Superior Court,*
  37 Cal. 4th 377 (2005) .......................................................................................... 14

15

*Ray v. Alad Corp.,*
  19 Cal. 3d 22, 560 P.2d 3 (1977)............................................................................ 9

16

17

*Seoul Laser Dieboard Sys. Co. v. Computerized Cutters, Inc.,*
  No. 15-CV-1212-H-DHB, 2015 WL 12081336
  (S.D. Cal. Dec. 22, 2015) ..................................................................................... 13

18

*U.S. v. Johnson Controls, Inc.,*
  713 F.2d 1541 (Fed. Cir. 1983)............................................................................. 17

19

20

*United States v. King Features Entm't, Inc.,*
  843 F.2d 394 (9th Cir. 1988) ................................................................................ 13

21

*Wolf v. Superior Court,*
  114 Cal. App. 4th 1343 (2004) ............................................................................. 14

22

23

*Wolf v. Walt Disney Pictures & Television,*
  162 Cal. App. 4th 1107 (2008) ............................................................................. 22

24

**STATUTES**

25

Cal. Civ. Code § 1641 ...........................................................................16, 17, 19

26

Cal. Civ. Proc. Code § 1856(a); ................................................................... 22

27

28

**RULES**

Fed. R. Civ. P. 56(a) ........................................................................................................... 13

## MEMORANDUM OF POINTS AND AUTHORITIES

As Affiliates of Verizon Patent and Licensing Inc. ("Verizon Patent and Licensing"), an RPX Member, Intervenor-Plaintiffs Oath Holdings Inc. and Oath, Inc. (d/b/a Verizon Media) (together, "Verizon Media") have a license to practice U.S. Patent No. 6,687,745 (the "'745 Patent")—the only remaining patent-in-suit. This license is the result of the Patent License Agreement ("Agreement") between Plaintiff Droplets, Inc. ("Droplets") and RPX Corporation ("RPX")[1] , dated December 18, 2012. *See* Roeser Decl. ¶2, Ex. 1 [Agreement] at 2-5; 7-9 at § 1.2. Droplets and its CEO, David Berberian, Jr., negotiated and agreed to the terms of the Agreement, ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████ Importantly, these terms cover all of the alleged infringement by the Accused Products[2] in this case.

In exchange for that substantial sum, Droplets agreed to a broad license that covers and grandfathers in the alleged infringement of which Droplets now complains. Under the terms of the Agreement, ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████ Agreement at ████████ ████. Moreover, the Agreement requires ███████████████████████████ ██████████████████████████████████████████████████████████

---

[1] RPX is a patent aggregator, an entity that licenses patents from patentees and then sublicenses those patents.

[2] Accused Products include all of the products accused of infringement in Droplets' Third Amended Infringement Contentions, and is defined as: mail.yahoo.com; my.yahoo.com; www.yahoo.com; calendar.yahoo.com; finance.yahoo.com; maps.yahoo.com; search.yahoo.com; and Yahoo Toolbar.

█████████████████████████████████████████████████████████

█████████████████████████████████  Agreement at ████████████████ Droplets

cannot avoid the plain reading of the terms it negotiated or the breadth of the license it granted in

order to gain a windfall—a bonus payment for alleged infringement for which it has already been

compensated by RPX.   The broad terms of the Agreement are not new to Droplets.   And this

lawsuit must be dismissed because of the unambiguous terms Droplets itself negotiated.

Because these issues can be resolved merely by construing the Agreement[3]—a matter of

law—there is no issue of material fact to preclude the Court from granting summary judgment of

non-infringement based upon the Agreement.

## I.    STATEMENT OF ISSUES TO BE DECIDED

1. Whether Verizon Media is licensed to practice the '745 Patent under the terms of the Agreement?

2. Whether the Accused Products are licensed to practice the '745 Patent under the terms of the Agreement?

3. Whether Yahoo n/k/a Altaba is a Covered Third Party under the Agreement?

4. Whether Droplets is improperly maintaining this lawsuit by suing or threatening to sue any RPX Affiliate, any RPX Member, any RPX Licensee, any RPX Licensee Affiliate or any Covered Third Party?

## II.    STATEMENT OF RELEVANT FACTS

### A.    Verizon Patent and Licensing Inc. is an RPX Member

On December 18, 2012, RPX and Droplets entered into the Agreement wherein, █

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████  Agreement at ████████████████████████████████

████████████████████████████████████████████████████████

---

[3] *See* Dkt. No. 411 at p.3 ("This is an issue of contract interpretation…").

1 ██████ [4].   Agreement at █; Agreement, ████████; Agreement, ████████ Droplets

2 acknowledges this fact.  *See* Dkt. No. 332 at 6 ████████████████████

3 ██████. The Agreement ████████████████████████████████

4 ████████████████████████████████████████████

5 ████████████████████████████████████████████

6 ████████████████████████████████████████████

7 Agreement at ██████; Dkt. Nos. 228, 229, 233, 234, and 236.  As such, it is beyond dispute that

8 Verizon Patent and Licensing has a license to the '745 Patent.

9

██████████████████████████████████████████████

17    **B.    Verizon Communications Inc. is a Verizon Affiliate**

18        Further, the Agreement ████████████████████████████████

19 ████████████████████████████████. With respect to Verizon, █

20 ████████████████████████.  Agreement at █.  Per the Agreement, ████████

21

22 ████████████████████████████████████████████

23 ████████████████████████████████████████████

24

─────────────

25    [4] A copy of Verizon Patent and Licensing's RPX Membership and License Agreement is
26 attached.  *See* Roeser Decl. ¶3, Ex. 2 [Verizon/RPX Membership Agreement]; Roeser Decl. ¶¶4-
10, Exs. 3-9 [Verizon/RPX Membership Amendments].

1 ██████████████████████████████████████████████████████████████

2 ████████████████████████████[5]. Verizon Communications Inc. ("Verizon Communications") ████

3 ████████████████████████████████ *See* Roeser Decl. ¶¶11-12, Exs. 10-11 ████████

4 █████████████████████████. As such, Verizon Communications has a license to practice the '745

5 Patent.

6

7 ████████████████████████████████████████████████████████████████

8

9

10

11

12

13

14

15 ## C.    Verizon Media is a Verizon Affiliate

16 On June 13, 2017, Yahoo sold its entire operating business, including all assets and

17 liabilities for patent infringement, to Verizon Communications—an acquisition years in the

18 making and unrelated to Droplets or this lawsuit. *See* Gupta Decl. at ¶5; Parry Decl. at ¶5.  All of

19 Yahoo's products and services (including the Accused Products) were transferred to Verizon

20 Communications as part of the sale.  *See* Gupta Decl. at ¶5; Parry Decl. at ¶5.

21

22 Following the sale, Yahoo! Inc. renamed itself to Altaba Inc. ("Altaba") and registered

23 itself as an investment fund under the Investment Company Act of 1940.  Parry Decl. at ¶6; Roeser

24 Decl. ¶13, Ex. 12 [Altaba Inc. Investor Webpage].  Altaba does not own or control any of the assets

25 or liabilities for patent infringement of the Accused Products.  *See* Gupta Decl. at ¶6; Parry Decl.

26 at ¶7.

27

28

---

[5] Emphasis added throughout unless otherwise noted.

1      At the time Verizon Communications acquired Yahoo's entire operating business, 18

2  patent infringement cases were pending and/or threatened against Yahoo.  *See* Roeser Decl., ¶24,

3  Ex. 23 [Disclosure Schedules to Stock Purchase Agreement] at Schedule 2.16(c).  When it acquired

4  Yahoo's assets, Verizon Communications also assumed all of the liabilities associated with those

5  18 pending and/or threatened patent infringement cases against Yahoo, as well as any future cases.

6  No such assets or liabilities remained with Yahoo n/k/a Altaba.  Gupta Decl. at ¶5.

7      While Verizon Communications' acquisition of Yahoo's entire operating business

8  involved a complicated set of transactions (as do all multi-billion dollar acquisitions), one fact is

9  simple—the Accused Products are now undeniably owned and operated by a licensee to the '745

10  Patent.  Gupta Decl. at ¶6.  Specifically, in a series of transactions that were part of the Verizon

11  Communications acquisition, Yahoo

12  transferred its operating assets, as well as

13  all liabilities relevant to the subject matter

14  of this case and all then-pending patent

15  infringement cases, to a subsidiary named

16  Yahoo Holdings, Inc. and transferred

17  Yahoo Holdings, Inc. to Verizon



18  Communications.  *See* Roeser Decl. ¶14, Ex. 13 [Reorganization Agreement by and between

19  Yahoo! Inc. and Yahoo Holdings, Inc.] at Sections 1.1 & 1.3. ███████████████████

20  ████████████████████████████████████████████████████████

21  ████████████████████████████ *See* Roeser Decl. ¶15, Ex. 14 █████████

22  ████████████████████ On January 1, 2018, Yahoo Holdings, Inc. changed its

23  name to Oath Holdings Inc., but remained a wholly-owned subsidiary of Verizon

24  Communications.  *See* Roeser Decl. ¶16, Ex. 15 [State of Delaware Certificate of Amendment of

Certificate of Incorporation of Yahoo Holdings, Inc.]; Ex. 16 [Stock Purchase Agreement by and among Yahoo! Inc. and Verizon Communications Inc.].

Importantly, Oath Holdings Inc. and Oath, Inc. (together, "Verizon Media")—the owners of all operating assets and liabilities related to the Accused Products—███████████████ ████████████████  *See* Roeser Decl. ¶12, Ex. 11 [████████████████████ ████████████████].  As such, Verizon Media (Oath Holdings Inc. and Oath, Inc.) have a license to the '745 Patent.  *See* Agreement at ████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Agreement at ████████████.  It is beyond dispute that Verizon Media (the business name for Oath Holdings Inc. and Oath, Inc.)—and the current owner of the Accused Products and all relevant liabilities related thereto—is under common ownership with Verizon Patent and Licensing, ██████████████████.  Under the Agreement, ████████████ ██████████████████████████████████████████  Agreement at ████████████.  As

such, Droplets is required to dismiss any and all claims it has against Verizon Media relating to

alleged infringement of the '745 Patent—███████████████████████████████████

████████████████████████████████████████████████████████████

Agreement at ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ *See* Roeser Decl. ¶18, Ex. 17 ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████ In fact, when specifically questioned as to whether the Verizon/RPX

Membership Agreement ████████████████████████████████████████

██████████████████████████ *See* Roeser Decl. ¶19, Ex. 18 [████████████

████████████████████

### D.    The Accused Products' "Licensed Products and Services" Status

In addition to granting licenses to ████████████████████████████████

██████████████████████████ are also licensed under the terms of the Agreement Droplets

signed. ████████████████████████████████████████

██████████████████████████████████ Agreement at ██. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████

In the Second Amended Complaint [Dkt. No. 23], Droplets specifically accuses Yahoo

n/k/a Altaba of infringing the '745 Patent, the only remaining patent-in-suit, by:

> making, using, selling, offering to sell, and/or importing in or into the
> United States, without authority: (i) web applications and software
> including, but not limited to, those maintained on servers located in
> and/or accessible from the United States under the control of Yahoo that
> transmit and display information and that are made available to users
> through web pages, including, without limitation, web applications and
> software (such as www.yahoo.com, http://mail.yahoo.com,
> http://maps.yahoo.com, and/or other web applications and software);
> and/or (ii) computer equipment, including, without limitation, computer
> equipment that stores, serves, and/or runs any of the foregoing.

Dkt. No. 23 at ¶30.  Droplets' Third Amended Infringement Contentions[6] allege the following

products infringe the '745 Patent: mail.yahoo.com; my.yahoo.com; www.yahoo.com;

calendar.yahoo.com; finance.yahoo.com; maps.yahoo.com; search.yahoo.com; and Yahoo

Toolbar (collectively, "Accused Products").  *See* Gupta Decl. at ¶4; Parry Decl. at ¶4.  Based on

Droplets' own pleadings, the Accused Products, by virtue of their alleged infringement of the '745

Patent, ████████████████████████████████████████████ *See*

Agreement at 4.

---

[6] On May 6, 2020, the Court granted Defendants' motions to strike the Third Amended Infringement Contentions, with leave to amend to identify the alleged "interactive link" and to specify its doctrine of equivalents theory.  *See* Dkt. No. 469.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### E.    The Accused Products are Owned and Operated by Verizon Media

The Accused Products, which are ████████████████████ are owned and operated by Verizon Media. *See* Gupta Decl. at ¶6. ████████████████████████
████████████████████

Specifically, in a $4.4B sale, Yahoo n/k/a Altaba transferred its entire operating business, including all assets and liabilities relevant to this case to a subsidiary named Yahoo Holdings, Inc. and then transferred Yahoo Holdings, Inc. to Verizon Communications. *See* Roeser Decl. ¶14, Ex. 13 at Sections 1.1 & 1.3; *id.* ¶17, Ex. 16.   Pursuant to a Stock Purchase Agreement, Verizon Communications purchased "all issued and outstanding shares of common stock" of Yahoo Holdings, Inc., assuming all the liabilities of the Transferred Assets[7].   Roeser Decl. ¶17, Ex. 16 at p. 1, 2, and 84.   That Stock Purchase Agreement also incorporates a Reorganization Agreement, whereby Yahoo Holdings, Inc. acquired all Transferred Assets and assumed the liabilities[8] related thereto:

> Section 1.3     Assumed Liabilities.   At the Closing, on the terms and subject to the conditions set forth in this Agreement, the Company shall, effective as of the Closing, assume and shall agree to satisfy, pay, perform and discharge when due all of the Liabilities of Seller other than the Retained Liabilities (collectively, the "Assumed Liabilities").   Without limiting the foregoing, "Assumed Liabilities" includes:

---

[7] *See* Section 1.1 of the Reorganization Agreement.

[8] *See, e.g.*, *Funai Elec. Co. v. Daewoo Elecs. Corp.*, No. C-04-01830 JCS, 2008 WL 8969091, at *7 (N.D. Cal. July 22, 2008) (citing *Ray v. Alad Corp.*, 19 Cal. 3d 22, 560 P.2d 3 (1977) ("First, the Court looks to the law of California regarding successor liability. Under California law, a corporation that purchases the assets of another corporation does not generally assume the other's liabilities unless one of the following exceptions applies: (1) *there is an express or implied agreement of assumption*, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts.").

> (a)   all Liabilities to the extent resulting from, related to, arising out of, imposed under or pursuant to the conduct of the Business or the Transferred Assets, whether arising from or related to any period prior to, on, or after the Closing, including Liabilities for infringement claims, service obligations and obligations under warranty and other claims to the extent relating to, arising from or incurred in connection with the conduct of the Business or the Transferred Assets;

The Reorganization Agreement also details Yahoo n/k/a Altaba's retained liabilities, which importantly ***do not list the Accused Products***: (1) liabilities from the Excluded Assets [as defined Section 1.2], (2) liabilities under the Indenture and related hedge and warrant transaction, (3) actions by security holders against directors and officers, (4) employee liabilities, (5) indemnity arising out of the Excluded Assets, (6) liabilities under the Stock Purchase Agreement, and (7) liabilities related to SEC or Nasdaq reporting.  *See* Roeser Decl. ¶14, Ex. 13 at Section 1.4.  The express assumptions of liability ███████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████[9].

Yahoo n/k/a Altaba sold its entire operating business, including all assets and liabilities for patent infringement, to Verizon Communications.  *See* Gupta Decl. at ¶5; Parry Decl. at ¶5; Roeser Decl. ¶14, Ex. 13; *id.* ¶17, Ex. 16.  Yahoo n/k/a Altaba does not own or control any of the assets or liabilities of the Accused Products.  *See* Gupta Decl. at ¶6; Parry Decl. at ¶7.  When the Accused Products became owned, operated, and ████████[10] by Verizon Media, █████████████████████

---

[9] Even assuming arguendo that the liabilities for patent infringement related to the Accused Products were retained by Yahoo n/k/a Altaba (which they weren't), █████████████████████████████████████████████ *See infra* at Section III (B). ████████████████████████████████████████  *See infra* at Section III (C).
[10] *See* Agreement at p.4 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1   ████████████████████████████████████████████████████████

2   █████████████████████ *See* Agreement at ████████████████

3   ████████████████████; Agreement at █████████████████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ███████████ This is the result Droplets negotiated with RPX, and for which it received full

8   compensation.

9   ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20      **F.      Yahoo n/k/a Altaba's "Covered Third Part[y]" Status**

21      Under the terms of the Agreement between Droplets and RPX, ██████████████

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████

26  ████████████████████████████████████████████████

27  ████████████████████████████████████████████

28  ██████████████████ Yahoo developed the Licensed Products and Services (Accused Products),

1   *see* Tepstein Decl. ¶5, which Droplets acknowledges, *see* Dkt. No. 387 at 3 ("Yahoo, not Oath

2   created the websites at issue and eventually sold them to Oath"). ████████████████████

3   ███████████████████████████████████████████████████████████████

4   ███████████████████████████████████████████████████████████████

5   ███████████████████████████████████████████████████████████████

6   ███████████████████████████████████████████████████████████████

7   ███████████████████████████████████████████████████████████████

8   ████████████████████████

9       **G.**     **Droplets' Agreement Not to Sue**

10       Droplets also agreed ███████████████████████████████

11   ███████████████████████████████████████████████████████████████

12   ████████████████████████████████████ Agreement at ██. ████████

13   ███████████████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████ *Id.* at ██.

18   ███████████████████████████████████████████████████████████████

19   ███████████████████████████████████████████████████████████████

20   ███████████████████████████████████████████████████████████████

21   ███████████████████████████████████████████████████████████████

22   *See supra* at Section II (E).

23   ███████████████████████████████████████████████████████

24   ███████████████████████████████████████████████████████████████

25   ███████████████████████████████████████████████████████████████

26   ███████████████████████████████████████████████████████████████

27   ████████████████████ Agreement at ██.██████████████████

28



t ████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ Agreement at ████████████

███████████████████████████████, yet Droplets refuses to dismiss this lawsuit.  Roeser

Decl. ¶22, Ex. 21 [Notice Letter from RPX to Droplets].

     Finally, ██████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████

## III.   ARGUMENT

A valid patent license is a complete defense to infringement liability.  *See Seoul Laser Dieboard Sys. Co. v. Computerized Cutters, Inc.*, No. 15-CV-1212-H-DHB, 2015 WL 12081336, at *6 (S.D. Cal. Dec. 22, 2015) (citing *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) ("A licensee, of course, has an affirmative defense to a claim of patent infringement.")).

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when contract terms are clear and unambiguous, even if the parties disagree as to their meaning.  *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988).  Interpretation of a contract is a matter of law, including whether the contract is ambiguous. *Id.*

"The fundamental goal of contractual interpretation is to give effect to the mutual intention

of the parties." *Powerine Oil Co., Inc. v. Superior Ct.*, 37 Cal. 4th 377, 390 (2005).[11]  The primary

evidence of the parties' intent is the language of the agreement itself.  *Integrated Glob. Concepts,*

*Inc. v. j2 Glob., Inc.*, Civ. No. C-12-03434-RMW, 2014 WL 1230910, at \*5 (N.D. Cal. Mar. 21,

2014).  Under California law, contract interpretation, including whether an ambiguity exists, is a

question of law.  *Wolf v. Superior Court*, 114 Cal. App. 4th 1343, 1351 (2004).

Here, the Agreement is unambiguous on its face, and its terms are not susceptible to more

than one interpretation.  The Court can and should use the plain language of the Agreement to find

that Verizon Media, the Accused Products and Yahoo n/k/a Altaba are all licensed to practice the

'745 Patent.

**A.      Verizon Media is Licensed under the Agreement**

Verizon Media, █████████████████████████████████ has a license to the '745

Patent.  *See* Agreement, ███████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████ And this result should not come as a surprise

to Droplets.   The Agreement provides ███████████████████████████████████

██████████████████████████████████████ and that is exactly what happened.

Verizon Communications, via Yahoo Holdings, Inc., acquired the entire operating business

(including patent infringement liabilities) of Yahoo n/k/a Altaba.  ███████████████████

███████████████████████████████████████████████ *See* Agreement

at █████.  As a wholly-owned subsidiary of Verizon Communications, Verizon Media is, █

██████████████████████ because it is under common ownership or control with Verizon

Patent and Licensing and Verizon Communications. █████████████████████████████

███████████████████████████████████████████████████████████████████████t

---

14                          CASE NO. C 12-03733-JST
                            VERIZON MEDIA'S MOTION FOR SUMMARY
                            JUDGMENT BASED ON LICENSE AGREEMENT

1

2

[redacted]

The court in *FutureVision.com, LLC v. Cequel Commc'ns, LLC*, No. CV 13-855-GMS-

MPT, 2016 WL 373790, at *8 (D. Del. Feb. 1, 2016) faced a similar license defense based on

FutureVision's agreement with RPX.  After analyzing the FutureVision/RPX Agreement, Judge

Thynge found that an after-acquired company was an "Affiliate" as defined by RPX and the

defendant was therefore licensed.  *Id.*  There, the defendants asserted, in part, that their sales of

Pace's product were licensed due to ARRIS's (a licensed RPX Member like Verizon Patent and

Licensing) acquisition of Pace, making Pace an "Affiliate" under the terms of the

FutureVision/RPX Agreement.  The similarities to the facts with respect to Verizon Media in this

motion are startling:

| FutureVision | Droplets/Verizon Media |
|---|---|
| FutureVision signs Agreement. | Droplets signs Agreement. |
| "Affiliate" is defined as "any and all Entities, now or in the future and for so long as the Control exists, that are Controlled, directly or indirectly by the Entity." | [redacted] |
| Pace (the owner of an accused product) was acquired by an RPX Member after the Agreement was signed. | Verizon Media (the owner of the accused products) was acquired by an RPX Member after the Agreement was signed. |
| Defendants contend that once an entity becomes controlled by an RPX member, e.g., through acquisition, that entity is an "Affiliate" within the meaning of the Agreement. | Verizon Media contends that once it became controlled by an RPX member, e.g., through acquisition, it became an "Affiliate" within the meaning of the Agreement. |
| Plaintiff argued that the acquired company would only be deemed an "Affiliate" for purposes of the period of time after the acquisition by the RPX Member. | Droplets seems to argue that Verizon Media would only be deemed an "Affiliate" for purposes of the period of time after the acquisition by the RPX Member. |
| The court granted defendants' licensing defense. | |

15

To try to avert a similar outcome, Droplets is attempting to ignore language in the very Agreement it negotiated and agreed with RPX:

███████████████████████████████████████████████████████████
███████████████████████████████████████████████

████████████████ This argument is improper and should be rejected. *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other"). As such, the Court should grant summary judgment of non-infringement in favor of Verizon Media.

**B.     The Accused Products are Licensed under the Agreement**

The Accused Products are owned and operated by Verizon Media, ███████████
██████████████████████ *See* Gupta Decl. at ¶6; Parry Decl. at ¶7; Roeser Decl., Ex. 13 [Reorganization Agreement by and between Yahoo! Inc. and Yahoo Holdings, Inc.]; Ex. 15 [State of Delaware Certificate of Amendment of Certificate of Incorporation of Yahoo Holdings, Inc.]; and Ex. 16 [Stock Purchase Agreement by and among Yahoo! Inc. and Verizon Communications Inc.].

Yahoo n/k/a Altaba sold its entire operating business, including all assets and liabilities for patent infringement, to Verizon Communications. *Id.*; *see* Gupta Decl. at ¶5; Parry Decl. at ¶5. When Verizon Media (█████████████) acquired the Accused Products, those products █████
███████████████████████ Indeed, the Accused Products ████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

1

2                                             The Accused Products

3 are, therefore, licensed to practice the '745 Patent.[12]

4

5         To argue that the Accused Products are not licensed would allow Droplets to render

6 meaningless certain provisions of the Agreement as shown below:[13]

7

8

9

10                       This is improper and should not be allowed. *See* Cal. Civ. Code § 1641 ("The

11 whole of a contract is to be taken together, so as to give effect to every part, if reasonably

12 practicable, each clause helping to interpret the other"). Furthermore, any argument that is

13 inconsistent with the plain reading of the Agreement should be rejected. "Th[e] court must be

14 guided by the well accepted and basic principle that an interpretation that gives a reasonable

15 meaning to all parts of the contract will be preferred to one that leaves portions of the contract

16 meaningless." *Fortec Constructors v. U.S.*, 760 F.2d 1288, 1292 (Fed. Cir. 1985) (citing *U.S. v.*

17 *Johnson Controls, Inc.*, 713 F.2d 1541, 1555 (Fed. Cir. 1983)).

18

19         Droplets extensively negotiated the terms of the Agreement,

20

21

22

23

---

24    [12] Importantly, Droplets does not assert any claims against any product owned or operated
by Altaba, as all infringement claims are through June 13, 2017. Yahoo n/k/a Altaba. is a
25 registered investment company under the Investment Company Act of 1940. In addition, as the
developer of the Accused Products, Yahoo n/k/a Altaba is a Covered Third Party under the
26 Agreement.

27    [13]

28

1 ████████████████████████████████████████████████████████ The

2 court should grant summary judgment that the Accused Products are licensed to practice the '745

3 Patent.

4

5    C.    **Yahoo n/k/a Altaba is a Covered Third Party under the Agreement**

6       In the Agreement, ██████████████████████████████████████████

7 ███████████████████████████████████████████████████████████████

8 █████████████████████████████

9                 ███████████████████████████████████████████████

10 ██████████████████████████████████████████████

11                 ████████████████ Because Yahoo n/k/a Altaba developed the Licensed Products and

12 Services, a point Droplets itself acknowledges, ██████████████████ Therefore, with respect

13 to the Accused Products, Yahoo n/k/a Altaba is licensed to practice the '745 Patent. *See* Tepstein

14

15 Decl. ¶5; ███████████████████████████████████████████████████████

16 ███████████████████████████████████████████████████████████████

17 ███████████████████████████████████████████████████████████████

18 ███████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████

20 ███████████████████████████████████████████████████████████████

21        ███████████████████████████████████████████████████████████

22 ████████████████████████████████████████████ That argument is

23 unavailing. *See FutureVision.com*, 2016 WL 373790, at *8 (rejecting FutureVision's argument

24 that Pace was intended to be unlicensed unless and until the option price stated in FutureVision's

25 Agreement was paid).   Verizon Communications' acquisition of Yahoo's operating assets was

26 announced nearly five years after the Agreement was executed.  *See* Roeser Decl. ¶23, Ex. 22

27 [Press Release].   Droplets could not have known about the Verizon acquisition "when the [ ]

28

Agreement was executed and, therefore, could not have accounted for it in its negotiations concerning that agreement." *See FutureVision.com*, 2016 WL 373790, at *8.

Any argument that Yahoo n/k/a Altaba is not a Covered Third Party is merely an attempt to rewrite the plain language of the Agreement (as set forth below) ██████████████

██████████████████████████████—namely, for the inclusion of the Yahoo/Verizon acquisition—████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████  This re-write attempt is nothing more than seller's remorse and should be rejected. *See* Cal. Civ. Code § 1641.  As such, the Court should grant summary judgment of non-infringement in favor of Yahoo n/k/a Altaba.

**D.    Droplets is Required to Dismiss the Case**

Droplets' allegations against Verizon Media, the Accused Products, and Yahoo n/k/a Altaba should be dismissed because, ████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████
████████████████████████████████████████

1 ██████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████

3 ███████████████████████

In blatant disregard of its promise, ████████████████████████████

Droplets refuses to dismiss this case despite ████████████████████

RPX providing such notice on May 10, ███████████████████████████

2019. *See* Roeser Decl. ¶22, Ex. 21 [████ ████████████████████

██████████████████. Verizon ████████████████████████████████

Media, the Accused Products and Yahoo ████████████████████████

n/k/a Altaba can no longer be accused of ███████████████████████

infringing the '745 Patent because they are █████████████████████

licensed under the Agreement. ████ ██████████████████████████

██████████████████████ ██████████████████████████████

██████████████████████ ██████████████████████████████

17 ██████████████████████████████████████████████████████

18 ████████████

The result of the Verizon acquisition should not be a surprise to Droplets.  In fact, the

Agreement contemplated this exact scenario ████████████████████████

22 ██████████████████████████████████████████████████████

23 ████████████████████████ █████████████████████████████████

24 ██████████████████████████████████████████████████████

25

26 _____

27 [14] ██████████████████████████████████████████████

28 ████████████████████████████████████████████████████████
Agreement at ███.



Droplets should dismiss this case voluntarily; however, it refuses to honor its promises. Because it does not, this Court should dismiss this action as a matter of law.

## E.   Droplets' Attempt to Create a Factual Dispute Through Discovery

Droplets, clearly unhappy with the plain language of the extensively negotiated Agreement, served multiple discovery requests upon Yahoo n/k/a Altaba, Verizon Media and RPX in an attempt to manufacture some sort of factual dispute to escape summary judgment of non-infringement based on the license it provided under the Agreement.   However, just like its arguments with respect to the scope of the license it provided to Verizon Media, the Accused Products and Yahoo n/k/a Altaba, this attempt to avoid summary judgment flies in the face of not only the Agreement, but the findings of the Court.   *See* Dkt. No. 411 ("This is an issue of contract interpretation…").



---

[15] *See Digitech Image Techs. LLC v. LG Elecs., Inc.*, No. CV 15-34-SLR, 2015 WL 6697263, at *5 (D. Del. Nov. 3, 2015) (interpreting the same provision in the Digitech/RPX License Agreement to mean that claims already in existence as of the date the license was signed were released).

1  ████████████████████████████

2  ████████  ████████████  Droplets' attempt to create a fact issue precluding

3  summary judgment through discovery should be rejected.  "The court generally may not consider

4  extrinsic evidence of any prior agreement or contemporaneous oral agreement to vary or contradict

5
6  the clear and unambiguous terms of a written, integrated contract." *Wolf v. Walt Disney Pictures*

7  *& Television*, 162 Cal. App. 4th 1107, 1126 (2008) (citing Cal. Civ. Proc. Code § 1856(a); *Cerritos*

8  *Valley Bank v. Stirling* 81 Cal. App. 4th 1108, 1115–1116, 97 Cal. Rptr. 2d 432 (2000).

9  **IV.    CONCLUSION**

10      There can be no genuine dispute that the Agreement provides a license for Verizon Media,

11  and a grandfathered license to the Accused Products and to Yahoo n/k/a Altaba to practice the '745

12  Patent—████████████████████████████  When Yahoo n/k/a

13  Altaba sold its entire operating business to Verizon, including all past, present, and future liabilities

14
15  for patent infringement, Verizon Media, the Accused Products and Yahoo n/k/a Altaba ████████

16  ████████████████████████████████████████

17  ████████████  For all these reasons, Verizon Media respectfully requests dismissal of the

18  pending action, with prejudice, as prescribed by the Agreement.

19
20
21
22
23
24
25
26
27
28

DATED: May 13, 2020

Respectfully submitted,

*/s/ William A. Hector*
William A. Hector

*Attorneys for Intervenor-Plaintiffs Oath, Inc. and Oath Holdings Inc. (d/b/a Verizon Media)*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this day, May 13, 2020, the following documents were served electronically, via ECF, on all counsel of record registered to receive ECF notifications in this case.

*/s/ William A. Hector*
William A. Hector

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that on multiple occasions the parties have conferred regarding the relief requested above.  The parties have reached an impasse leaving an issue ripe for the Court's resolution.

*/s/ William A. Hector*
William A. Hector

CASE NO. C 12-03733-JST
VERIZON MEDIA'S MOTION FOR SUMMARY
JUDGMENT BASED ON LICENSE AGREEMENT