

## HALTOM & DOAN
### TRIAL & APPELLATE COUNSEL
TEXARKANA  |  TYLER  |  PLANO  |  MARSHALL

Jennifer Doan  
Partner

Direct: 903.255.1002  
jdoan@haltomdoan.com

July 13, 2020

Honorable Jon S. Tigar  
Oakland Courthouse  
Courtroom 6 – 2nd Floor  
1301 Clay Street  
Oakland, CA 94612

Re: *Droplets v. Yahoo, et al.*, Case No. 12-cv-03733-JST (N.D. Cal.)

Dear Judge Tigar:

    I write to address an issue raised during the July 8, 2020 Hearing (Dkt. No. 505) pertaining to Oath, Inc. and Oath Holdings Inc. (d/b/a Verizon Media)'s Complaint in Intervention (Dkt. No. 420) ("Complaint"). Based on the Court's comments last week, Verizon Media misunderstood the scope of the Court's Order granting Verizon Media's Motion to Intervene and allowing Verizon Media to "file their proposed complaint" (Dkt. No. 419 at 11) based on the discussion at the hearing. Neither Verizon Media, nor its counsel, intended to circumvent the Court's Order by filing its Complaint.

    The Complaint was prepared based upon, and with the intent to capture, the dialogue between the parties and the Court during the October 9, 2019, hearing on Verizon Media's Motion to Intervene. Specifically, during argument on the motion to intervene, Verizon Media stated that "we have not filed technically anything for an answer in intervention or a – a complaint in intervention" and referenced *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009). Dkt. 453 (Transcript of Hearing on Verizon Media's Motion to Intervene) at 53:18-23. At that hearing, we notified the Court that Verizon Media "may have additional . . . defenses such as the license defense that Verizon would have." Dkt. 453 at 54:10-14. And Verizon Media would "bring the same type of claims that were brought by Yahoo! originally in this case." *Id.* 54:7-9. Based on these statements and the discussion of the *Westchester Fire* decision during argument, Verizon Media presumed, perhaps wrongfully, that the Court understood that the complaint attached as an exhibit to the motion to intervene was exemplary (even though a complaint was not required to be attached to a motion to intervene), and that the Court's Order allowed Verizon Media to file that complaint, which incorporated the claims and defenses that Yahoo (n/k/a Altaba Inc.) had already pled in this case. *Westchester Fire*, 585 F.3d 1183, 1188 (9th Cir. 2009) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion.") (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)) (rejecting argument that "failure to submit . . . a pleading is fatal to [intervention]"). Any misunderstanding on Verizon Media's part was not an attempt to sidestep the Court's Order, improperly introduce claims and defenses not already at issue in this case, or incur the ire of the Court.

      Verizon Media's Complaint includes the defenses and claims raised by Yahoo (n/k/a Altaba Inc.) in its Answer to Droplets' Second Amended Complaint (Dkt. No. 71) in 2012. The Complaint further clarified the non-infringement defense via the license, a license Droplets agrees Verizon Media has. *See* Dkt. No. 483 at 2; *see* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1914 (3d ed. 2009) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file."). These defenses and claims have been in the case since its infancy (since Feb. 10, 2012), and Verizon Media's Complaint was not an attempt to add any new issues against the Court's Order. Droplets answered the Complaint (Dkt. No. 433) and then waited almost six months to mention this issue in a footnote to its Opposition to Verizon Media's Summary Judgment Motion. Dkt. No. 483 at 5, fn. 4.

      Verizon Media apologizes for the confusion as well as any error in including the defenses and claims in its Complaint that Yahoo had pled in 2012, and hopes this letter conveys its sincere misunderstanding and atonement. Should the Court request that Verizon Media take any action to remedy this misunderstanding, Verizon Media would be happy to oblige.

                                                        Very truly yours,

                                                        Jennifer H. Doan

JHD:wah