UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>YAHOO!, INC.,<br><br>        Defendant. | Case No. 4:12-cv-03733-JST   (KAW)<br><br>**ORDER REGARDING 8/31/20 JOINT DISCOVERY LETTER IN DROPLETS V. YAHOO!, INC. AND IN OATH V. DROPLETS, INC.**<br><br>Re: Dkt. No. 530 |

On August 31, 2020, Plaintiff Droplets, Inc. and Defendants Yahoo! Inc. and Oath, Inc. (d/b/a Verizon Media) filed a joint discovery letter regarding the sufficiency of Defendants' source code production in January 2020, as required by Patent Local Rule 3-4(a).[1] (Joint Letter, Dkt. No. 530.)

Plaintiffs have been reviewing Defendants' source code production and have pressed them to identify when each version was released and operative. (Joint Letter at 1.) On August 14, 2020, Defendants sent Droplets a chart showing when the produced code was operative, but that chart revealed gaps of time. *Id.* For example, no code had been produced for Yahoo Finance before October 2012, no code had been produced for My Yahoo operative before August 2014, and no code had been produced for Yahoo Contacts operative before October 2013. *Id.* at 2.

Now, Plaintiff seeks an order compelling Defendants to either produce versions of the relevant source code or explain why they cannot do so, which is consistent with the undersigned's April 27, 2020 order pertaining to Defendant Nordstrom. (Joint Letter at 1 (citing Dkt. No. 466).)

---

[1] On June 13, 2017, Yahoo! Inc. sold its entire operating business to Verizon, and transferred all products and services, including the source code for the Accused Products, to Verizon. (Joint Letter at 4.)

In opposition, Defendants contend that they have produced source code and other technical documents as required by Patent Local Rule 3-4(a). (Joint Letter at 3.) Specifically, Defendants claim to have either

> (1) produced source code dating back to when the product first included the accused functionalities, (2) produced source code dating back prior to the filing of the Complaint, or (3) produced the most recent version of code that is representative of the entire life of the accused functionality for the product, and informed Droplets that the code is representative.

(Joint Letter at 3-4.) Even so, Defendants have informed Droplets that if "Droplets will identify what code it believes is missing, then we will investigate the request, produce the code if it exists and is relevant, or inform Droplets that the requested code does not exist and/or that other representative code has already been produced." *Id.* at 3. This is not the same type of dispute that Droplets raised with Nordstrom, which involved a clearly inadequate production. (*See* Dkt. No. 466 at 2.) Instead, Defendants have provided source code, but Droplets wants Defendants to fill in the temporal gaps. The undersigned finds that this is a reasonable request. The parties are ordered to meet and confer regarding the time gaps Plaintiff identified in the joint letter and any others that it has identified, and to match those with the already-produced source code or, if the relevant source code has not been produced, to meet and confer regarding its production.

Notwithstanding, the onus should not be on Plaintiff to identify what is missing, since only Defendants are in the position to know what source code has and has not been produced. Thus, if Defendants believe that their source code production satisfies Patent Local Rule 3-4(a), they need to clearly explain why.

Finally, during this extraordinary time, the parties are strongly encouraged to resolve their disputes without court intervention in order to conserve the court's more limited judicial resources.

IT IS SO ORDERED.

Dated: September 17, 2020

KANDIS A. WESTMORE
United States Magistrate Judge