UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC., <br>     Plaintiff, <br> v. <br> YAHOO! INC., <br>     Defendant. | Case No. 4:12-cv-03733-JST   (KAW) <br> **ORDER DENYING DROPLET INC.'S MOTION FOR SANCTIONS AND OTHER RELIEF AGAINST NORDSTROM, INC. FOR VIOLATION OF THE APRIL 2020 ORDER** <br> Re: Dkt. No. 531 |

On April 27, 2020, the undersigned ordered Nordstrom to produce missing source code and technical documents within 30 days or explain why it could not do so. (Dkt. No. 466 at 2.) The parties later agreed to a four-week extension. (Pl.'s Mot., Dkt. No. 531 at 4.)  By the new deadline, Nordstrom made one new production of code, but said that additional code would soon be made available. *Id.*  Nordstrom subsequently provided two additional source code productions on June 25 and June 29, but due to the pandemic, Droplets was unable to review the productions until late July. *Id.* When Droplets conducted its review, it realized that the production was still incomplete, and notified Nordstrom of the deficiency. *Id.* Droplets contends that Nordstrom offered no explanation why the production remained incomplete. *Id.*

On September 1, 2020, Droplets filed a motion for sanctions and other relief for violation of the April 27, 2020 order, including seeking attorneys' fees and costs, a finding that Nordstrom engaged in the spoliation of its source code, and an order for a deposition and briefing to determine an appropriate remedy for Nordstrom's spoliation. *Id.* at 2.

In opposition, Nordstrom contends that it has already made the requisite productions. (Def.'s Opp'n, Dkt. No. 534 at 1.)  It also claims that on August 21, 2020, Droplets informed Nordstrom that it wished to take a 30(b)(6) deposition regarding the topics addressed in the instant

1   motion and that it wished to meet and confer regarding the source code production. (Def.'s Opp'n
2   at 4; Decl. of Benjamin Kleinman, "Kleinman Decl.," Dkt. No. 534-1 ¶ 17.)  On August 25, 2020,
3   Nordstrom's counsel responded and suggested dates to meet and confer regarding the 30(b)(6)
4   deposition. (Def.'s Opp'n at 4; Kleinman Decl. ¶ 18, Ex. 13 at 2.).  Droplets never responded.
5   (Kleinman Decl. ¶ 19.)  Nordstrom argues that the deposition to investigate the scope of the
6   alleged deficiencies in Nordstrom's source code retention and production that is currently sought
7   should have been a predicate to this motion. (Def's Opp'n at 9.)  Furthermore, Nordstrom
8   contends that the fact that Droplets began the process of noticing the deposition but failed to
9   perfect the notice reinforces that the current motion lacks merit. *Id.*

10  The Court agrees on both counts. It is evident from the face of the motion that Droplets has
11  failed to meet in confer in good faith prior to filing the motion in violation of the civil local rules
12  and the Northern District's Guidelines for Professional Conduct.  Civil Local Rule 37-1 states that
13  "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute
14  unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of
15  attempting to resolve all disputed issues." Civil L.R. 37-1(a).  Additionally, the Guidelines provide
16  that, "[i]n complying with any meet and confer requirement in the Federal Rules of Civil
17  Procedure or other applicable rules, a lawyer should speak personally with opposing counsel or a
18  self-represented party and engage in a good faith effort to resolve or informally limit all applicable
19  issues." (Northern District Guidelines § 10(c).)  Sending an email or letter is not sufficient.  In this
20  case, a telephonic meet and confer could have, at the very least, resulted in scheduling the very
21  deposition Plaintiff is now seeking to compel.  Furthermore, absent such testimony, the
22  undersigned does not have enough information to find that Nordstrom engaged in spoliation,
23  which is a significant finding that could considerably impact the merits of this case.

24  Accordingly, Plaintiff's motion is DENIED, and the parties are ordered to meet and confer
25  within seven days, either telephonically or via videoconference, regarding scheduling a 30(b)(6)
26  deposition addressing the sufficiency of Nordstrom's document production.

27  The parties are reminded that we are in the middle of a pandemic, and the Court's
28  resources are even more limited, so they are encouraged to resolve all disputes informally.  The

United States District Court
Northern District of California

1  Court will not look kindly on further unnecessary motion practice.

2      IT IS SO ORDERED.

3  Dated: October 7, 2020

4                                              KANDIS A. WESTMORE

5                                              United States Magistrate Judge

United States District Court
Northern District of California