Courtland L. Reichman (CA Bar No. 268873)
  creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
  sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
  kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
  mflanigan@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
  khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
  jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
  mmatulewicz-crowley@reichmanjorgensen.com
Michael Marvin (admitted *pro hac vice*)
  mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Facsimile: (650) 623-1449

Attorneys for Plaintiff and Intervenor-Defendant
*Droplets, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DROPLETS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>YAHOO!, INC.,<br><br>        Defendant.<br><br>OATH, INC., et al.,<br><br>        Intervenor-Plaintiffs,<br><br>  v.<br><br>DROPLETS, INC.,<br><br>        Intervenor-Defendant.<br><br>DROPLETS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>        Defendant | Case No. 12-cv-03733-JST<br><br>**DROPLETS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS MOTION TO CLARIFY CLAIM CONSTRUCTION** |

Pursuant to Civil Local Rules 79-5 and 7-11 and this Court's Standing Order Governing Administrative Motions to File Materials Under Seal ("Standing Order"), Plaintiff Droplets, Inc. ("Droplets") requests an Order authorizing the sealing of certain portions of its Motion to Clarify Claim Construction. Droplets has reviewed and complied with the Standing Order and Civil Local Rule 79-5.

The materials that Droplets seeks to file under seal or redact are identified in the chart below.

| Document | Materials to Be Filed Under Seal or Redacted | Entity Designating the Document as Confidential |
|---|---|---|
| Droplets, Inc.'s Motion to Clarify Claim Construction | Passages containing or describing highly confidential business information of Yahoo!, Inc. | Information in this document has been designated "HIGHLY CONFIDENTIAL" by counsel for Yahoo! Inc. and notice is given under Civil L.R. 79-5(e)(1). Haley Decl., ¶3. |
| Exhibit 3 – Exhibit D of the Corrected Expert Report of Dr. Douglas Schmidt ("Schmidt Report") regarding Yahoo | Passages containing or describing highly confidential business information of Yahoo!, Inc, including highly confidential technical source code. | Information in this document has been designated "HIGHLY CONFIDENTIAL" by counsel for Yahoo! Inc. and notice is given under Civil L.R. 79-5(e)(1). Haley Decl., ¶4. |

Under Civil Local Rule 79-5(a), an order to seal may issue "upon a request that establishes that the document, or portions thereof, is privileged or protectable as trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). A trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "When a party seeks to 'preserv[e] the secrecy of sealed discovery material attached to non-dispositive motions,' the party need only make 'a particularized showing under the good cause standard of Rule 26(c)' to justify sealing the materials." *Icon-IP Pty Ltd. v. Specialized Bicycle Components*, No. 12-cv-03844-JST, 2015 WL

984121, at *1 (N.D. Cal. Mar. 4, 2015) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

As described in the supporting Declaration of Aisha Mahmood Haley, there is good cause to file under seal or redact the Reply identified above. Namely, it contains confidential and sensitive business information, including highly confidential source code. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).

For the reasons above, Droplets respectfully requests that the Reply identified above be filed under seal or redacted.

Dated: May 17, 2021

/s/ *Aisha Mahmood Haley*
Aisha Mahmood Haley

Courtland L. Reichman (CA Bar No. 268873)
  creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
  sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
  kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
  mflanigan@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
  khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
  jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
  mmatulewicz-crowley@reichmanjorgensen.com
Michael Marvin (admitted *pro hac vice*)
  mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Attorneys for Plaintiff and Intervenor-Defendant *Droplets, Inc.*