(SEE SIGNATURE PAGE FOR ATTORNEY LIST)

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DROPLETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YAHOO!, INC., <br><br> Defendant. | Case No. 12-cv-03733-JST <br><br> **SUPPLEMENT TO THE JOINT PRETRIAL STATEMENT FOR DROPLETS, INC. V. YAHOO! INC.** <br><br> Trial Date: September 13, 2021 |
| OATH, INC., et al., <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> DROPLETS, INC., <br><br> Intervenor-Defendant. | |
| DROPLETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC., <br><br> Defendant. | |

On August 6, 2021, the parties filed a Joint Pretrial Statement (ECF No. 816). On August 13, 2021, the Court held a Pretrial Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. In accordance with the Court's rulings at the Pretrial Conference, Plaintiff Droplets, Inc. ("Droplets"), Defendant Yahoo! Inc. ("Yahoo"), and Intervenor-Plaintiffs Oath, Inc. and Oath Holdings Inc. (collectively "Verizon Media") hereby submit this Supplement to the Joint Pretrial Statement.

1. **Amendment to Undisputed Facts**

Paragraph 17 in Section 3 ("Undisputed Facts") of the parties' Joint Pretrial Statement is hereby replaced by the following:

Yahoo represents that "Summary of Source Code - Droplets v. Yahoo" (PTX 497) identifies the dates in which the different versions of the Yahoo source code within the listed Yahoo source code repository files was in operation.

2. **Supplement to Bifurcation or Separate Trial Of Issues**

The claims raised in Verizon Media's complaint-in-intervention are bifurcated and will be addressed separately from the jury trial scheduled to begin on September 13, 2021. Consistent with the parties' respective positions at the August 13, 2021 pretrial conference, neither party agrees that this bifurcation resolves which issues relating to Verizon Media may be presented to the jury in the jury trial scheduled to begin on September 13, 2021.

3. **Amendment to Miscellaneous**

Section 15.A ("Exchange of Trial Materials Before Use") of the parties' Joint Pretrial Statement is hereby replaced by the following:

A. **Exchange of Trial Materials Before Use**

   i. **Opening Statements and Closing Arguments**

For opening statements, the parties will exchange the demonstrative exhibits (decks, etc.) that they intend to use by 4pm the day before they are to be used. Any objections thereto will be made in writing by 6pm, and the parties will meet and confer at 8pm the day before they are to be used. Any unresolved objections will be raised with the Court in advance of the opening statements.

The parties will not exchange the demonstratives exhibits (decks, etc.) for closing arguments in advance (other than immediately before commencing).

ii. **Identification of Trial Witnesses**

By 4pm two calendar days before the witnesses are to be called (*e.g.*, Saturday afternoon for a Monday trial day), each party will exchange by email a list of witnesses the party intends to call or present through direct examination, either live or by deposition.

iii. **Demonstratives for Direct Examinations**

By 4pm the day before they are to be used (e.g., Sunday afternoon for a Monday trial day), each party will exchange demonstrative exhibits for use in direct examination by email along with an identification of the witness through which they will be presented. Any objections thereto will be made by email by 7pm, and the parties will meet and confer at 8pm. Any unresolved objections will be raised with the Court in advance of the use of the demonstrative exhibits. Any demonstrative that includes an animation, flash file, or similar moving image shall be exchanged in a manner sufficient to permit the receiving party to see the moving images. Blow-ups or highlights of exhibits or parts of exhibits or testimony, which contain no additional markings, commentary, or alterations, are not required to be provided to the other side in advance of their use, although the exhibit itself must be identified as specified under the parties' procedures.

iv. **Trial Exhibits for Direct Examinations**

By 12pm the day before they are to be used (e.g., Sunday afternoon for a Monday trial day), each party will identify by email the trial exhibits they intend to have admitted on direct examination along with an identification of the witness through which they will be presented. Any objections thereto will be made by email by 6pm, and the parties will meet and confer about the objections at 8pm. Any unresolved objections will be raised with the Court in advance of the use of the trial exhibits.

v. **Discovery Responses for Use in Direct Examinations**

By 4pm the day before they are to be used (e.g., Sunday afternoon for a Monday trial day), each party will identify by email the discovery responses they intend to use for direct examination along with an identification of the witness through which they will be presented. Any objections

thereto will be made by email by 7pm, and the parties will meet and confer about the objections at 8pm. Any unresolved objections will be raised with the Court in advance of the use of the discovery responses.

### vi. Deposition Designations

<u>Narrowing Designations in Advance of Trial:</u>

By Monday, August 30, the parties will identify a narrowed set of their deposition designations. By Wednesday, September 1, the parties will identify their objections thereto and any counter-designations. By Thursday, September 2, the parties will identify their objections thereto and any counter-counter-designations. By Friday, September 3, the parties will identify their objections thereto. All designations, counter-designations, counter-counter-designations, and objections thereto must be selected from each party's respective designations and objections that have already been made in Appendices F and H to the Joint Pretrial Statement. On Monday, September 6, the parties will meet-and-confer to resolve any objections. On Tuesday, September 7, the parties will submit amended deposition designations and objections to the Court and will electronically transmit deposition transcripts with updated highlighting directly to the Court.

<u>Identifying Designations for Use During Trial:</u>

By 4pm two days before they are to be used (e.g., Saturday afternoon for a Monday trial day), each party will identify by email the deposition transcript excerpts that they intend to play for the jury (other than as counter designations). By 3pm the day before they are to be used (e.g., Sunday afternoon for a Monday trial day), any objections thereto and any counter-designations will be provided by email. By 6pm the day before they are to be used, any objections to the counter-designations and any counter-counter-designations will be provided by email. Any objections to the counter-counter-designations will be provided by 7pm, and the parties will meet and confer about all objections at 8pm. All designations, counter-designations, counter-counter-designations, and objections thereto must be selected from each party's respective designations and objections that have already been made in the parties' September 6 submission of designations and objections. Any unresolved objections will be raised with the Court in advance of the use of the deposition designations.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The above procedures regarding disclosure of demonstrative exhibits and identification of trial exhibits, discovery responses, and deposition designations do not apply to use of such materials for impeachment or cross examination of a witness, none of which needs to be provided to the other side in advance of their use.

**4.     COVID-19 Vaccination & Testing Requirements**

Unless excused by the Court, all party-affiliated trial participants (including attorneys, staff, IT Specialists, consultants, party witnesses and party representatives) shall either: (1) be vaccinated for COVID-19 and provide proof of vaccine or (2) test negative for COVID-19 within five days prior to their first appearance at the courthouse (including appearance at voir dire or other proceedings) with confirmed negative results and provide confirmed negative results, prior to entering the courthouse.  Any unvaccinated participant shall be tested weekly throughout trial and provide negative test results each week.

**5.     Parties' Statements Regarding the Vaccination of Jurors**

Droplets' Statement:

Droplets' position is that the time to object to the impact of a vaccination requirement on the jury pool will be once data about the venire panel in attendance, from which the jury is to be selected, has been made available.

Yahoo's Statement:

Given the unprecedented rise in Covid-19 cases across the country in August 2021, and the hospitalization rates from Covid-19 among the unvaccinated population, to ensure the safety of everyone involved in the trial set for September 13, 2021, Yahoo agrees with the Court's suggestion to excuse all unvaccinated jurors from jury service for this trial. *See* chart of cases by vaccination status in Alameda county below:



As of August 20, 2021, in Alameda County and Contra Costa County, the two counties that make-up the Oakland Division of the United States District Court for the Northern District of California, 76.4% and 73.4%, respectively, of all residents are fully vaccinated, and well over 80% of the residents have received at least one dose of vaccine. *See* https://www.coronavirus.cchealth.org/vaccine-dashboard; https://covid-19.acgov.org/data.page?#vaccination. Thus, there is little to no risk that the jury pool drawn from these counties would represent anything less than a fair cross-section of the residents of the Oakland Division if the pool is limited to vaccinated residents. Further, requiring vaccinated jurors and unvaccinated jurors to be on the same jury during this time may cause greater stress, concern or even anger among some jurors. Moreover, jury service is a duty, not an absolute right, and the law permits jurors to be excused for many hardships or for no reason at all. Alternatively, should plaintiff object to sitting only vaccinated jurors, then Yahoo respectfully requests that this Court require any unvaccinated jurors to present a negative Covid-19 test either each week of jury service or until the Delta variant of Covid-19 subsides within the Oakland Division.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | /s/   Matt C. Gaudet | /s/   Courtland L. Reichman |
| | | Courtland L. Reichman |
| 4 | | |
| 5 | George P. Niespolo<br>(Bar No. 72107) | Courtland L. Reichman (CA Bar No. 268873)<br>creichman@reichmanjorgensen.com |
| | Duane Morris LLP | Shawna L. Ballard (CA Bar No. 155188) |
| 6 | One Market, Spear Tower, Suite 2200 | sballard@reichmanjorgensen.com |
| | San Francisco, CA 94105 | Kate Falkenstien (CA Bar No. 313753) |
| 7 | 415.957.3000 (phone) | kfalkenstien@reichmanjorgensen.com |
| | 415.957.3001 (fax) | Michael G. Flanigan (CA Bar No. 316152) |
| 8 | GDNiespolo@duanemorris.com | mflanigan@reichmanjorgensen.com |
| | | Taylor N. Mauze (admitted *pro hac vice*) |
| 9 | Kevin P. Anderson | tmauze@reichmanjorgensen.com |
| | (admitted pro hac vice) | REICHMAN JORGENSEN LEHMAN & |
| 10 | Duane Morris LLP | FELDBERG LLP |
| | 505 9th Street, N.W., Suite 1000 | 100 Marine Parkway, Suite 300 |
| 11 | Washington D.C. 20004-2166 | Redwood Shores, CA 94065 |
| | 202.776.7800 (phone) | Telephone: (650) 623-1401 |
| 12 | 202.776.7801 (fax) | Facsimile: (650) 623-1449 |
| | KPAnderson@duanemorris.com | |
| 13 | | Khue V. Hoang (CA Bar No. 205917) |
| | Aleksander Goranin | khoang@reichmanjorgensen.com |
| 14 | (admitted pro hac vice) | Jaime F. Cardenas-Navia (admitted *pro hac vice*) |
| | Duane Morris LLP | jcardenas-navia@reichmanjorgensen.com |
| 15 | 30 South 17th Street | Michael Matulewicz-Crowley (admitted *pro hac vice*) |
| | Philadelphia PA 19103-4196 | mmatulewicz-crowley@reichmanjorgensen.com |
| 16 | 215.979.1000 (phone) | REICHMAN JORGENSEN LEHMAN & |
| | 215.979.1020 (fax) | FELDBERG LLP |
| 17 | Agoranin@duanemorris.com | 750 Third Avenue, Suite 2400 |
| | | New York, NY 10017 |
| 18 | Woody Jameson | Telephone: (646) 921-1474 |
| | Matt C. Gaudet | Facsimile: (650) 623-1449 |
| 19 | (admitted pro hac vice) | |
| | Duane Morris LLP | Christine Lehman (admitted *pro hac vice*) |
| 20 | 1075 Peachtree Street NE, Suite 2000 | clehman@reichmanjorgensen.com |
| | Atlanta GA 30309-3929 | David King (admitted *pro hac vice*) |
| 21 | 404.253.6900 (phone) | dking@reichmanjorgensen.com |
| | 404.253.6901 (fax) | Aisha Mahmood Haley (admitted *pro hac vice*) |
| 22 | Wjameson@duanemorris.com | amhaley@reichmanjorgensen.com |
| | MCGaudet@duanemorris.com | Phil Eklem (admitted *pro hac vice*) |
| 23 | | peklem@reichmanjorgensen.com |
| | Jennifer H. Doan | REICHMAN JORGENSEN LEHMAN & |
| 24 | (admitted *pro hac vice*) | FELDBERG LLP |
| | Texas Bar No. 08809050 | 1710 Rhode Island Avenue, NW, 12th floor |
| 25 | Joshua R. Thane | Washington, DC  20036 |
| | (admitted *pro hac vice*) | Telephone: (202) 894-7310 |
| 26 | Texas Bar No. 24060713 | Facsimile: (650) 623-1449 |
| 27 | HALTOM & DOAN | |
| | 6500 Summerhill Road, Suite 100 | *Attorneys for Plaintiff and Intervenor-Defendant* |
| 28 | Texarkana, TX 75503 | *Droplets, Inc.* |

Case No. 12-cv-03733-JST            6            Supplement to Joint Pretrial Statement
                                                               for Droplets, Inc. v. Yahoo! Inc.

Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

*Attorneys for Intervenor-Plaintiffs Oath Holdings Inc. and Oath, Inc. and Defendant Yahoo!, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: August 20, 2021          /s/   *Jaime F. Cardenas-Navia*