UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DROPLETS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAHOO! INC.,<br><br>　　　　　Defendant. | Case No. 12-cv-03733-JST<br><br>**ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 795 |

Before the Court is Defendant Nordstrom Inc.'s motion for leave to file a motion for reconsideration of the Court's Order on Nordstrom's Motion for Summary Judgment. ECF Nos. 795. For the reasons set forth below, the Court will deny Nordstrom's motion.

Under Civil Local Rule 7-9, a party seeking leave to file a motion for reconsideration must "specifically show reasonable diligence in bringing the motion" and "one of the following":

> (1)　That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)　The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)　A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Nordstrom argues that reconsideration under Civil Local Rule 7-9(b)(3) is appropriate because (1) it previously "misstated the citation to the record" and "[i]t would be inequitable" and "waste judicial resources" to deny summary judgment on that basis, (2) the parties now dispute the

1  meaning of "restoring" operating states, which the summary judgment order left unresolved, and
2  (3) Nordstrom seeks clarity on whether the Court is adopting a construction of "operating state."
3  ECF No. 795 at 2-3.

4        First, Nordstrom explains that, in support of its summary judgment argument that the
5  accused products do not satisfy the ordinary meaning of the "storing" limitation, Nordstrom
6  mistakenly cited to paragraph 21 of the Shamos Report, instead of paragraph 21 of Exhibit 3 to the
7  Shamos Report. *Id.* at 4. Nordstrom claims that "the Court was not correctly pointed to the
8  intended evidence of record and the Summary Judgment Order indicates that the Court did not
9  otherwise locate the intended evidence in the record." *Id.* at 5. Nordstrom argues that it is
10 therefore entitled to reconsideration under either Civil Local Rule 7-9(b)(1) or (2). *Id.* These
11 circumstances, however, do not constitute either a "material difference in fact or law [] from that
12 which was presented to the Court," Civ. L.R. 7-9(b)(1), or a "manifest failure by the Court to
13 consider material facts or dispositive legal arguments," Civ. L.R. 7-9(b)(1). Accordingly, the
14 Court denies Nordstrom's request for leave on this issue.

15       Second, Nordstrom requests reconsideration on the grounds that the parties remain in
16 dispute on whether "recreating" a state qualifies as "restoring previous operating states." ECF No.
17 795 at 5. Nordstrom contends reconsideration is proper because the Court "fails to consider and
18 resolve the summary judgment dispositive legal question about the proper interpretation of the
19 Court's previous claim construction opinion." *Id.* at 7. This argument fails for several reasons.
20 First, as the Court noted in its summary judgment order, "Nordstrom [did] not articulate a precise
21 proposed construction of this term" in its motion, so the absence of such a construction in the
22 order should not come as a surprise. ECF No. 792 at 10 n.6. Second, however, the Court's prior
23 summary judgment order *does* construe the term "restoring previous operating state" where
24 necessary to the Court's analysis. *See, e.g.*, *id.* at 10 ("The implication is that showing a
25 previously displayed web page (the form) does not constitute 'restoring a previous operating state'
26 unless data provided by the user is displayed."); *id.* ("Accordingly, the Court finds that 'previous
27 operating state' must refer to a particular user's operating state and particularly to 'modifications
28 made to an application' by the user."). Finally, not every infringement dispute is a claim

1  construction issue.  The issue of whether "restoring previous operating states" encompasses
2  "recreating" boils down to whether the accused products satisfy an asserted claim limitation.
3  Thus, to the extent not resolved by the legal analysis in the Court's summary judgment order, the
4  dispute Nordstrom identifies is a question of fact and, therefore, a question for the jury.
5  Accordingly, the Court denies Nordstrom's request for leave on this issue.

6       Third, Nordstrom argues that it is entitled to reconsideration because "the Court may have
7  manifestly failed to consider the fact that the alleged operating state is the instrumentality's
8  calculated result and not the input provided to the instrumentality."  ECF No. 795 at 7.  Nordstrom
9  suggests that this "may imply the Court is treating the particular selection of filters as the
10 operating state." *Id.*  This is incorrect.  In its summary judgment order, the Court relied on
11 Plaintiff Droplets's theory that selecting and then unselecting a filter restores the operating state of
12 the webpage shown to the user.  This state is "based on user input" because it *depends* on users'
13 selection of filters, but filter selection is not itself an operating state.  This understanding is
14 consistent with the Stock Watcher application described in the specification, which also shows an
15 operating state (stock prices) based on user input (selection of stocks).  Thus, the Court did not
16 adopt an interpretation that user input is itself an operating state.  Accordingly, the Court denies
17 Nordstrom's request for leave on this issue as well.
18       The motion for leave to file a motion for reconsideration is denied.
19       **IT IS SO ORDERED.**
20 Dated:  November 8, 2021



JON S. TIGAR
United States District Judge