Courtland L. Reichman (CA Bar No. 268873)
  creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
  sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
  kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
  mflanigan@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
  khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
  jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
  mmatulewicz-crowley@reichmanjorgensen.com
Michael Marvin (admitted *pro hac vice*)
  mmarvin@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Facsimile: (650) 623-1449

Attorneys for Plaintiff and Intervenor-Defendant
*Droplets, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DROPLETS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>YAHOO!, INC.,<br><br>    Defendant.<br><br>OATH, INC., et al.,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>DROPLETS, INC.,<br><br>    Intervenor-Defendant.<br><br>DROPLETS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>    Defendant. | Case No. 12-cv-03733-JST<br><br>[~~PROPOSED~~] ORDER MEMORIALIZING RULINGS FROM FIRST PRETRIAL CONFERENCE |

DM2\14557170.1

At the pretrial conference conducted on August 13, 2021, the Court issued rulings on certain of Plaintiff Droplets, Inc.'s ("Plaintiff" or "Droplets") and Defendant Yahoo!, Inc.'s ("Defendant" or "Yahoo") (collectively, the "Parties") Motions in *Limine*, as well as several instructions relating to the upcoming trial.

**I.    Court Procedures and Party Submissions**

1. The Court bifurcated resolution of the claims in intervention by Oath Holdings, Inc. and Oath, Inc. (collectively, "Verizon Media"). The Parties shall file a proposal regarding that bifurcation by August 20, 2021.

2. The Court determined that subject matter eligibility and indefiniteness will not be a part of the currently scheduled jury trial. Droplets shall file proposed Findings of Fact and Conclusions of Law regarding Yahoo's claim that claims 17, 50, and 78 of asserted U.S. Patent No. 6,687,745 are invalid as indefinite prior to a bench trial on the matter. The Court has not set a date for the bench trial or for Droplets' submission.

3. Droplets invoked the rule of sequestration pursuant to Federal Rule of Evidence 615. The Parties shall file a joint letter brief of not more than four (4) pages addressing how this invocation affects Yahoo's intended use of David Filo as a party representative by August 20, 2021.

4. The Court reviewed current trial procedures in light of the COVID-19 pandemic. Procedures on COVID-19 vaccination and testing requirements are forthcoming. By agreement of the Parties, attorneys and staff entering the courtroom will provide proof of vaccination or proof of a negative COVID-19 test conducted no more than 5 days prior before entering the courthouse. Party statements, if any, on the Court's potential imposition of COVID-19 vaccination requirements for jurors shall be filed by August 20, 2021. The Courtroom will be socially distanced, and during *voir dire* only 20 jurors will be permitted in the courtroom at a time. During trial, no more than 25 persons can be in the courtroom at any given time, and masks are required at all times unless otherwise ordered by the Court.

5. The Parties are permitted to set up video streaming equipment to provide to their remote attorney teams a live feed of both parties' technology person's computer screen/display used at trial in real time.

6. Droplets is to narrow its number of asserted claims no later than two weeks before jury selection. No later than three days after receipt of Droplets' elections, Yahoo is to narrow its invalidity theories under §§ 102, 103 to no more prior art references (as defined in ECF No. 518) than the number of narrowed claims asserted by Droplets. (For example, if Droplets narrows its case to assertion of six patent claims, Yahoo should respond with no more than six prior art references.)

7. Yahoo has requested that trial not take place on September 16, in light of the Yom Kippur holiday. The Parties will discuss this request and will advise the Court if there is a disagreement. The Court will follow up with the Parties regarding its schedule on September 23, 24, 27, and 28.

## II. Proposed Pretrial Order

8. The Court may send the prospective jury panel a standard questionnaire and an additional stipulated questionnaire proposed by the parties. Any such stipulated questionnaire must be submitted on or before August 19, 2021.

9. The Parties are each permitted up to 20 hours of trial time. This time is exclusive of *voir dire*, opening statements, and closing arguments. Opening statements are limited to no longer than one hour per side. The Court will set the length of closing arguments at trial.

10. The Parties will have thirty minutes at the start of each trial day to raise all issues to be resolved outside of the presence of the jury, including disputes regarding exhibits and demonstratives. Any such argument will begin at 8 a.m. and will end at or before 8:30 a.m.

11. The Parties raised the issue of whether witnesses can appear and testify via Zoom at trial. The Parties will meet and confer and, if there is a continuing disagreement, raise the issue with the Courtroom deputy to schedule a conference with the Court.

12. The Parties will file any agreed stipulations regarding deadlines for trial exchanges no later than August 20, 2021. Such stipulations will include, for example, deadlines for identifying exhibits and deposition designations to be used during trial.

13. Yahoo's request to limit the number of exhibits on the exhibit list was DENIED WITHOUT PREJUDICE.

14. Objections as to the indemnification by Oath Holdings to Yahoo and Internet Archive printouts are to be addressed at trial.

15. Yahoo raised objections to a number of exhibits on Droplets' exhibit list that Droplets intends to use as demonstratives. In response to the dispute, Droplets moved to remove those demonstratives from its exhibit list because there is no requirement to list demonstratives on an exhibit list, and the Court GRANTED that motion.

16. The Court makes the following rulings on the Parties' Disputed Trial Procedures (ECF No. 816 at 29-30):

   a. The Court declined to rule on the first issue, preclusion of arguments, evidence, testimony, insinuation, reference, or assertions that the Court has the power to dismiss frivolous suits and our frivolous counterclaims and defenses. The Court noted that it did not anticipate anyone would say in front of the jury that the trial was proceeding because the Court had the power to dismiss a frivolous lawsuit and did not.

   b. The Court GRANTED the second request. When a live witness is impeached on cross-examination with prior deposition testimony, the transcript or video of that prior deposition testimony may be displayed to the jury in connection with said impeachment.

   c. The Court DENIED the third request. When an expert witness is impeached on cross examination with his or her expert report, the cross-examining attorney may read the relevant portion of the expert report to the jury but may not display any portion of the expert report to the jury.

   d. The Court GRANTED the fourth request. The Parties are precluded from asking any witness a question that they know is likely to invoke an invocation of privilege by opposing counsel in order to avoid such objections during a witness's live testimony in front of the jury.

   e. The Court GRANTED-AS-AGREED the fifth request. Accordingly, no party may argue or present evidence to the jury regarding interest on damages or an appeal of the verdict.

### III. Motions in *Limine*

17. Plaintiff's Motion in *Limine* No. 4 to exclude claims or causes of action that have been dismissed or dropped by Droplets (ECF No. 807 at 11) was GRANTED.

18. Droplets' Motion in *Limine* No. 7 to exclude articles and treatises on the patent system and on patent damages law (ECF No. 807 at 43-44) was GRANTED-IN-PART. Articles and treatises on the patent system and on patent damages law will not be admitted as evidence, citations to such documents are not to be displayed to the jury, and the titles of such documents are not to be read to the jury. Droplets' Motion in *Limine* No. 7 was DENIED-IN-PART to the extent that Yahoo's experts may testify as to their opinions based on their review of such documents as disclosed in their reports.

19. Rulings on the remaining Motions in *Limine* are CARRIED.

### IV. Remaining Issues

The Court will conduct a second Pretrial Conference on **August 26, 2021** at **9:30 am**.

Dated: August 19, 2021

*/s/ Courtland L. Reichman*

Courtland L. Reichman (CA Bar No. 268873)
creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
mflanigan@reichmanjorgensen.com
Taylor N. Mauze (admitted *pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Dated: December 22, 2021

Khue V. Hoang (CA Bar No. 205917)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
mmatulewicz-crowley@reichmanjorgensen.com
Michael Marvin (admitted *pro hac vice*)
mmarvin@reichmanjorgensen.com

IT IS SO ORDERED
Judge Jon S. Tigar

| | |
|---|---|
| 1 | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP |
| 2 | 750 Third Avenue, Suite 2400<br>New York, NY 10017 |
| 3 | Telephone: (212) 381-1965<br>Facsimile: (650) 623-1449 |
| 4 | |
| 5 | Christine Lehman (admitted *pro hac vice*)<br>clehman@reichmanjorgensen.com |
| 6 | David King (admitted *pro hac vice*)<br>dking@reichmanjorgensen.com |
| 7 | Aisha Mahmood Haley (admitted *pro hac vice*)<br>amhaley@reichmanjorgensen.com |
| 8 | Phil Eklem (admitted *pro hac vice*)<br>peklem@reichmanjorgensen.com |
| 9 | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP |
| 10 | 1710 Rhode Island Avenue, NW, 12th floor<br>Washington, DC  20036 |
| 11 | Telephone: (202) 894-7310<br>Facsimile: (650) 623-1449 |
| 12 | |
| 13 | Attorneys for Plaintiff and Intervenor-Defendant *Droplets, Inc.* |

Case No. 12-cv-03733-JST          5          [Proposed] Order Memorializing Rulings from First Pretrial Conference

DM2\14557170.1