KILPATRICK TOWNSEND & STOCKTON LLP
A. JAMES ISBESTER (SBN: 129820)
BENJAMIN M. KLEINMAN (SBN: 261846)
Two Embarcadero Center Suite 1900
San Francisco, CA 94111
Email:  jisbester@kilpatricktownsend.com
Email:  bkleinman@kilpatricktownsend.com
Telephone: (415) 576-0200
Facsimile:  (415) 576-0300

MACAULAY IVORY (SBN: 324749)
KATHLEEN ROSE GEYER (*pro hac vice*)
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Email: mivory@kilpatricktownsend.com
Email: kgeyer@kilpatricktownsend.com
Telephone: (206) 467-9600

JORDAN TRENT JONES (SBN 166600)
LAW OFFICES OF JORDAN TRENT JONES
2268 Westborough Boulevard, Suite 302 #201
South San Francisco, CA  94080
Telephone:  (415) 418-0380
Email:  jtjones@jtrentjoneslaw.com

**ATTORNEYS FOR DEFENDANT
NORDSTROM, INC.**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DROPLETS, INC., | Civil Action No. 12-CV-03733-JST (KAW) |
|     Plaintiff, | |
| v. | **NORDSTROM, INC.'S OMNIBUS MOTION TO CLARIFY TRIAL PROCEDURES** |
| YAHOO!, INC. | |
|     Defendant. | HEARING: |
| OATH INC. AND OATH HOLDINGS, INC. | Date: January 6, 2022 |
|     Intervenor-Plaintiffs, | Time: 2:00 PM |
| v. | Courtroom: 6, 2nd Floor |
| DROPLETS, INC., | Judge: Hon. Jon S. Tigar |
|     Intervenor-Defendant. | |
| DROPLETS, INC., | |
|     Plaintiff, | |
| v. | |
| NORDSTROM, INC. | |
|     Defendant. | |

1

<u>**NOTICE OF MOTION AND HEARING**</u>

2        PLEASE TAKE NOTICE that on January 6, 2022 at 2:00 p.m., or as soon thereafter as the

3 matter can be heard, in Courtroom 6 on the second floor of the United States District Court of the

4 Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, before the

5 Honorable Jon S. Tigar, Defendant Nordstrom, Inc. will move the Court for an order granting this

6 Motion to Clarify Trial Procedures.

7

<u>**RELIEF REQUESTED**</u>

8        Nordstrom respectfully requests that the Court enter an order:

9        1.     Allowing the parties to exceed the scope of cross examination for witnesses that both

10 parties intend to call in their case-in-chief such that each witness need only testify once;

11        2.     Allowing Nordstrom's witnesses, Brenda Anderson and Brian Gill, to testify

12 remotely via Zoom videoconference;

13        3.     Clarifying COVID procedures in the courtroom, including the cap of the number of

14 persons in the courtroom and whether the wearing of masks will or will not be required in the

15 courtroom.

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION.

Defendant Nordstrom, Inc. ("Nordstrom") respectfully moves the Court to clarify (1) trial procedures relating to examination of witnesses that both parties may call to testify; (2) remote testimony by videoconference for certain Nordstrom fact witnesses (3) COVID procedures regarding limits to number of persons in the courtroom; and (4) COVID procedures regarding wearing of masks in the courtroom.

## II.      STATEMENT OF ISSUES TO BE DECIDED

1.      Pursuant to Rule 611(b), should the parties be allowed to exceed the scope of cross examination such that witnesses supporting both parties' case-in-chief need to only testify once  in the interest of efficiency and convenience?

2.      Pursuant to Federal Rule of Civil Procedure 43, should Nordstrom's witnesses, Ms. Brenda Anderson and Mr. Brian Gill, be permitted to testify remotely via videoconference given the ongoing COVID pandemic and their location outside of the subpoena range of the Court?

3.      Will the Court allow 29 or 31 persons to be in the courtroom?

4.      Will the Court require the wearing of masks by all persons in the courtroom?

## III.    THE SCOPE OF CROSS-EXAMINATION SHOULD BE EXPANDED SUCH THAT FACT WITNESSES TESTIFYING IN BOTH PARTIES' CASE IN CHIEF SHOULD ONLY TESTIFY ONCE.

### A.      Background

Droplets and Nordstrom both have designated as will-call or may-call a significant number of the same fact witnesses during their case in chief. *Compare* ECF No. 898-2 *with* ECF No. 898-1 (both listing Philip Brittan, Louis Franco, Frank Rose, Mat Baskin, David Berberian, Ingo Theuerkauf, I-Chiang Chen, Sarah Stewart, Randy Kanai, Deniz Anders, Brenda Anderson, and Brian Gill, and "[a]ny witness on [the other parties'] witness list and any witness called by [the other party] (may call)"). To the extent both parties actually call such witnesses, there is inherent and significant waste of time for each of these witnesses to be called twice in the same trial to testify about overlapping topics at trial.

To minimize such waste of time and inconvenience to the testifying witnesses, on December 13, 2021, Nordstrom proposed to Droplets that "any fact witness presented by a party in

1    that party's case in chief who also appears on the witness list for the other party can be examined

2    as part of the other party's case in chief whenever they are first called." Declaration of Kathleen R.

3    Geyer ("Geyer Decl."), Ex. 1 at 1[1]; *see also* Ex. 2 at 1 (listing topics for meet and confer). On

4    December 20, 2021, the parties met and conferred on various issues regarding trial procedure,

5    including the issue of calling common witnesses a single time. Geyer Decl., ¶5. Droplets rejected

6    Nordstrom's proposal to call common witnesses only a single time and stated that a party would

7    need to recall that witness. *Id.*

8         Therefore, Nordstrom requests leave of the Court to expand the scope of cross-examination

9    so that these overlapping witnesses who testify will not need to do so on two separate occasions.

10   This will "facilitate judicial economy and the convenience of the witnesses." *United States v.*

11   *Agee*, No. 1:19-cv-00103-TWP-DLP, 2021 WL 2894784, at *7 (S.D. Ind. July 9, 2021).

12   Nordstrom further proposes that, except as permitted by Rule 611(c) of the Federal Rules of

13   Evidence, counsel "refrain from leading questioning when delving into a subject matter that was

14   not covered on direct examination." *Id.* (citation omitted).

15        **B.    Argument**

16        "Federal Rule of Evidence 611(b) commits the scope of cross-examination to the trial

17   judge's discretion." *United States v. Vasquez*, 858 F.2d 1387, 1392 (9th Cir. 1988). Indeed, the

18   "trial judge must meet situations as they arise and to do this must have broad power to cope with

19   the complexities and contingencies inherent in the adversary process. To this end, he may

20   determine generally the order in which parties will adduce proof . . . ." *Geders v. United States*,

21   425 U.S. 80, 86 (1976). Rule 611(b) specifically contemplates that the "court may allow inquiry

22   into additional matters as if on direct examination." Fed. R. Evid. 611(b). "Guidance for applying

23   this authority is provided in Rule 611(a), which states that the Court 'should exercise reasonable

24   control over the mode and order of examining witnesses and presenting evidence so as to:

25   (1) make those procedures effective for determining the truth; (2) avoid wasting time; and

26   (3) protect witnesses from harassment and undue embarrassment." *Pinn, Inc. v. Apple Inc.*, No. SA

27

28   [1] All exhibits are attached to the Declaration of Kathleen R. Geyer filed concurrently with this motion.

1   CV 19-01805-DOC-JDE, 2021 WL 6103525, at *1 (C.D. Cal. Dec. 12, 2021) (quoting Fed. R.

2   Evid. 611(a)).

3          Courts frequently allows parties to exceed the scope of cross-examination to avoid calling

4   witnesses more than once during trial. *See, e.g.*, *Agee*, 2021 WL 2894784, at *6-7; *Est. of Smart by*

5   *Smart v. Chaffee*, No. 14-2111-JPO, 2020 WL 7643505, at *8 (D. Kan. Dec. 23, 2020) ("For those

6   witnesses both sides plan to use, in the interest of efficiency and to avoid having the same witness

7   (especially a non-party witness) testify twice during trial, the court will allow defendant's

8   questioning to exceed the scope of direct examination."); *Peeler v. KVH Indus., Inc.*, 13 F. Supp.

9   3d 1241, 1253 (M.D. Fla. 2014) (applying "the one-appearance rule" which "promotes judicial

10  economy and the witness's convenience by permitting the witness to be called only once"); *United*

11  *States v. Hassebrock*, No. 09-CR-30080-MJR, 2010 WL 11545538, at *3 (S.D. Ill. Sept. 29, 2010)

12  ("Making the United States recall Greg Hassebrock instead of adding new questions on re-direct

13  would have been 'the needless consumption of time.' It is no secret this Court looks upon

14  objections that testimony is 'beyond the scope' with a jaundiced eye because re-calling

15  witnesses—sometimes days later in the case to make a few additional points—is burdensome on

16  them and disjoints their testimony. Better to get it all before the jury while the witnesses'

17  testimony is fresh in their minds."), aff'd, 663 F.3d 906 (7th Cir. 2011); *Lyman v. St. Jude Med.*

18  *S.C., Inc.*, 580 F. Supp. 2d 719, 727 (E.D. Wis. 2008) (applying the one-appearance rule); *Walters*

19  *v. Cent. States Coca-Cola Bottling Co*, No. 98 C 4526, 2001 WL 1263680, at *2 (N.D. Ill. Oct. 17,

20  2001) ("Both sides proposed to call several of the same witnesses, some of whom lived outside

21  Chicago. The Court determined to have each such witness testify only once, so as to avoid a return

22  trip to court for the defense case."), aff'd sub nom. *Walters v. Cent. States Coca-Cola Bottling*

23  *Co.*, 51 F. App'x 969 (7th Cir. 2002); *Lanza v. Poretti*, 537 F. Supp. 777, 786 (E.D. Pa. 1982) ("I

24  find no error since the defendant most certainly would have called this witness in his case, and the

25  expert's opinion was relevant and more valuable when elicited along with its factual basis . . . .").

26         Given the potential significant overlap of witnesses in this case and the estimated length of

27  trial extending past three weeks, allowing the parties to exceed the scope of cross examination to

28  inquire into matters as if on direct would (1) promote judicial efficiency; (2) avoid wasting time;

(3) prevent inconvenience to the testifying witnesses; and (4) aid the jury in determining the truth. *See* Fed. R. Evid. 611(a).

There can be no dispute that calling witnesses a single time as opposed to twice, in each party's case in chief, would promote efficiency and avoid wasting time. Moreover, courts have recognized that "re-calling witnesses—sometimes days later in the case to make a few additional points—is burdensome on [the witnesses]." *Hassebrock*, 2010 WL 11545538, at *3; *see also Walters*, 2001 WL 1263680, at *2 ("This served the convenience of everyone—the witnesses, the parties, and the Court."). This is especially true given the ongoing pandemic and the estimated length of trial extending past three weeks. For witnesses who may not be local, it may require such fact witnesses to take extended leave to remain in Oakland between when they are first called and when they may be recalled, likely several days, if not a week or more, later. Alternatively, it may require non-local witnesses to travel multiple times from their homes to Oakland, risking exposure and taking additional time away from their lives. For example, Droplets and Nordstrom both designated a number of Nordstrom witnesses who reside near Seattle, Washington as may-call witnesses. *See* ECF No. 898-2 & ECF No. 898-1 (both listing Sarah Stewart, Deniz Anders, Brenda Anderson, and Brian Gill). Nordstrom further has a corporate travel ban for employees prohibiting travel for work, and is already making exceptions for this trial. Geyer Decl., ¶8. Having such witnesses "testify only once, so as to avoid a return trip to court" is well-within the Court's discretion and serves the convenience of the witnesses, the parties, and the Court. *Walters*, 2001 WL 1263680, at *2. Even for any local witnesses, such disruption of being called on multiple days is an unnecessary burden. *Id.*

Courts have also acknowledged that the jury is aided in its search for the truth when testimony from a single witness on related issues is not disjointed. *Hassebrock*, 2010 WL 11545538, at *3 ("Better to get it all before the jury while the witnesses' testimony is fresh in their minds."). Nordstrom's and Droplets descriptions of the intended areas of testimony of several commonly called witnesses significantly overlap.  Both parties, for example, describe the testimony of inventor Philip Brittan as relating to the technology, invention, and prosecution of the patent. ECF No. 898-1 at 1; ECF No. 898-2 at 1. .

Finally, absent an agreement from Droplets, Nordstrom may be unable to secure testimony of certain key Droplets witness during Nordstrom's case in chief. Generally, without a stipulation allowing questioning beyond the scope of direct, the party wishing to call an adverse witness as part of that party's case-in-chief must compel the witness's appearance through a subpoena. David Berberian, Droplets' CEO is a key witness for both parties.  Nordstrom understands that Mr. Berberian will be testifying remotely. But Mr. Berberian resides in Dallas, Texas, outside of the subpoena power of this court. Fed. R. Civ. P. 45(c)(1).[2] Even were Droplets to agree to facilitate a second round of testimony by Mr. Berberian, Nordstrom would need to coordinate with Mr. Berberian, the CEO of the opposing party, to coordinate his remote testimony. This is a significant waste of time and complication in the presentation of this case.

For these reasons, Nordstrom respectfully requests that the Court order that common witnesses be called to testify only one, and expand the scope of cross-examination to allow such questioning to occur.

## IV.     NORDSTROM SHOULD BE ALLOWED TO PRESENT CERTAIN FACT WITNESS TESTIMONY BY ZOOM VIDEO TECHNOLOGY

Nordstrom requests that the Court authorize remote testimony for two of its witnesses, Brenda Anderson and Brian Gill. As discussed above, Nordstrom maintains a ban on corporate travel due to the ongoing pandemic (Geyer Decl., ¶7), and travel is not an expected part of either of these employees' jobs. Both of these witnesses are based in Seattle, Washington, more than 100 miles from the courthouse and therefore outside the subpoena power of the Court. *See* Fed. R. Civ. P. 45. Further, Nordstrom expects the direct testimony of these witnesses to be relatively brief.

"For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Accordingly, the decision to allow testimony via videoconference is well within this Court's discretion. *Draper v. Rosario*, 836 F.3d 1072, 1081 (9th Cir. 2016). Courts in

---

[2] Nordstrom would argue that such a subpoena would be appropriate under Rule 45(c)(1)(B) because it commands performance within Texas as opposed to California because Mr. Berberian is testifying remotely. Texas is a state where Mr. Berberian regularly transacts business, Mr. Berberian is Droplets' officer, and it would not incur substantial expense because Mr. Berberian will not be required to travel or otherwise incur any significant expenses.

this district have commonly found good cause in compelling circumstances in the COVID pandemic. *See, e.g.*, *In re Alle*, No. 2:13-BK-38801-SK, 2021 WL 3032712, at *4-*5 (C.D. Cal. July 19, 2021) (collecting cases in the Ninth Circuit). Further, courts in this district have found good cause and compelling circumstances to permit videoconference testimony when the witnesses live outside of California, more than 100 miles from the courthouse. *See Aoki v. Gilbert*, No. 211CV02797TLNCKD, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019) (citing *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS (LC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (collecting cases)).

Both of these circumstances are present here. Nordstrom has a corporate policy to restrict travel for work purposes, and has made limited exceptions for this trial. However, Ms. Anderson and Mr. Gill are not expected to travel as part of their normal work responsibilities, and Nordstrom wishes to minimize the number of exceptions to its corporate policy. Further, both these witnesses reside more than 100 miles from the courthouse. As other courts in this district have found, these circumstances provide good cause in compelling circumstances to allow remote testimony by videoconference.

Moreover, as the Court acknowledged, "we have had lots of live Zoom testimony at this point for all kinds of reasons," and the Court is willing to offer explanation to the jury that "this is one of the blessing of the pandemic. We don't have to drag everybody into the courtroom, and people are busy, and they really want to give you their testimony, but they're not able to always do it in person so just treat them as though they were testifying here in court." ECF No. 974, at 8:11-9:6. And because Droplets CEO, Mr. Berberian, is testifying by videoconference, it should be of no issue to have certain of Nordstrom's witnesses testify in the same manner.

Finally, "the appropriate safeguards exist in this case because the witnesses will provide live testimony by videoconference, will testify under oath, and will be subject to cross examination." *Aoki*, 2019 WL 1243719, at *2. "Because a witness testifying by video is observed directly with little, if any, delay in transmission ... courts have found that video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings." *Warner*, 2015 WL 4645019, at *1 (citations omitted).

1    Therefore, Nordstrom requests this Court authorize remote testimony by videoconference

2    for Ms. Anderson and Mr. Gill.

3    **V.      COVID PROTOCOLS AND PROCEDURES**

4    During the December 10, 2021 pretrial conference, the parties discussed numerous issues

5    regarding COVID protocols and procedures. Two issues, however, remain unresolved: (1) limits

6    on the number of people in the courtroom and (2) masking policy.

7    First, the Court indicated that it would limit the number of people in the courtroom to 25.

8    ECF No. 974 (Pretrial Conf. Tr.), at 29:6-31:14. The parties jointly moved the Court to allow each

9    party to have six or seven total people present at counsel table for the reasons indicated during the

10   pretrial conference. *Id.*, at 30:17-31:10. In addition, the parties met and conferred regarding a joint

11   motion to the Court on this issue on December 20, 2021. Geyer Decl., ¶6. During that process,

12   both parties expressed that they want at least six persons at counsel table for each party, and

13   Droplets indicated its preference for four attorneys, yielding seven persons at counsel table. *Id*

14   Therefore, Nordstrom respectfully asks the Court to clarify whether it will maintain a limit of 25

15   people in the courtroom or expand that number to allow six persons present at each counsel table,

16   for a total of 29 people in the courtroom.

17   Second, during the pretrial conference, the Court also indicated that there would be vaccine

18   requirements for the Court staff, lawyers, witnesses, and jurors. ECF No. 974, at 5:2-6:8.

19   Nordstrom understands that the Northern District of California courthouse requires "all jurors,

20   attorneys, court staff, and other courthouse visitors, regardless of vaccination status, are required

21   to wear masks within public or common areas of courthouse property." Update of Court

22   Proceedings, Operations, and Safety Protocols (updated Aug. 2, 2021), available at

23   https://www.cand.uscourts.gov/notices/safety-protocols-for-northern-district-of-california-

24   courthouses-updated-july-28-2021/. However, "[m]ask and physical distancing requirements for

25   individual courtrooms will continue to be determined by the assigned judge." *Id.* During the

26   December 20, 2021 meet and confer, the parties expressed that they were unclear about the

27   masking requirements for trial participants, jurors, and the public. Geyer Decl., ¶7. Nordstrom

28   respectfully requests that the Court clarify its masking and physical distancing requirements.

MOTION TO CLARIFY TRIAL PROCEDURES
CASE NO. 12-CV-03733-JST (KAW)                                                            - 7 -

1

## VI.    CONCLUSION.

2        For all of these reasons, Nordstrom respectfully request that the Court issue and Order

3  (1) expanding the scope of cross-examination such that witnesses that both parties intend to call to

4  testify will only need to testify once, and (2) clarifying COVID procedures within the courtroom

5  with respect to limit on number of persons in the courtroom and masking.

6

7  DATED: December 27, 2021          Respectfully submitted,

8                                   KILPATRICK TOWNSEND & STOCKTON LLP

9

10                                 By: */s/ A. James Isbester*
                                       A. JAMES ISBESTER
11
                                       Attorneys for Defendant
12                                     NORDSTROM, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28