Courtland L. Reichman (CA Bar No. 268873)
  creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
  sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
  kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
  mflanigan@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
  khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
  jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
  mmatulewicz-crowley@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (646) 921-1474
Facsimile: (650) 623-1449

Attorneys for Plaintiff and Intervenor-Defendant
*Droplets, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DROPLETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> YAHOO!, INC., <br><br> Defendant. | Case No. 12-cv-03733-JST <br><br> **PLAINTIFF DROPLETS, INC.'S MOTION FOR LEAVE TO AMEND DR. SCHMIDT'S NORDSTROM EXPERT REPORT UNDER L.R. 6-3** |
| OATH, INC., et al., <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> DROPLETS, INC., <br><br> Intervenor-Defendant. | |
| DROPLETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC., <br><br> Defendant. | |

Droplets seeks leave to amend Dr. Schmidt's opinion under Local Rule 6-3 in light of the Court's post-*Markman* claim construction rulings.

## BACKGROUND

### I.     The Nordstrom Summary Judgment Order

The first set of constructions arose from the Court's Order denying Nordstrom's summary judgment motion, which was issued on July 2, 2021. ECF No. 792. In that motion, Nordstrom argued for new constructions of three terms: (1) restoring a particular user's previous operating state (which is a part of the construction of "interactive link"), (2) "selectively," and (3) "re-establishing" (both of which are part of the "storing . . . an interactive link for selectively re-establishing the second communication connection" element). The Court denied Nordstrom's motion based on the evidence and theories in Dr. Schmidt's report. ECF No. 792 at 9-11, 15-18. In the course of the opinion's reasoning, it discussed the three terms, but did not adopt any of Nordstrom's constructions. *Id.*

Droplets did not understand the Court to be announcing new constructions in its Order. Notably, the Court did not order any constructions or amend its Claim Construction Order, as it did for previous claim constructions. *Compare* ECF No. 792 at 21 *with* ECF No. 801 at 11 and ECF No. 749 at 10. Additionally, the Court described the claim terms in varying ways, without identifying which formation was the actual "construction." *Compare* ECF No. 792 at 10 ("[T]he Court finds that 'previous operating state' must refer to a particular user's operating state and particularly to 'modifications made to an application' by the user.") *with id* at 10 ("[S]howing a previously displayed web page (the form) does not constitute 'restoring a previous operating state' unless data provided by the user is displayed."). And the Court's language differed from Nordstrom's proposed constructions. *Compare* ECF No. 792 at 10 *with* ECF 611 at 15; *compare* ECF No. 792 at 17 *with* ECF 611 at 21; *compare* ECF No. 792 at 17 n.10 *with* ECF 611 at 21.

Moreover, even Yahoo and Nordstrom disagree on which portions of the Court's decision were "claim constructions." Yahoo stated on August 5, 2021 that it thought the Court had construed "restoring a particular user's previous operating state" but did not mention "selectively" or "re-establishing." Ex. F, Ex. G at 1. Nordstrom, on the other hand, told Droplets on October 18, 2021 that it thought the Court also issued new constructions for "selectively" and "re-establishing." Ex. H, Ex. I. The parties presented these

disputes in their Pretrial Statements.  ECF No. 816 at 25-26 (Yahoo, submitted on August 6, 2021); ECF No. 981 at 12 (Nordstrom, submitted on November 5, 2021).  The Court has not resolved the parties' disputes as to whether these were new claim constructions.

The issue of these claim constructions arose in one of Nordstrom's motions *in limine*, which asked the Court to exclude any infringement theories not discussed in Dr. Schmidt's report regarding what it alleged were new constructions in the July 2 Summary Judgment Order.  ECF No. 792.  Droplets responded by pointing out that the theories were, in fact, disclosed — indeed, that was the basis on which the Court had denied Nordstrom's summary judgment motion.  ECF No. 935 at 7-8, 13-19.  Droplets also pointed out that its expert should be allowed to simply mention the Court's new constructions (if they were adopted) without any additional facts because those new constructions would only have issued after expert reports.  *Id.*  On December 23, 2021, the Court ruled that if Droplets' expert wanted to reference the precise words of a claim construction, "it should have served a supplemental report and invited supplemental expert discovery."  ECF No. 981 at 12-13.  Accordingly, Droplets has done that — contemporaneous with this Motion, it has served a supplemental report and invited expert discovery.

**DISCUSSION**

Expert disclosures can be amended for "good cause," which typically centers on diligence and prejudice.  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  A new claim construction is sufficient "good cause" to amend an expert report so long as the party seeking to amend was diligent.  *Lexion Med., LLC v. Northgate Techs., Inc.*, 641 F.3d 1352, 1358-1359 (Fed. Cir. 2011) (affirming the district court's consideration of a new declaration in light of "a new claim construction"); *see, e.g.*, *Mformation Techs., Inc. v. Rsch. in Motion Ltd.*, 2012 WL 13063633, at *1 (N.D. Cal. May 24, 2012); *Evolusion Concepts, Inc. v. Juggernaut Tactical, Inc.*, 2020 WL 5898974, at *3 (C.D. Cal. July 9, 2020) (applying the Northern District of California's local rules); *Biscotti Inc. v. Microsoft Corp.*, 2:13-CV-01015-JRG-RSP, ECF No. 242 (E.D. Tex. June 1, 2017) (attached as Ex. J).  Indeed, the Patent Local Rules indicate that "good cause" for amending infringement contentions includes a new claim construction by the Court different from that proposed by the party seeking amendment, absent undue prejudice to the non-moving party.  Patent L.R. 3-6.

There is good cause for Droplets' amendments to Dr. Schmidt's report, particularly considering

the minimal nature of them. The amendments consist of adding no more than three new sentences for each infringement theory (one for each of three alleged constructions), in addition to simply stating the precise words of the (alleged) constructions themselves. These amendments do not add any new material, but only refer to previously-disclosed evidence and theories — the very evidence and theories from Dr. Schmidt's Report the Court already found sufficient to survive summary judgment on these constructions. The following language is an example of one of these sentences:

> And therefore, as stated in paragraph 19, the Search Suggest JavaScript meets the "interactive link" element (including the Court's construction of a particular user's "previous operating state") because as stated in paragraph 24, it restores state "when a user types previously entered characters into the search box," which is user input, or "modifications made to an application [the Search Suggest application] by the user."

Ex. B ¶ 29. In other words, Droplets is simply referencing paragraphs of material already in the report (¶¶12, 24) and stating that this evidence is sufficient to meet the new construction (as the Court already found). Exhibits A-E to this Motion contains Dr. Schmidt's report showing the proposed amendments. In short, all Droplets seeks to do is have Dr. Schmidt state the new constructions (if they are determined to actually be constructions), and state that the evidence already in the reports is sufficient to meet those constructions. This will simplify the jury's consideration of the evidence. Indeed, without permitting experts to reference the new constructions, neither side's expert could mention them, thus inviting jury confusion.

There is no meaningful prejudice to Nordstrom. The amendments are *de minimis* and include no new evidence or theories. Importantly, there is at least the same time (five to ten months, depending on when trial is set) between this motion and the Nordstrom trial as there was between the Court's Nordstrom Summary Judgment Order (July 2, 2021) and the original Nordstrom trial (January 10, 2022). Indeed, Nordstrom only raised its new constructions on October 18, 2021, less than three months from the then-scheduled trial.

Finally, Droplets had assumed before the December 23 Order that Dr. Schmidt would be permitted to state the literal words of the construction and state that the same evidence and theories already in his report met that construction (as the Court determined in its summary judgment Order). Indeed, Nordstrom appears to have shared that view — it only moved *in limine* to preclude Schmidt from offering new

Case No. 12-cv-03733-JST                                    3                         Droplets' Motion To Amend Schmidt Report

**theories**, not from reciting the words of the constructions.  ECF No. 914 at 5-7.  Promptly after learning in the December 23 Order that Dr. Schmidt would not be able to use the words of the construction, Droplets filed this Motion.  Indeed, the three potential constructions have not even yet been issued by the Court as constructions, and are subject to disputes between all parties as to which of them actually are constructions (Droplets does not believe any are, Yahoo believes one is, and Nordstrom believes all three are).  Droplets was not only diligent, it is preemptively seeking leave before constructions have been ordered.

While Droplets believes that the three new sentences it seeks to add for each infringement theory are justified under the circumstances, in the alternative, at a minimum, Dr. Schmidt should be permitted to state the literal words of any construction adopted by the Court.

## CONCLUSION

Accordingly, Droplets respectfully requests leave to amend Dr. Schmidt's report.

Dated: January 19, 2022

/s/ *Courtland L. Reichman*
Courtland L. Reichman

Courtland L. Reichman (CA Bar No. 268873)
 creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
 sballard@reichmanjorgensen.com
Kate Falkenstien (CA Bar No. 313753)
 kfalkenstien@reichmanjorgensen.com
Michael G. Flanigan (CA Bar No. 316152)
 mflanigan@reichmanjorgensen.com
Taylor N. Mauze (admitted *pro hac vice*)
tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
 khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
 jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
 mmatulewicz-crowley@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine Lehman (admitted *pro hac vice*)
 clehman@reichmanjorgensen.com
David King (admitted *pro hac vice*)
 dking@reichmanjorgensen.com
Aisha Mahmood Haley (admitted *pro hac vice*)
 amhaley@reichmanjorgensen.com
Philip Eklem (admitted *pro hac vice*)
 peklem@reichmanjorgensen.com
Reichman Jorgensen LLP
1710 Rhode Island Avenue, NW, 12th floor
Washington, DC  20036
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Attorneys for Plaintiff and Intervenor-Defendant
*Droplets, Inc.*