# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BISCOTTI INC., | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:13-CV-01015-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICROSOFT CORP., | § | |
| | § | |
| *Defendant.* | § | |

# ORDER

Before the Court are two motions related to the parties' expert reports. First is Microsoft Corporation's Emergency Motion to Exclude the Second Supplemental Report of Dr. Perryman. Dkt. No. 231. The Court heard argument on Microsoft's motion during the pretrial conference on May 30, 2017, and for the reasons explained on the record, the motion is **DENIED**.

Second is Biscotti Inc.'s Motion for Leave to Supplement Expert Report of Dr. Wicker to Address New Claim Constructions. Dkt. No. 230. Biscotti contends that Microsoft forced the Court to resolve a late-breaking claim construction dispute as part of Microsoft's motion for partial summary judgment of non-infringement, and thus Biscotti should be permitted to supplement its expert report to account for the Court's new claim construction. *See* Report and Recommendation ("R&R"), Dkt. No. 228. Biscotti is largely correct. A thorough review of Microsoft's opening summary judgment brief reveals, as alluded to in the Court's R&R, that Microsoft never asked for or proposed a construction of the relevant claim terms. *See id.* at 4-5. Rather, Microsoft waited for Biscotti to disagree with its claim construction assumptions, then its Reply Brief stated, "[t]he parties' apparent dispute on the outcome-determinative meaning of this claim term now requires resolution by the court as a matter of law." Dkt. No. 195 at 2 (citing *O2 Micro*). In light of *O2*

1

*Micro*, the Court decided the safest course of action would be to resolve the dispute. *See* R&R, Dkt. No. 228 at 4-5. The Court therefore construed two additional claim terms. As a result, Biscotti's failure to timely move for leave to amend its report is completely understandable. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, Case No. 2:13-CV-1112-JRG, Dkt. No. 923 at 2 (E.D. Tex. Sep. 9, 2015) (discussing four factors, including explanation for the delay, for determining whether good cause for supplementation exists).

Under the circumstances, Biscotti should be permitted to supplement its report. In addition to Biscotti's explanation for the delayed supplementation, Microsoft's response to Biscotti's motion to supplement reveals the importance of the amendment. *See* Dkt. No. 239. Microsoft's response suggests that Biscotti would have no infringement theory at all for the accused Beam product without supplementation because Biscotti's expert did not originally opine that Beam infringes under the doctrine of equivalents. Thus, because Biscotti's original literal infringement theory for Beam arguably falls short in view of the Court's new claim construction, a doctrine of equivalents theory is necessary, a new theory that Microsoft contends should not be allowed at this late stage in the case. The implication is that, without supplementation (at least for Beam), Biscotti is out of luck. In sum, supplementation is important. *See ContentGuard Holdings*, Case No. 2:13-CV-1112-JRG, Dkt. No. 923 at 2 (discussing importance factor).

Although Microsoft may be prejudiced by Biscotti's late supplementation, the prejudice is largely a result of Microsoft's failure to raise the claim construction dispute earlier. Indeed, if it had been clear from Microsoft's opening summary judgment brief that additional claim construction would be necessary, the Court could have resolved the matter earlier than it did, perhaps with the aid of a hearing. In addition, Biscotti's supplemental report is only eight-pages, the prejudice of addressing any new theories is adequately addressed by a short deposition of

Biscotti's expert (leave for which was given at the pretrial conference), and Microsoft was given a reciprocal opportunity to supplement its own expert report. Finally, a continuance would unnecessarily delay trial, which is only a few days away. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 537 (5th Cir. 2003) (affirming district court's refusal to grant continuance when it would "unnecessarily delay the trial"). Accordingly, Biscotti's motion to supplement Dr. Wicker's expert report (Dkt. No. 230) is **GRANTED**.

**So ordered and signed**

**Jun 1, 2017**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE