(SEE SIGNATURE PAGE FOR ATTORNEY LIST)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DROPLETS, INC., | Case No. 12-cv-03733-JST |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| YAHOO!, INC., | |
| Defendant. | |
| OATH, INC., et al., | |
| Intervenor-Plaintiffs, | |
| v. | |
| DROPLETS, INC., | |
| Intervenor-Defendant. | |

Counsel for Plaintiff Droplets, Inc. ("Droplets"), Defendants Yahoo! Inc. ("Yahoo"), and Intervenor-Plaintiffs Oath Inc. and Oath Holdings, Inc. (collectively "Oath"), submit this Joint Case Management Statement pursuant to the Court's March 30, 2022 Minute Entry (ECF No. 1126).

As detailed below, the parties have agreed on a schedule to propose for the Court's approval for all of the post-trial motions, except for any motion for attorneys' fees.  The parties disagree on two issues.

First, the parties disagree on the timing for any attorneys' fees motion.  Droplets proposes attorneys' fees motions be filed concurrent with other post-trial motions.  Yahoo proposes that attorneys' fees motions be filed after the Court has ruled on the parties' other motions.

Second, the parties disagree on the specific page limits for post-trial motions.  Droplets proposes a total of 40 pages for all motions for opening and response briefs and 20 pages for reply brief.  Yahoo agrees with the overall page limits, but believes that each individual motion issue should comply with the local rules and use no more than 25 pages of the overall 40 pages.

The agreed-to proposed schedule and the parties' arguments on the two disputed issues are set forth below.

**I.  AGREED-TO PROPOSED SCHEDULE**

For post-trial briefing, the parties jointly propose the following schedule and overall page limits:

| Event | Proposed Deadlines & Page Limits |
|---|---|
| Post-trial Motion Deadline | June 1, 2022<br>40 pages |
| § 101 Motion | June 1, 2022<br>25 pages |
| Post-trial Opposition Briefs | June 29, 2022<br>40 pages |
| § 101 Opposition Brief | June 29, 2022<br>25 pages |
| Post-trial Reply Briefs | July 13, 2022<br>20 pages |

| § 101 Reply Brief | July 13, 2022<br>15 pages |
|---|---|

## II.  PARTIES' POSITIONS ON DISPUTED ISSUES

### A.  DROPLETS' POSITIONS

**Attorneys' Fees.**  Droplets proposes that motions for attorneys' fees be addressed at the same time as other post-trial motions.  Yahoo proposes that they be addressed *seriatim*.  As a threshold matter, there are time sensitivities.  As previously discussed with the Court, Defendant Yahoo (now known as Altaba) is in the process of dissolving.  There are pending dissolution proceedings before the Delaware Chancery Court.  The Chancery Court is determining how much money Yahoo must reserve to satisfy any judgment in this case.  Yahoo has sought to distribute all of its assets and reserve nothing to satisfy a judgment in favor of Droplets in this case.  Those dissolution proceedings are scheduled for trial later this year (a trial date has not yet been set but is expected in the coming months given that discovery is closing shortly).  The more clarity on post-trial decisions, the less likely the Chancery Court will require Yahoo to reserve too much or too little money.  Yahoo is seeking to distribute the money needed to satisfy a judgment in this case — and, if successful, it would mean that Droplets may not be able to collect even though it prevailed after a decade of litigation.  Yahoo should not be heard to both seek distribution of money needed to satisfy a judgment in this case (on grounds that, *inter alia*, the result of this case is uncertain because it has not been completed), while at the same time delaying resolution of this case.[1]

Yahoo's assertion that the Federal Rules contemplate resolving motions for attorneys' fees after other post-trial motions are decided is incorrect.  The basis of its argument is that Rule 54 states that "[u]nless a statute or a court order provides otherwise, the motion must … be filed no later than 14 days after the entry of judgment…."  Fed. R. Civ. Proc. 54(d)(2)(B).  There are two problems with this argument.  First, if the dates in the Federal Rules are the measure, they actually contemplate that Rule 54 attorneys' fees motions would be filed *before* Rule 50(b) motions (renewed motions for judgment as a matter of law) and Rule 59 motions (motions for new trial).  Both of those motions are

---

[1] Should Yahoo stipulate to continuing its current reservation of assets — *i.e.*, not distribute assets that could ultimately be subject of a judgment in this case, that could help alleviate Droplets' concern.

due "[n]o later than 28 days after entry of the judgment." Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59(b). Second, the Rules specify the latest that such motions can be filed ("no later than") — they do not preclude earlier filing.

Further, Yahoo contends that its sequencing is more practical based on its hope that the jury's verdict will be overturned.  This is no different than any other case in which attorneys' fees are taking up post-trial with other motions.  Briefing fully ripe post-trial issues in a piecemeal fashion to try to account for every remote possibility, as Yahoo suggests, will result in needless and undue delay in a case that has already been pending for over a decade.  Whatever happens during post-trial motions will necessarily be taken into account with the concurrent briefing of attorneys' fees under 35 U.S.C. § 285.  Indeed, Yahoo's view would delay a whole host of post-trial motions in most cases on the grounds that the defendant first wants to see whether it can overturn the verdict (e.g., enhanced damages, injunctive relief, interest, an accounting, etc.).  While it is always in a defendant's interest to delay further, after ten years and with the Yahoo's distribution of assets looming, those interests should not take precedence over the need to promptly complete this case.

**Pages Limits Per Motion**.  The parties agree to up to 40 pages per side for post-trial motions and responses (other than Yahoo's motion under § 101).  Droplets' position is that the parties can manage how much space is devoted to each of the many issues each would include in those 40 pages based on what they view is necessary and helpful to the Court.  It is not feasible to anticipate ahead of time how much space would be needed without seeing Yahoo's motions.  Yahoo proposes to micromanage the process by ordering sub-limits on pages by issue. This would lead to unnecessary disputes and policing.  Neither party is prejudiced by allowing them to use good judgment in deciding how many pages to devote to an issue because they each have the same number of pages.  But restricting the number of pages in advance by sub-issue could prejudice a party because more pages may be required to fairly address the motion, and that question cannot be answered without seeing the motion first.

## B.  YAHOO'S POSITIONS

As detailed below, Yahoo's positions on the disputed issues rely specifically on the content of existing rules governing these issues.

1    **Attorneys' Fees.**   Rule 54(d)(2)(B)(i) specifies a deadline of "14 days <u>after</u> the entry of

2    judgment" for filing attorneys' fees motions.  *See* Fed. R. Civ. Proc. 54(d)(2)(B)(i) (emphasis added).

3    The deadline in Rule 54 for filing fees motions <u>after</u> judgment reflects the concept that, until final

4    judgment is entered, the issues to be decided for a fees motion may not be fully developed.

5    In the present case, any motion for attorneys' fees should be filed after the Court has resolved

6    the parties' other post-trial motions because the Court's resolution of the post-trial motions, and

7    reasoning specified in the resolution, will impact the parties' arguments on the attorneys' fees

8    motions.   So, for example, Yahoo will file a motion under Rule 50 establishing that the jury's

9    infringement determination on the "Search Suggest" product is unsupported by the record.   If the

10   Court grants this motion, then any attorneys' fees motion must necessarily incorporate analysis of the

11   Court's ruling.   Likewise, Yahoo should not be required to determine whether it will seek fees in this

12   case until after the final judgment, so that Yahoo's determination can be based on how all issues were

13   finally adjudicated by the Court.

14   **Pages Limits Per Motion**.   This Court's Local Rules specify that motions are limited to 25

15   pages for opening and response briefs and 15 pages for replies.  See L.R. 7-2(b); 7-3(a); 7-3(c).  There

16   is no basis on which to deviate from Local Rule 7.

17   While the parties can agree, and have agreed, to an <u>overall</u> page limit of 40 pages for opening

18   briefs, that agreement should not be read to overrule Local Rule 7's page limits.   So, for example, if

19   a party intends to raise three discrete issues in its post-trial motions, that party should not be permitted

20   to use 38 pages for issue one, one page for issue two, and one page for issue three.   Likewise, if a

21   party's omnibus motion addresses only a single issue and is less than 25 pages, the opposing party's

22   opposition brief should not be 40 pages.

23   ## III.  OTHER ISSUES

24   There are no other issues to be decided outside of those encompassed by the motions set forth

25   above.  The indefiniteness issues identified in the Joint Pretrial Statement are no longer at issue.

26   The parties will be prepared to discuss these proposals with the Court at the May 4, 2022 Case

27   Management Conference.

28

1

2 /s/ Kevin P. Anderson

3

4 George P. Niespolo
(Bar No. 72107)

5 Duane Morris LLP
One Market, Spear Tower, Suite 2200

6 San Francisco, CA 94105
415.957.3000 (phone)

7 415.957.3001 (fax)
GDNiespolo@duanemorris.com

8 Kevin P. Anderson

9 (admitted pro hac vice)
Duane Morris LLP

10 505 9th Street, N.W., Suite 1000
Washington D.C. 20004-2166

11 202.776.7800 (phone)
202.776.7801 (fax)

12 KPAnderson@duanemorris.com

13 Aleksander Goranin
(admitted pro hac vice)

14 Duane Morris LLP
30 South 17th Street

15 Philadelphia PA 19103-4196
215.979.1000 (phone)

16 215.979.1020 (fax)
Agoranin@duanemorris.com

17 Woody Jameson

18 Matt C. Gaudet
(admitted pro hac vice)

19 Duane Morris LLP
1075 Peachtree Street NE, Suite 2000

20 Atlanta GA 30309-3929
404.253.6900 (phone)

21 404.253.6901 (fax)
Wjameson@duanemorris.com

22 MCGaudet@duanemorris.com

23 Jennifer H. Doan
(admitted pro hac vice)

24 Joshua R. Thane
(admitted pro hac vice)

25 HALTOM & DOAN
6500 Summerhill Road, Suite 100

26 Texarkana, TX 75503
Telephone: (903) 255-1000

27 Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com

28 Email: jthane@haltomdoan.com

/s/ Courtland L. Reichman
Courtland L. Reichman

Courtland L. Reichman (CA Bar No. 268873)
  creichman@reichmanjorgensen.com
Shawna L. Ballard (CA Bar No. 155188)
  sballard@reichmanjorgensen.com
Jennifer Estremera (CA Bar No. 251076)
  jestremera@reichmanjorgensen.com
Ariel C. Green (CA Bar No. 304780)
  agreen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Khue V. Hoang (CA Bar No. 205917)
  khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (admitted *pro hac vice*)
  jcardenas-navia@reichmanjorgensen.com
Michael Matulewicz-Crowley (admitted *pro hac vice*)
  mmatulewicz-crowley@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Facsimile: (650) 623-1449

Christine Lehman (admitted pro hac vice)
  clehman@reichmanjorgensen.com
Aisha Mahmood Haley (admitted pro hac vice)
  amhaley@reichmanjorgensen.com
Phil Eklem (admitted pro hac vice)
  peklem@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K St, NW, Suite 800
Washington, DC  20006
Telephone: (202) 894-7310
Facsimile: (650) 623-1449

Taylor N. Mauze (admitted pro hac vice)
  tmauze@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
7500 Rialto Blvd., Ste. 1-250
Austin, Texas 78735
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

1

2    Attorneys for Intervenor-Plaintiffs *Oath* *Holdings Inc. and Oath, Inc.* and Defendant

3    *Yahoo!, Inc.*

Attorneys for Plaintiff and Intervenor-Defendant *Droplets, Inc.*

4    ## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

5          Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document

6    has been obtained from each of the other signatories.

7

8          Dated: April 27, 2022            */s/ Courtland L. Reichman*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28